IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ROSETTA STONE LTD., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:09cv736 (GBL / TCB) |
| GOOGLE INC., | |
| Defendant. | |

**DEFENDANT GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS ROSETTA STONE'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

RELEVANT FACTUAL BACKGROUND.........................................................................2

    The Parties' Exclusive Forum Selection Agreement ..........................................................2

    Rosetta Stone's Allegations Concerning Its Marks and the Operation of the
        AdWords Program ...................................................................................................3

ARGUMENT ........................................................................................................................4

I.     THE PARTIES' EXCLUSIVE VENUE AGREEMENT REQUIRES
       DISMISSAL OF ROSETTA STONE'S COMPLAINT .......................................4

     A.    The Parties' Mandatory Forum Selection Clause Applies To Rosetta
           Stone's Claims. .............................................................................................4

     B.    The Parties' Forum Selection Clause Is Presumptively Valid And Should
           Be Enforced. .................................................................................................6

II.    COUNTS IV AND VIII SHOULD BE DISMISSED ..........................................8

     A.    The Fourth Cause Of Action For "False Representation Under The
           Lanham Act" Fails As A Matter Of Law. .....................................................8

          1.    *Rosetta Stone Failed To Allege That Google Misrepresents the*
               *Origin Of Its Own Goods Or Services.* ...........................................9

          2.    *Rosetta Stone Cannot Maintain A Cause of Action For False*
               *Advertising Because The Parties Are Not Competitors.* ..............10

     B.    The Eighth Cause of Action Is Barred By The Communications Decency
           Act..............................................................................................................10

CONCLUSION...................................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Allen v. Lloyd's of London*
  94 F.3d 923 (4th Cir. 1996) ..................................................................6

*Baker v. Adidas America, Inc.*
  No. 08-1385, 2009 WL 1863691 (4th Cir. June 30, 2009) ....................7

*Benton v. England*
  222 F. Supp. 2d 728 (D. Md. 2002) ......................................................8

*Berry v. Soul Circus, Inc.*
  189 F. Supp. 2d 290 (D. Md. 2002) ......................................................5

*Beyond Systems, Inc. v. Keynetics, Inc.*
  422 F. Supp. 2d 523 (D.Md. 2006) ......................................................13

*Carafano v. Metrosplash.com, Inc.*
  339 F.3d 1119 (9th Cir. 2003) ......................................................11, 14

*Carnival Cruise Lines, Inc. v. Shute*
  499 U.S. 585 (1991) ..............................................................................7

*Cfirstclass Corp. v. Silverjet PLC*
  560 F. Supp. 2d 324 (S.D.N.Y. 2008) ..................................................5

*CoStar Realty Information, Inc. v. Field*
  612 F. Supp. 2d 660 (D. Md. 2009) ......................................................6

*Commerce Consultants Intern., Inc. v. Vetrerie Riunite, S.p.A.*
  867 F.2d 697 (D.C. Cir. 1989) ..............................................................6

*Corbis Corp. v. Amazon.com, Inc.*
  351 F. Supp. 2d 1090 (W.D. Wash. 2004) ..........................................13

*Dastar Corp. v. Twentieth Century Fox Film Corp.*
  539 U.S. 23, 28 (2003) ..........................................................................9

*Facenda v. N.F.L. Films, Inc.*
  542 F.3d 1007 (3d Cir. 2008) ................................................................9

*Feldman v. Google Inc.*
  513 F. Supp. 2d 229 (E.D. Pa. 2007) ....................................................7

*Forrest v. Verizon Comm'ns, Inc.*
  805 A.2d 1007 (D.C. 2002) ....................................................................7

*Garrett v. Gulf Stream Coach, Inc.*
  No. 3:08cv792, 2009 WL 936297 (E.D. Va. Apr. 7, 2009) ..................5

*Gita Sports Ltd. v. SG Sensortechnik Gmbh & Co. KG.*
  560 F. Supp. 2d 432 (W.D.N.C. 2008) ..................................................................7

*Goddard v. Google, Inc.*
  No. C 08-2738, 2009 WL 2365866 (N.D. Cal. July 30, 2009)............................12, 14

*Johnson v. Ford Motor Co.*
  No. Civ.A. 2:04-1311, 2005 WL 2353469 (S.D.W. Va. Sept. 26, 2005) .................6

*Langdon v. Google, Inc.*
  474 F. Supp. 2d 622 (D. Del. 2007)....................................................................12

*M/S Bremen v. Zapata Off-Shore Co.*
  407 U.S. 1 (1972)..............................................................................................4

*Made in the USA Foundation v. Phillips Foods, Inc.*
  365 F.3d 278 (4th Cir. 2004) ............................................................................10

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*
  564 F. Supp. 2d 544 (E.D. Va. 2008).............................................................10, 12

*Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*
  496 F.3d 1231 (11th Cir. 2007) ..........................................................................9

*Parker v. Google Inc.*
  422 F. Supp. 2d 492 (E.D. Pa. 2006).................................................................12

*Parker v. Google Inc.*
  242 Fed. Appx. 833 (3d Cir. 2007).................................................................12, 14

*Pee Dee Health Care, P.A. v. Sanford*
  509 F.3d 204 (4th Cir. 2007) .............................................................................8

*Southeast Coastal Development Fund, L.L.C. v. Commercial Real Estate Inc.*
  No. 5:08-CV-15-F, 2009 WL 928543 (E.D.N.C. Apr. 3, 2009)................................5

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*
  471 F.3d 544 (4th Cir. 2006) ...........................................................................4, 5

*Universal Communication Systems, Inc.*
  478 F.3d at 419 ...........................................................................................12, 14

*Varsity Gold, Inc. v. Cron*
  No. 5:08-CV-81, 2008 WL 4831418 (E.D.N.C. Nov. 5, 2008)................................5

*Varsity Gold, Inc. v. Lunenfeld*
  No. CCB-08-550, 2008 WL 5243517 (D.Md. Dec. 12, 2008) ............................4, 5

*Western Refining Yorktown, Inc. v. BP Corp. North America Inc.*
  618 F. Supp. 2d 513 (E.D. Va. 2009) ..................................................................5

*Zeran v. America Online, Inc.*
  129 F.3d 327 (4th Cir. 1997) .........................................................................11, 13

iii

## **Statutes**

15 U.S.C. § 1125(a) ...................................................................................8, 9, 10

47 U.S.C. § 230 ................................................................2, 10, 11, 12, 13, 15

Virginia Code Section 18.2-499 ...................................................................10

## **Rules**

Federal Rule of Civil Procedure Rule 12(b)(3).............................................1, 4, 5, 8, 14

Federal Rule of Civil Procedure Rule 12(b)(6).............................................1, 5, 8

Defendant Google Inc. ("Google") hereby respectfully moves this Court to dismiss the Complaint of Plaintiff Rosetta Stone Ltd. ("Rosetta Stone") pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively, if Google's Rule 12(b)(3) motion is denied, to dismiss the Fourth and Eighth Causes of Action pursuant to Rule 12(b)(6).

## INTRODUCTION

The threshold issue before the Court is whether this action belongs here. It does not. Pursuant to the Parties' contractual agreement, all claims relating to Google's advertising programs must be litigated exclusively in courts located in Santa Clara County, California. Because Rosetta Stone's entire Complaint is predicated on allegations concerning Google's advertising programs, this action should be dismissed. If Rosetta Stone wishes to re-file, it must do so in a court in Santa Clara County, where it contractually agreed to litigate such claims.

Because dismissal is appropriate under the Parties' exclusive forum selection agreement, the Court need not address the substantive deficiencies of Rosetta Stone's Complaint. If, however, the Court finds that Rosetta Stone satisfies its heavy burden of demonstrating why the forum selection clauses to which it voluntarily agreed should not be enforced, Counts IV and VIII should be dismissed for failing to state claims upon which relief can be granted.

The Fourth Cause of Action, for "false representation under the Lanham Act," appears to rely on theories of false designation of origin "and/or" false advertising. It fails under both. Rosetta Stone's purported claim for false designation of origin is premised on alleged confusion as to approval, endorsement, sponsorship, affiliation, or support by Rosetta Stone of third parties and their goods or services. However, the Lanham Act does not impose liability for a defendant causing confusion between a plaintiff and a third party. Because Rosetta Stone has not pled that Google misleads consumers as to *Google*'s affiliation, connection, or association with, or sponsorship or approval by, Rosetta Stone, Rosetta Stone's allegations fail to state a claim for

1

false designation of origin under the Lanham Act.  Further, Rosetta Stone does not have standing to bring a false advertising claim against Google because they are not business competitors.  In addition, the Eighth Cause of Action, for business conspiracy, fails because the Communications Decency Act of 1996, 47 U.S.C. § 230, protects providers of interactive computer services, like Google, from liability from claims predicated upon publication of content created by a third party.

These pleading deficiencies cannot be overcome by amendment.  Rosetta Stone cannot allege in good faith that Google is its competitor.  Nor can it allege likely confusion as to the affiliation, connection, or association of Google with Rosetta Stone.  Rosetta Stone also cannot allege in good faith that Google created the contents of third-party advertisements or that the Communication Decency Act otherwise does not bar this cause of action.  Accordingly, even if Google's Rule 12(b)(3) motion is denied, Counts IV and VIII should be dismissed with prejudice.

## RELEVANT FACTUAL BACKGROUND

### The Parties' Exclusive Forum Selection Agreement

Rosetta Stone participates in Google's AdWords advertising program to display targeted "Sponsored Links" on Google's website.  Complaint, ¶¶ 52, 67.  As a necessary condition of participating in the AdWords program, Rosetta Stone agreed to certain terms and conditions (the "AdWords Contract") by clicking "yes" in an interactive window.  (Ex. 1, Declaration of Christine Aguiar dated August 21, 2009, submitted herewith, ¶¶ 4-11, Ex. A).

The AdWords Contract contains a clear and conspicuous exclusive forum selection and choice-of-law clause, which provides in relevant part:

> 9    **Miscellaneou**s.  *THE AGREEMENT MUST BE CONSTRUED AS IF BOTH PARTIES JOINTLY WROTE IT AND GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES.  **ALL CLAIMS***

> *ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE*
> *GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE*
> *FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY,*
> *CALIFORNIA, USA, AND GOOGLE AND CUSTOMER CONSENT TO*
> *PERSONAL JURISDICTION IN THOSE COURTS.*

(Aguiar Decl., ¶ 10, Ex. A, ¶ 9 (underlining and bold added).)  As used in the AdWords

Contract, the "Google Program(s)" means any of Google's advertising programs.  *Id*.  Nothing in

the AdWords Contract limits application of the exclusive venue clause to claims arising from or

relating to Rosetta Stone's participation in the AdWords program.  (Aguiar Decl., ¶ 10, Ex. A.)

**Rosetta Stone's Allegations Concerning Its Marks and the Operation of the AdWords**
**Program**

Google is an Internet company based in Mountain View, California.  Complaint, ¶¶ 8, 25.

In response to a user query, Google's Internet search engine displays listings of websites

generated from a database of websites using an algorithm.  *Id.* ¶¶ 4, 25.  Rosetta Stone refers to

such search results as "natural" or "organic" search results.  *Id.*  ¶¶ 4, 26.  Google's search result

pages may also display advertisements labeled "Sponsored Links," above or to the right of

organic search results.  *Id.* ¶¶ 5, 29, 36.  The Sponsored Link advertisements are created by third-

party advertisers, who offer to pay for the opportunity to have their advertisements displayed

when a user enters certain words or phrases ("keywords") in Google's search engine.  *Id.* ¶¶ 29,

37.

Rosetta Stone alleges that it owns numerous trademarks in connection with its

"technology-based language-learning products and services."  Complaint, ¶ 14.  These include

"Rosetta Stone," as well as phrases such as "Global Traveler," "Language Library," "Dynamic

Immersion," and "Audio Companion."  *Id*. ¶ 16.  Rosetta Stone alleges that third parties

participating in Google's AdWords program have paid to use these phrases, "as well as words,

phrases, and terms confusingly similar to [them]" as keywords, such that their advertisements are

displayed as "Sponsored Links" in response to user queries that contain such keywords.  *Id.* ¶ 51.

Rosetta Stone asserts that these actions harm it, and, in the case of one advertiser, constitute a

conspiracy to "willfully and maliciously injure[]" its business.  *Id.* ¶¶ 131, 132.  In addition to

damages, Rosetta Stone seeks broad injunctive relief, including permanently enjoining Google

from "making any use of the Rosetta Stone Marks,"—which include such phrases such as

"Global Traveler," "Audio Companion," in addition to "Rosetta Stone"— "and/or terms

confusingly similar thereto unless specifically authorized by Rosetta Stone."  *Id.* p. 35.

## ARGUMENT

### I.  THE PARTIES' EXCLUSIVE VENUE AGREEMENT REQUIRES DISMISSAL OF ROSETTA STONE'S COMPLAINT

Where a valid forum selection clause designates another court as the exclusive venue for

litigation, dismissal of the action under Federal Rule of Civil Procedure 12(b)(3) is proper.

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).  "It

is now well established that federal law presumes mandatory forum selection clauses to be *prima*

*facie* enforceable for claims within their scope . . . ."  *Varsity Gold, Inc. v. Lunenfeld*, No. CCB-

08-550, 2008 WL 5243517 at *2 (D.Md. Dec. 12, 2008) (citing *M/S Bremen v. Zapata Off-Shore*

*Co.*, 407 U.S. 1, 10 (1972) and others).  Plaintiffs have a "heavy burden" in demonstrating why

courts should not enforce forum selection clauses to which they voluntarily agreed.  *M/S Bremen*,

407 U.S. at 17.  Because the venue provision in the Parties' AdWords Contract is mandatory,

Rosetta Stone's Complaint is within the scope of the venue clause, and Rosetta Stone cannot

carry its heavy burden of proving unenforceability, the Complaint should be dismissed.

#### A.  The Parties' Mandatory Forum Selection Clause Applies To Rosetta Stone's Claims.

The forum selection clause at issue states "ALL CLAIMS ARISING OUT OF OR

RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE

4

LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA." (Aguiar Decl. ¶ 10, Ex. A.)[1] The "exclusive" language makes the clause mandatory, not optional, in determining the appropriate venue. *See, e.g., Garrett v. Gulf Stream Coach, Inc.*, No. 3:08cv792, 2009 WL 936297, at *3 (E.D. Va. Apr. 7, 2009) (holding that a forum selection clause stating "[e]xclusive jurisdiction" for claims "shall be in the courts in the State of Manufacture" to be mandatory and thus enforceable).

Further, the venue clause here is extremely broad. Unlike narrow clauses limited to claims "arising from" a breach of the parties' contract, the clause here goes further to encompass "ALL CLAIMS ... RELATING TO ... GOOGLE PROGRAM(S)." Such provisions are routinely enforced against claims other than for breach of contract. *See, e.g., Southeast Coastal Development Fund, L.L.C. v. Commercial Real Estate Inc.*, No. 5:08-CV-15-F, 2009 WL 928543, at *11 (E.D.N.C. Apr. 3, 2009); *Varsity Gold*, 2008 WL 5243517 at *3, n.5 (collecting cases); *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008); *Berry v. Soul Circus, Inc.*, 189 F. Supp. 2d 290, 294 (D. Md. 2002); *Varsity Gold, Inc. v. Cron*, No. 5:08-CV-81, 2008 WL 4831418, at **1-2 (E.D.N.C. Nov. 5, 2008).

The AdWord Contract's exclusive venue selection provision covers all claims "relating to . . . the Google Programs(s)," which it defines as "Google's advertising program(s)." (Aguiar Decl., ¶ 10, Ex. A). Rosetta Stone's Complaint is undeniably related to Google's advertising programs. Every action Rosetta Stone complains about occurs in connection with Google's advertising programs. Indeed, the Complaint expressly references Google's "advertising program(s)," the "AdWords program," and the "Sponsored Links" that are displayed through the

---

[1]    "When ruling on a 12(b)(3) motion, 'the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis,' and the court can therefore consider evidence outside the pleadings." *Western Refining Yorktown, Inc. v. BP Corp. North America Inc.*, 618 F. Supp. 2d 513, 516 (E.D. Va. 2009) (quoting *Sucampo*, 471 F.3d at 549-50).

AdWords program no fewer than 80 times.  Complaint, ¶¶ 5, 28, 30, 36-39, 41, 44-45, 49-52, 54-57, 59-61, 63-65, 72-75, 81-83, 85, 91-93, 95, 101-102, 110-111, 113, 132, p. 11, 35.  Accordingly, Rosetta Stone's Complaint is within the scope of the Parties' mandatory venue agreement.

### B.    The Parties' Forum Selection Clause Is Presumptively Valid And Should Be Enforced.

To overcome the high bar of the presumption of validity, a plaintiff must clearly show (1) the forum selection clause was "induced by fraud or overreaching;" (2) litigation in the forum will be so inconvenient as to deprive plaintiff of its day in court; (3) the chosen law is fundamentally unfair and will deprive the plaintiff of a remedy; or (4) enforcement of the clause would "contravene a strong public policy of the forum state."  *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citations omitted).  Rosetta Stone cannot meet any of these tests.

Rosetta Stone cannot show that the forum selection clause was entered into by fraud or overreaching.  Rosetta Stone, a sophisticated company that describes itself as "the foremost language-education company in the United States," has extensive experience with technology and the Internet.  Complaint, ¶¶ 1, 14.  *See*, *e.g*., *Commerce Consultants Intern., Inc. v. Vetrerie Riunite, S.p.A*., 867 F.2d 697, 699-700 (D.C. Cir. 1989) (considering sophistication of the parties in enforcing a forum selection clause).  Further, Rosetta Stone cannot argue that the forum selection clause is invalid because it did not have an opportunity to negotiate its terms.  *See Johnson v. Ford Motor Co.*, No. Civ.A. 2:04-1311, 2005 WL 2353469, *2 (S.D.W. Va. Sept. 26, 2005) (granting motion to transfer because, in part, a forum selection clause in an adhesion contract was not *per se* unenforceable).  Indeed, courts consistently enforce similar forum selection clauses entered into as part of "clickwrap" agreements such as the AdWords Contract.  *See, e.g., CoStar Realty Information, Inc. v. Field*, 612 F. Supp. 2d 660, 669-70 (D. Md. 2009)

(enforcing a forum selection clause found in a click through online user agreement); *Feldman v. Google Inc.*, 513 F. Supp. 2d 229, 236-38 (E.D. Pa. 2007) (finding Google's AdWords Contract gave reasonable notice of the terms of the agreement, user had ample time to review the terms, and the user indicated his assent to the terms by clicking the box on Google's website); *Forrest v. Verizon Comm'ns, Inc.*, 805 A.2d 1007, 1010-1011 (D.C. 2002) (enforcing a forum-selection clause contained in an online User Agreement because "[a] contract is no less a contract simply because it is entered into via a computer.").

Rosetta Stone cannot meet its substantial burden of proving that litigating in the contractually-selected forum would be so inconvenient as to deprive it of its day in court. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 596-597 (1991) (upholding validity of forum selection clause in a form contract that required an elderly Washington State resident injured in Panama to litigate in Florida, where she had no contact). Moreover, Rosetta Stone could have forseen any inconvenience when it agreed to a contract with a mandatory venue provision. *E.g., Baker v. Adidas America, Inc.*, No. 08-1385, 2009 WL 1863691, at *4 (4th Cir. June 30, 2009) (enforcing a forum selection clause requiring college student to litigate claims in Amsterdam because burdens of litigation were foreseeable at the time the contract was signed).

Application of California law, as specified in the AdWords contract, is not fundamentally unfair. Five of Rosetta Stone's causes of action are based on federal trademark law, with the same remedies available regardless of the venue. Even if Rosetta Stone's remaining three causes of action under Virginia law do not each have exact California analogues, so long as Plaintiff has *a* remedy under California law, enforcement of the clause is not fundamentally unfair. *Gita Sports Ltd. v. SG Sensortechnik Gmbh & Co. KG.*, 560 F. Supp. 2d 432, 440 (W.D.N.C. 2008) ("German law is certainly different from North Carolina law, but that does not mean that

Plaintiff will be deprived of " a remedy," even if it is not the same remedy that North Carolina law would afford.") (citation omitted).

Enforcement of the forum selection clause in this case does not contravene any strong public policy of the Commonwealth of Virginia. Ordering a plaintiff to pursue claims in a court other than plaintiff's preferred forum does not violate public policy. *E.g., Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 214 (4th Cir. 2007) (enforcing forum selection clause requiring Medicaid payment disputes be brought in state court did not contravene public policy despite forcing plaintiffs to seek federal remedy for Medicaid reimbursement in state court).

Because Rosetta Stone cannot satisfy its heavy burden of proving that the venue clause should not be enforced, its complaint should be dismissed.

## II.    <u>COUNTS IV AND VIII SHOULD BE DISMISSED</u>

The Court need not address the legal sufficiency of Rosetta Stone's claims if it dismisses the action. *See*, *e.g*., *Benton v. England*, 222 F. Supp. 2d 728, 730 (D. Md. 2002) ("Before delving into the more substantive examinations regarding the success of Plaintiff's attempt to state a claim . . . , it makes sense to determine first whether Plaintiff's case is even properly before this court."). Even if the Court does not dismiss the entire Complaint under Rule 12(b)(3), it should dismiss Counts IV and VIII under Rule 12(b)(6).

### A.    **The Fourth Cause Of Action For "False Representation Under The Lanham Act" Fails As A Matter Of Law.**

Rosetta Stone apparently intends its "false representation" claim to encompass every possible theory under 15 U.S.C. § 1125(a). *See* Complaint ¶ 103 ("These misleading uses of the Rosetta Stone Marks constitute a false designation of origin and/or misleading description of fact and/or a false or misleading representation of fact . . . ."). However, no viable theory of liability fits the facts pled.

      **1.**      ***Rosetta Stone Failed To Allege That Google Misrepresents the Origin Of Its Own Goods Or Services.***

The Lanham Act's prohibition on false designation of origin applies only to confusion of affiliation, connection, or association between the plaintiff and the defendant's goods or services. 15 U.S.C. § 1125(a)(1)(A).  As one court explained, "section 43(a)'s language—which prohibits a 'false designation of origin'—has been construed by the courts as creating a federal action for 'passing off,' which occurs 'when a producer misrepresents *his own* goods or services as someone else's.'"  *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007) (emphasis added) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n.1 (2003)).  Thus, to state a claim for false designation of origin, Rosetta Stone must allege that Google has used a word, term or trademark that:

> is likely to cause confusion . . . as to the affiliation, connection, or association of such person [the one alleged to have used a false designation of origin—i.e., the defendant] with another person [i.e., the plaintiff] or as to the origin, sponsorship, or approval of his or her [i.e., the defendant's] goods, services, or commercial activities by another person [i.e., the plaintiff].

15 U.S.C. § 1125(a)(1)(A).  Rosetta Stone does not make such an allegation.

It is well settled that the Lanham Act's reference to "another person" in this section means the plaintiff.  *See, e.g., Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3d Cir. 2008) (the plaintiff must show that "the defendant's use of the mark to identify *its* goods or services is likely to create confusion concerning the plaintiff's sponsorship or approval of those goods or services") (emphasis added).  Thus, to state a claim, Rosetta Stone must allege consumer confusion between it and Google—not it and a third party.

Rosetta Stone has not alleged that Google confuses consumers as to its affiliation, connection or association with Rosetta Stone, or as to Rosetta Stone's sponsorship or approval of Google's search engine.  Instead, Rosetta Stone alleges that the operation of Google's

advertising program "conveys the false or misleading commercial impression to the public that *the third party advertisers* . . . or *their* products or services, are approved, endorsed or sponsored by Rosetta Stone, or are otherwise affiliated with or supported by Rosetta Stone."   Complaint, ¶ 101 (emphasis added).   Without any allegation that Google is misrepresenting its own goods or services as those of Rosetta Stone, the false designation of origin count necessarily fails.

### 2.   *Rosetta Stone Cannot Maintain A Cause of Action For False Advertising Because The Parties Are Not Competitors.*

Rosetta Stone's false advertising theory also fails.   To establish standing under the false advertising prong of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a plaintiff must allege a competitive injury, i.e., one that harms the plaintiff's ability to compete with the defendant.   *See Made in the USA Foundation v. Phillips Foods, Inc.*, 365 F.3d 278, 278-79 (4th Cir. 2004) (a consumer group did not have standing to sue for false advertising under § 1125(a)(1)(B) without proof of a competitive injury); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F. Supp. 2d 544, 553 (E.D. Va. 2008) (dismissing a false advertising claim by a car dealership against a website because the plaintiff was "not in competition with Defendant and the[] alleged injury is not of the sort that the Lanham Act sought to prevent.").   Absent such an allegation, the Court should dismiss the claim.   Here, it is beyond dispute that Google does not compete with Rosetta Stone.   Rosetta Stone sells materials in connection with learning foreign languages.   Complaint, ¶ 1.   Google is an Internet search company.   *Id.* ¶ 3.   Because the Parties are in entirely different lines of business, Rosetta Stone's claim for false advertising fails.

### B.   The Eighth Cause of Action Is Barred By The Communications Decency Act.

The Communications Decency Act of 1996 ("CDA") bars Count VIII's purported claim for violation of Virginia Code Section 18.2-499, which prohibits conspiracies to injure another party's business or reputation.   Rosetta Stone alleges that Google committed this tort by entering

into an agreement with Rocket Languages Ltd., a competitor of Rosetta Stone, "pursuant to which Google would display 'Sponsored Links' for Rocket Languages in response to searches for the Rosetta Stone Marks. . . with the intent to injure maliciously Rosetta Stone."  Complaint, ¶¶ 132, 134.  In other words, Rosetta Stone seeks to hold Google liable for business conspiracy by virtue of advertising Google displays that is created by a third party in connection with its participation in Google's AdWords program.

The goal of the CDA is to "promote the continued development of the Internet and other interactive computer services."  47 U.S.C. § 230(b)(1).  To facilitate this goal, the CDA provides complete immunity to each "provider or user of an interactive computer service" from liability premised on "information provided by another information content provider," except for intellectual property claims.  47 U.S.C. §§ 230(c)(1), (e)(2).  As the Fourth Circuit explained, "[b]y its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."  *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997).

Given the CDA's goal of promoting the development of interactive computer services, "reviewing courts have treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service.'"  *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003).  As the Fourth Circuit explained:

> Congress made a policy choice ... not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages. . . . Faced with potential liability for each message republished by their services, interactive computer service providers might choose to severely restrict the number and type of messages posted.  Congress considered the weight of the speech interests implicated and chose to immunize service providers to avoid any such restrictive effect.

*Zeran*, 129 F.3d at 1123-24.

Google plainly satisfies the CDA's definition of an "interactive computer service" as an "information service . . . that provides or enables computer access by multiple users . . . ." 47 U.S.C. § 230(f)(2). It is undisputed that Google, a global Internet search engine, "enables computer access by multiple users to a computer server." *Universal Communication Systems, Inc.,* 478 F.3d at 419 ("A web site . . . 'enables computer access by multiple users to a computer server,' namely, the server that hosts the web site. Therefore, web site operators . . . are providers of interactive computer services within the meaning of Section 230."); *Nemet Chevrolet*, 564 F. Supp. 2d at 548 (noting defendants were "indisputably" an interactive service provider because they operated the website in question).

Consistent with application of the CDA's plain language, other courts have held that Google is an interactive computer service within the meaning of the CDA. *See*, *e.g*., *Goddard v. Google, Inc*., No. C 08-2738, 2009 WL 2365866 at *8 (N.D. Cal. July 30, 2009) (dismissing claims against Google under the CDA); *Langdon v. Google, Inc*., 474 F. Supp. 2d 622, 631 (D. Del. 2007) (dismissing claims against Google and other interactive computer service providers under the CDA); *Parker v. Google Inc.*, 422 F.Supp.2d 492, 501 (E.D. Pa. 2006) ("[T]here is no doubt that Google qualifies as an 'interactive computer service.'"), *aff'd*, 242 Fed. Appx. 833 (3d Cir. 2007).

Further, Google is not an "information content provider" exempt from the CDA's broad immunity for "interactive service providers." The CDA defines "internet content provider" as any person responsible for the creation or development of information provided through an interactive computer service. 47 U.S.C. § 230(f)(3). Rosetta Stone does not allege that Google is the creator of the content of the advertisements that Rosetta Stone alleges caused it harm. *But cf.* Complaint, ¶ 57 (alleging that "Google actively participates in the creation of 'Sponsored

Links' . . . ," but not identifying any content in the body of the advertisements created by Google).  Rather, Rosetta Stone alleges in Count VIII that Google "display[s]" the advertising in question.  *Id.* ¶ 132; *accord id.* ¶ 30.  In contrast to Google's mere "display" of the advertisements, Rosetta Stone alleges that "Google's *advertisers . . . create 'Sponsored Links'* and other advertisements that [use Rosetta Stone's marks]."  *Id.* ¶ 60 (emphasis added); *see also id.* ¶¶ 36, 51, 52 (referencing submission of advertisements by third-party advertisers).

Rosetta Stone's allegations fall far short of the necessary showing to exclude Google from the CDA's immunity.  *E.g., Beyond Systems, Inc. v. Keynetics, Inc,.* 422 F. Supp. 2d 523, 536-37 (D.Md. 2006) (website's alleged knowing participation in sending large numbers of misleading emails did not affect its immunity under the CDA because the plaintiff did not allege that the website created or altered the emails); *Corbis Corp. v. Amazon.com, Inc.,* 351 F. Supp. 2d 1090, 1117-18 (W.D. Wash. 2004) (granting CDA immunity against claim for tortious interference based on Amazon's publication of copyrighted images on its and third parties' websites despite the plaintiff's allegation that Amazon "shaped the content of what was offered for sale . . . and directly provided the unauthorized images displayed on its IMDb.com platform" because the plaintiff did not allege that Amazon "create[d] or develop[ed]" the images at issue).

In its opposition, Rosetta Stone will presumably stress its allegations that "Google actively solicits and encourages advertisers to use trademarks . . . as keyword[s]," using its "keyword tool."  Complaint, ¶ 57.  This is insufficient.  According to Rosetta Stone's own allegations, the keyword tool does not create the content of the advertisements; it merely gives advertisers the ability to refine the keyword terms they select, thereby triggering where the advertisements will be displayed.  *Id.*  This is a classic example of protected editorial discretion. *Zeran*, 129 F.3d at 330 ("Thus, lawsuits seeking to hold a service provider liable for its exercise

of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred."); *Carafano*, 339 F.3d at 1123 ("[S]o long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process."); *Universal Communication Systems, Inc.*, 478 F.3d at 422 (the CDA protected the defendant's decisions concerning how to construct and operate its website, including "its inherent decisions about how to treat postings generally"); *Parker*, 242 Fed. Appx. at 838 (affirming dismissal of tort claims against Google arising from its archiving of and providing access to allegedly defamatory Internet postings).

Moreover, even if a particular tool "'facilitates the expression of information,' it generally will be considered 'neutral' so long as users ultimately determine what content to post." *Goddard,* 2009 WL 2365866 at *3 (citations omitted). As the *Goddard* court held, "[l]ike the menus in *Carafano*, Google's Keyword Tool is a neutral tool. It does nothing more than provide options that advertisers may adopt or reject at their discretion." *Id.*

Because the publishing of competitive advertisements in connection with Google's advertising program is the *sine qua non* of Rosetta Stone's Count VIII (Complaint ¶ 132), and because third parties—not Google—create the content of those advertisements, Count VIII must be dismissed under the CDA.

## CONCLUSION

Because Rosetta Stone entered a valid and binding contract with Google that contains a mandatory California forum selection clause, this action should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure. If, however, the Court finds that Rosetta Stone has met the heavy burden of not enforcing its exclusive venue selection agreement and denies Google's Rule 12(b)(3) motion, Google respectfully submits that the Court dismiss the Fourth

Cause of Action because it is deficient as a matter of law and dismiss the Eighth Cause of Action

because of Google's immunity under the Communications Decency Act, 47 U.S.C. §230.

Respectfully Submitted,

GOOGLE INC.
By Counsel


_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia  22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire, *Pro Hac Vice*
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 21st day of August, 2009, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following::

> Terence P.  Ross, Esquire (VSB No. 26408)
> GIBSON, DUNN & CRUTCHER, LLP
> 1050 Connecticut Avenue, NW
> Suite 300
> Washington, DC 20036
> tross@gibsondunn.com
> *Counsel for Plaintiff Rosetta Stone Ltd.*


> _____/s/_____
> Jonathan D. Frieden, Esquire (VSB No. 41452)
> Stephen A. Cobb, Esquire (VSB No. 75876)
> ODIN, FELDMAN & PITTLEMAN, P.C.
> 9302 Lee Highway, Suite 1100
> Fairfax, Virginia  22031
> (703) 218-2100
> (703) 218-2160 (facsimile)
> jonathan.frieden@ofplaw.com
> stephen.cobb@ofplaw.com
> *Counsel for Defendant Google Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| ROSETTA STONE LTD., | ) | |
| 1919 North Lynn Street, | ) | Case No. 1:09-cv-736-GBL/JFA |
| Arlington, Virginia 22209, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Gerald Bruce Lee |
| | ) | |
| v. | ) | |
| | ) | |
| GOOGLE INC., | ) | |
| 1600 Amphitheatre Parkway | ) | |
| Mountain View, California 94043, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE INC.'S MOTION TO
DISMISS UNDER RULE 12(b)(3)**

**[PROPOSED] ORDER**

Upon consideration of the briefing submitted by the parties in this matter, Google Inc.'s

Motion to Dismiss is hereby GRANTED.

DATED: _____, 2009

By_____
       Hon. Gerald Bruce Lee
       UNITED STATES DISTRICT JUDGE

17