IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ROSETTA STONE LTD. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:09cv736 (GBL / TCB) |
| GOOGLE INC. | |
| Defendant. | |

## **ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Google Inc. ("Google"), through its counsel, answers the Complaint of Rosetta Stone Ltd. ("Rosetta Stone") as set forth below. Unless specifically admitted, Google denies each of the allegations of Rosetta Stone's Complaint.

### NATURE OF THE ACTION

1. Google admits that Plaintiff purports to state claims related to the use of trademarks on the Internet, that the fundamental purpose of trademark law, in the bricks-and-mortar world and on the Internet, is to protect consumers from being confused as to the source or affiliation of the products or services that they seek to buy, and that many companies differentiate their products and services within the marketplace. Google denies the remaining allegations in Paragraph 1, and denies the implication that it has made any unlawful use of Rosetta Stone's alleged trademarks and similar marks.

2. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of Paragraph 2, and therefore denies the same. Google denies the remaining allegations in Paragraph 2.

1

3. Google admits that it owns and operates one of the world's most utilized Internet search engines, that a search engine allows computer users to search the World Wide Web for websites containing particular content, and that Google's search engine is available on its own website, www.google.com, as well as through other websites. Google denies the remaining allegations in Paragraph 3.

4. Google admits that to use its search engine, a web user must enter a search query to receive a list of links to web pages that Google's search algorithm identifies as relevant to the search query, that web users may then click on the provided links to view the associated websites, and that Google displays search results that are the product of an objective algorithm, which is not influenced by payments to Google from the website owners. Google denies the remaining allegations in Paragraph 4.

5. Google admits that it allows third parties to bid on keywords that may trigger display of their advertisements as Sponsored Links. Google denies the remaining allegations in Paragraph 5.

6. Google denies the allegations of the fourth sentence of Paragraph 6. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies the same.

## THE PARTIES

7. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies the same.

8. Google admits that it is a corporation organized under the laws of the State of Delaware with a principal place of business in Mountain View, California, that it advertises, solicits clients, has office space and conducts business in the Commonwealth of Virginia and

within the Alexandria Division of this District. Google denies the remaining allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Google admits that in this action Rosetta Stone attempts to assert claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, that the Court has federal question jurisdiction over such claims and supplemental jurisdiction over the Virginia state law trademark claims. Google denies the substance of all alleged claims.

10. Google admits that it is subject to personal jurisdiction in the Commonwealth of Virginia. Google denies all of the remaining allegations in Paragraph 10.

11. Google denies that venue is proper on the grounds of a forum selection clause in a contract it has with Rosetta Stone.

12. Google denies that venue is proper on the grounds of a forum selection clause in a contract it has with Rosetta Stone.

## FACTUAL BACKGROUND

13. Google admits that the description of the Internet in Paragraph 13 is accurate, except as to the final sentence, which it denies to the extent "functionally" means anything other than "connects to the same website."

14. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies the same.

15. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore denies the same.

16. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore denies the same.

17. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies the same.

18. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies the same.

19. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore denies the same.

20. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore denies the same.

21. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore denies the same.

22. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore denies the same.

23. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore denies the same.

24. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore denies the same.

25. Google admits that many web users may use a search engine to locate a domain name or website address and that its search engine applies a formula, or algorithm, to display links to websites that may relate to the customer's search query. Google lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, and therefore denies the same.

26. Google admits that the "natural" or "organic" results of the search engine are determined by an objective system, including the patented PageRank algorithm, that produces

search results in the order deemed most relevant to the user's search query.  Google denies the remaining allegations in Paragraph 26.

27. Google admits that it profits from advertising relevant to search queries.  Google denies the remaining allegations in Paragraph 27.

28. Google admits that advertisements, labeled "Sponsored Links," may be displayed to the right of and above "organic" search results.  Google denies the remaining allegations in Paragraph 28.

29. Google admits that advertisers bid on the placement of their advertisements, and the amount of such bids is one factor that may determine placement of the advertisement.  Google denies the remaining allegations in Paragraph 29.

30. Google denies all of the allegations in Paragraph 30.

31. Google denies all of the allegations in Paragraph 31.

32. Google admits that it has other advertising programs that are triggered by keywords.  Google denies the remaining allegations in Paragraph 32.

33. Google denies all of the allegations in Paragraph 33.

34. Google admits that consumers may use a Google Toolbar on their Internet browsers to allow for Google searching even when not viewing a web page that features Google's search engine, and the allegations of the first two sentences of Paragraph 34.  Google denies the remaining allegations in Paragraph 34.

35. Google admits the first sentence of Paragraph 35, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35, and therefore denies the same.

36. Google admits that it offers a program called AdWords through which advertisers can arrange to have their advertisements displayed on the Internet, including on Google's search engine in the form of "Sponsored Links." Google denies the remaining allegations in Paragraph 36.

37. Google admits that advertisers agree to pay Google for each time a web user clicks on a "Sponsored Link" that appears on Google's search results page.

38. Google denies all of the allegations in Paragraph 38.

39. Google admits that keywords selected by an advertiser may trigger advertisements in response to user search queries corresponding to keywords selected by an advertiser, and that sometimes advertisers choose to include keywords in the text or body of their advertisements. Google denies the remaining allegations in paragraph 39.

40. Google denies that it makes "infringing use of proprietary marks," and denies all of the remaining allegations in Paragraph 40.

41. Google admits that it has the technical ability to prevent advertisers from bidding on individual words. Google denies all of the remaining allegations in Paragraph 41.

42. Google admits that its April 29, 2004 S-1 SEC filing reported that it formerly did not allow advertisers to use the trademarks of others as triggers.

43. Google admits that it has the technical ability to prevent advertisers from using certain non-descriptive keywords as AdWords triggers. Google denies the remaining allegations in Paragraph 43.

44. Google admits that the quoted language appeared in its 2004 S-1. Google denies the remaining allegations in Paragraph 44.

45. Google admits that the quoted language appeared in its 2004 S-1. Google denies the remaining allegations in Paragraph 45.

46. Google admits that its current policy for many countries other than the United States and Canada is that when it receives a complaint from a trademark owner it will investigate to ensure that the advertisements at issue are not using a term corresponding to the trademarked term in the ad text or as a keyword. Google denies the remaining allegations in Paragraph 46.

47. Google admits that it currently maintains guidelines for third party use of Google brand features, and that those guidelines currently include the language quoted in Paragraph 47. Google denies the remaining allegations in Paragraph 47, including the allegation that it does not treat the marks of other companies with respect.

48. Google admits that Rosetta Stone has not directly or indirectly given Google any permission, authority, or license to use or sell the right to use the words claimed by Rosetta Stone to be the "Rosetta Stone Marks" for the promotion of the goods and services of any third parties, however Google denies the implication that Google needs Rosetta Stone's permission, authority or license in connection with the operation of the AdWords Program or Google's organic search listings.

49. Google denies all of the allegations in Paragraph 49.

50. Google denies all of the allegations in Paragraph 50.

51. Google denies all of the allegations in Paragraph 51.

52. Google denies the implication that Google needs Rosetta Stone's permission, authority or license in connection with the operation of the AdWords program, denies the implication that Google sells the right to use Rosetta Stone's trademarks, and denies all the remaining allegations in Paragraph 52.

53. Google denies all of the allegations in Paragraph 53.

54. Google denies all of the allegations in Paragraph 54.

55. Google denies all of the allegations in Paragraph 55.

56. Google admits that it allows third party advertisers to bid on keywords to use as part of their advertising campaigns, and that it could prevent individual terms from being bid on. Google denies the remaining allegations in Paragraph 56.

57. Google admits that the words claimed by Rosetta Stone to be the "Rosetta Stone Marks" may be contained in the keyword tool directory, but denies all of the remaining allegations in Paragraph 57.

58. Google denies all of the allegations in Paragraph 58.

59. Google denies all of the allegations in Paragraph 59.

60. Google denies all of the allegations in Paragraph 60.

61. Google admits that it has other advertising programs in addition to the AdWords program. Google denies the remaining allegations in Paragraph 61.

62. Google denies all of the allegations in Paragraph 62.

63. Google admits that Google charges advertisers a fee every time a web user clicks on a "Sponsored Link."

64. Google denies all of the allegations in Paragraph 64.

65. Google denies all of the allegations in Paragraph 65.

66. Google denies all of the allegations in Paragraph 66.

67. Google denies all of the allegations in Paragraph 67.

68. Google denies all of the allegations in Paragraph 68.

69. Google denies all of the allegations in Paragraph 69.

# FIRST CLAIM FOR RELIEF
# TRADEMARK/SERVICE MARK INFRINGEMENT
# UNDER THE LANHAM ACT

70. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

71. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and therefore denies the same.

72. Google denies all of the allegations in Paragraph 72.

73. Google denies all of the allegations in Paragraph 73.

74. Google denies all of the allegations in Paragraph 74.

75. Google denies all of the allegations in Paragraph 75.

76. Google denies all of the allegations in Paragraph 76.

77. Google denies all of the allegations in Paragraph 77.

78. Google denies all of the allegations in Paragraph 78.

79. Google denies all of the allegations in Paragraph 79.

# SECOND CLAIM FOR RELIEF
# CONTRIBUTORY TRADEMARK/SERVICE MARK INFRINGEMENT
# UNDER THE LANHAM ACT

80. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

81. Google denies all of the allegations in Paragraph 81.

82. Google denies all of the allegations in Paragraph 82.

83. Google denies all of the allegations in Paragraph 83.

84. Google denies all of the allegations in Paragraph 84.

85. Google denies all of the allegations in Paragraph 85.

86. Google denies all of the allegations in Paragraph 86.

87. Google denies all of the allegations in Paragraph 87.

88. Google denies all of the allegations in Paragraph 88.

89. Google denies all of the allegations in Paragraph 89.

**THIRD CLAIM FOR RELIEF**
**VICARIOUS TRADEMARK/SERVICE MARK INFRINGEMENT**
**UNDER THE LANHAM ACT**

90. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

91. Google admits that it has the ability to prevent certain uses of the alleged Rosetta Stone Marks in connection with its advertising programs. Google denies the remaining allegations in Paragraph 91.

92. Google denies all of the allegations in Paragraph 92.

93. Google denies all of the allegations in Paragraph 93.

94. Google denies all of the allegations in Paragraph 94.

95. Google denies all of the allegations in Paragraph 95.

96. Google denies all of the allegations in Paragraph 96.

97. Google denies all of the allegations in Paragraph 97.

98. Google denies all of the allegations in Paragraph 98.

99. Google denies all of the allegations in Paragraph 99.

**FOURTH CLAIM FOR RELIEF**
**FALSE REPRESENTATION UNDER THE LANHAM ACT**

100-107. Google does not respond to the allegations of Paragraph 100-107 because this claim has been dismissed pursuant to the Court's order of September 21, 2009.

# FIFTH CLAIM FOR RELIEF
## TRADEMARK/SERVICE MARK DILUTION
## UNDER THE LANHAM ACT

108. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

109. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109, and therefore denies the same.

110. Google denies all of the allegations in Paragraph 110.

111. Google denies all of the allegations in Paragraph 111.

112. Google denies all of the allegations in Paragraph 112.

113. Google denies all of the allegations in Paragraph 113.

114. Google denies all of the allegations in Paragraph 114.

115. Google denies all of the allegations in Paragraph 115.

116. Google denies all of the allegations in Paragraph 116.

117. Google denies all of the allegations in Paragraph 117.

118. Google denies all of the allegations in Paragraph 118.

# SIXTH CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT UNDER VIRGINIA LAW

119. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

120. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 120, and therefore denies the same.

121. Google denies all of the allegations in Paragraph 121.

122. Google denies all of the allegations in Paragraph 122.

123. Google denies all of the allegations in Paragraph 123.

124. Google denies all of the allegations in Paragraph 124.

## SEVENTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER VIRGINIA LAW

125. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

126. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of first sentence of Paragraph 126, and therefore denies the same. Google denies the remaining allegations in Paragraph 126.

127. Google denies all of the allegations in Paragraph 127.

128. Google denies all of the allegations in Paragraph 128.

129. Google denies all of the allegations in Paragraph 129.

## EIGHTH CLAIM FOR RELIEF
## VIOLATION OF VA CODE § 18.2-499

130-135. Google does not respond to the allegations of Paragraph 130-135 because this claim has been dismissed pursuant to the Court's order of September 21, 2009.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Google denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

136. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

137. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## THIRD AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

138. The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

## FOURTH AFFIRMATIVE DEFENSE

### (Functionality)

139. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

## FIFTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

140. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

141. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

142. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Google's actions.

### EIGHTH AFFIRMATIVE DEFENSE

### (Generic Terms)

143. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

### NINTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning)

144. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

### TENTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

145. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

146. Defendant has not infringed any applicable trademarks under federal or state law.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

147. Plaintiff's claims against Google are barred because Plaintiff's damages, if any, were not caused by Google.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damage)

148. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

149. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

150. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Google's actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

151. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

152. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

153. The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

154. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Fraud)

155. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Abandonment)

156. The claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Third-Party Use)

157. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Actions of Others)

158. The claims made in the Complaint are barred, in whole or in part, because Google is not liable for the acts of others over whom it has no control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

159. Google alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and Virginia because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Virginia Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 12 of the Virginia Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 11 of the Virginia Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 9 of the Virginia Constitution; (iv) any such award is precluded or limited pursuant to Section 8.01-38.1 of the Virginia Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and Virginia Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

### ADDITIONAL DEFENSES

160. Google reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Google prays for judgment as follows:

1. That Rosetta Stone takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3. That Google be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

GOOGLE INC.
By counsel

_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire (Admitted *Pro Hac Vice*)
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of October, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following::

>Terence P. Ross, Esquire (VSB No. 26408)
>GIBSON, DUNN & CRUTCHER, LLP
>1050 Connecticut Avenue, NW
>Suite 300
>Washington, DC 20036
>tross@gibsondunn.com
>*Counsel for Plaintiff Rosetta Stone Ltd.*

>              /s/
>Jonathan D. Frieden, Esquire (VSB No. 41452)
>Stephen A. Cobb, Esquire (VSB No. 75876)
>ODIN, FELDMAN & PITTLEMAN, P.C.
>9302 Lee Highway, Suite 1100
>Fairfax, Virginia  22031
>(703) 218-2100
>(703) 218-2160 (facsimile)
>jonathan.frieden@ofplaw.com
>stephen.cobb@ofplaw.com
>*Counsel for Defendant Google Inc.*

#1146703v1