IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

ROSETTA STONE LTD.

    Plaintiff,

    v.

GOOGLE INC.

    Defendant.

CIVIL ACTION  NO. 1:09cv736
(GBL / TCB)

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case by either party (the "Producing Party") may be labeled as one of three categories:  CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL—SOURCE CODE, as set forth below, by either party (the "Designating Party").[1]  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

---

[1] The Producing Party and Designating Party may, but need not be, the same party.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

1.    All Protected Information shall be held in confidence by each person to whom it is disclosed (hereinafter the "Receiving Party"), shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

   a.    A present or former director, officer, employee of a Designating Party, may be examined and may testify at deposition or trial concerning all Protected Information which has been both produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

   b.    An expert witness of a Designating Party who complies with paragraphs 18-23 of this Order may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party.

   c.    Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a Designating Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the

Designating Party or a representative of the Designating Party, but may not retain

originals or copies of such Protected Information or any notes or transcripts reflecting

such Protected Information, other than for the limited period of time necessary to review

any deposition transcripts and make corrections. Any person other than the witness, his or

her attorney(s), or any person qualified to receive Protected Information under this Order

shall be excluded from the portion of the examination concerning such information,

unless the Designating Party consents to persons other than qualified recipients being

present at the examination. If the witness is represented by an attorney who is not

qualified under this Order to receive such information, then prior to the examination, the

Designating Party shall request that the attorney provide a signed statement, in the form

of Attachment A hereto, that he or she will comply with the terms of this Order and

maintain the confidentiality of Protected Information disclosed during the course of the

examination. In the event that such attorney declines to sign such a statement prior to the

examination, the parties, by their attorneys, shall jointly seek a protective order from the

Court prohibiting the attorney from disclosing Protected Information.

3.    Filing of Documents Under Seal with the Court

    a. All filing under seal with the Court shall comply with Local Rule 5(a) et. seq. RG

    b. If a Receiving Party seeks to file any transcripts of depositions, exhibits,

answers to interrogatories, pleadings, briefs, or other documents designated as Protected

Information with the Court, the Receiving Party shall give the Designating Party written

notice of its intention to do the same, and shall identify with specificity the documents or

materials the Receiving Party seeks to file (the "Proposed Filing"). The Designating

Party shall have five (5) business days in which to file with the Court a motion to have

the Proposed Filing filed under seal.  The Receiving Party shall not file the Proposed
Filing unless and until:  (a) the Designating Party fails to file a motion to have the
Proposed Filing filed under seal as set forth in this paragraph; (b) the Court rules upon the
Designating Party's motion to have the Proposed Filing filed under seal; or (c) the
Designating Party withdraws its motion to have the Proposed Filing filed under seal.
When filing documents which contain Protected Information, pursuant to this paragraph,
a party shall, where possible, file the documents in customary fashion, with only those
sections containing Protected Information redacted.

      c. If a Designating Party seeks to file any of its own transcripts of depositions,
exhibits, answers to interrogatories, pleadings, briefs, or other documents designated as
Protected Information with the Court, under seal, it shall file a motion to file under seal
consistent with Local Rule 5.

    4.     Outside attorneys of record for the parties are hereby authorized to be the persons
who may retrieve confidential exhibits and/or other confidential matters filed with the Court
upon termination of this litigation without further order of this Court, and are the persons to
whom such confidential exhibits or other confidential matters may be returned by the Clerk of
the Court, if they are not so retrieved. No material or copies thereof so filed shall be released
except by order of the Court, to outside counsel of record, or as otherwise provided for
hereunder. Notwithstanding the foregoing and with regard to material designated as
RESTRICTED CONFIDENTIAL—SOURCE CODE, the provisions of Paragraph 17 are
controlling to the extent those provisions differ from this paragraph.

    5.     Protected Information shall not be copied or otherwise produced by a Receiving
Party, except for transmission to qualified recipients, without the written permission of the

Designating Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information other than RESTRICTED CONFIDENTIAL—SOURCE CODE material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

6.      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL- -SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within ten (10) business days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

7.     Where Protected Information is used at trial, it is the burden of the Designating Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Information remains confidential; however, where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least five (5) business days before trial, so that the Designating Party is able to make arrangements with the Court to ensure that its Protected Information remains confidential.

8.     Any document or tangible thing containing or including any Protected Information may be designated as such by the Designating Party by marking it with the appropriate confidentiality designation set forth in this Order—"CONFIDENTIAL" "CONFIDENTIAL ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL— SOURCE CODE"—prior to or at the time copies are furnished to the Receiving Party.

9.     All Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 8, shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

### INFORMATION DESIGNATED AS "CONFIDENTIAL INFORMATION"

10.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced or disclosed to a Receiving Party, including from any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, which is a trade secret or which is commercially sensitive information that if publicly disclosed might place the Designating Party, or another entity whose information is identified, at a competitive disadvantage. Such information or material may be embodied in physical objects, documents, or the factual knowledge of persons. Any CONFIDENTIAL

INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

11.   Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order.   Thereafter, the Designating Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the Receiving Party.

12.   By way of example only, the following information is not CONFIDENTIAL INFORMATION:

      a.   Published advertising materials;

      b.   Any information that the Receiving Party can show is or, after its disclosure to a Receiving Party, has become part of the public domain as a result of publication not involving a violation of this Order;

      c.   Any information that the Receiving Party can show was publicly known prior to the disclosure; and

      d.   Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

13.   Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.     Expert witnesses and their necessary support personnel, subject to the provisions of paragraphs 18-23 herein, and who have signed the form attached hereto as Attachment A;

c.     Non-testifying consultants and their necessary support personnel, provided that they have signed the form attached hereto as Attachment A which shall be maintained by counsel retaining such consultant, but need not be disclosed to any other party. The term "non-testifying consultant" shall mean independent experts with whom counsel may deem it necessary to consult, but who will not testify in the case.

d.     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.     Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors;

f.     Independent attorneys and support personnel utilized by a party to review and analyze documents and data produced in connection with this litigation who have signed the form attached hereto as Attachment A; and

g.      Officers, Directors, and other employees of a party with responsibility for making decisions about this litigation or who are assisting outside counsel with this litigation, including in-house counsel and support staff assisting the foregoing.

**INFORMATION DESIGNATED "CONFIDENTIAL ATTORNEYS' EYES ONLY"**

14.     The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which to Officers and/or Directors and/or other employees of the Receiving Party is likely to cause harm to the competitive position of the Designating Party and/or the entity whose confidential information is identified.  In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

15.     Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.      Up to one (1) in-house counsel with responsibility for managing this litigation and up to one (1) employee in a party's legal department necessary to assist them in this litigation (*i.e.*, clerical staff or paralegals), who have signed the form attached hereto as Attachment A.

c.    Expert witnesses and their necessary support personnel, subject to the provisions of paragraphs 18-23 herein, and who have signed the form attached hereto as Attachment A;

d.    Non-testifying consultants and their necessary support personnel, subject to the provisions of paragraphs 18-23 herein, and who have signed the form attached hereto as Attachment A . The term "non-testifying consultant" shall mean independent experts with whom counsel may deem it necessary to consult, but will not testify in the case.

e.    The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

f.    Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors;

g.    Independent attorneys and support personnel utilized by a party to review and analyze documents and data produced in connection with this litigation who have signed the form attached hereto as Attachment A; and

**INFORMATION DESIGNATED "RESTRICTED CONFIDENTIAL—SOURCE CODE"**

16.    Documents or other things that contain a party's source code may be designated "RESTRICTED CONFIDENTIAL—SOURCE CODE", if they constitute confidential, proprietary and/or trade secret source code or object code. Other documents or things that include confidential, proprietary and/or trade secret source code or object code may be

designated RESTRICTED CONFIDENTIAL—SOURCE CODE only if confidential, proprietary and/or trade secret source code or object cannot reasonably be segregated from the document or thing.   The source code may be made available for review at a single secure site at the Designating Party's discretion, either (1) at the Designating Party's counsel's offices or (2) at another single secure site selected by the Designating Party.  Nothing in this Order shall obligate the parties to produce any source code or act as an admission that any particular source code is discoverable.  However, if material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE is produced, the following conditions shall govern the production, review and use of source code information.

17.   All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE."   All such source code, and any other Protected Information designated as RESTRICTED CONFIDENTIAL—SOURCE CODE shall be subject to the following provisions:

a.   All source code will be made available by the Designating Party to the Receiving Party's outside counsel, consultants  and/or expert witnesses, subject to the provisions of paragraphs 18-23 herein, in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for the inspection (the "Source Code Computer").  The Designating Party shall be obligated to install such tools or programs necessary to review and search the code produced on the platform produced.

b.     The Receiving Party's outside counsel, consultants, and/or expert witnesses, subject to the provisions of paragraphs 18-23 herein, shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Such notes shall be subject to the provisions of sub-paragraph 17(g) below. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

c.     The Designating Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code. The Receiving Party may print portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences. The Receiving Party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time. In no event may the Receiving Party print more than 25 consecutive pages and no more than 500 pages of source code in aggregate during the duration of the case without prior written approval by the Designating Party which shall not be unreasonably withheld. Upon printing any such portions of source code, the printed pages shall be collected by the Designating Party. The Designating Party shall Bates number, copy, and label RESTRICTED CONFIDENTIAL—SOURCE CODE any pages printed by the Receiving Party. If the Designating Party objects that the printed

portions are not reasonably necessary to any case preparation activity, the Designating Party shall make such objection known to the Receiving Party within five (5) business days. If after meeting and conferring the Designating Party and the Receiving Party cannot resolve the objection, the Designating Party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity. In the absence of any objection, or upon resolution of any such dispute by the Court, the Designating Party shall provide one copy set of such pages to the Receiving Party within five (5) business days and shall retain one copy set. The printed pages shall constitute part of the source code produced by the Designating Party in this action.

d.    A list of names of persons who will view the source code will be provided to the Designating Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Designating Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log.

e.    Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel consultants and/or expert witnesses, subject to the provisions of paragraphs 18-23 herein, shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Designating Party shall not be responsible for any items left in the room following each inspection session.

f.      Other than as provided in Paragraph 17(c) above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The Receiving Party will not transmit any source code in any way from the Designating Party's facilities or the offices of its outside counsel of record.

g.      The Receiving Party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in sub-paragraph b of this section) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use;

h.      The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code printed pursuant to sub-paragraph 17(c), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a Designating Party) that are provided by the Receiving Party to any qualified person under sub-paragraph (m) below of this section. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of expert witnesses who have been approved to access source code under paragraphs 18-23; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location. The Designating

Party shall not unreasonably deny a Receiving Party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order. The Designating Party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

i.   The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used- as an example, excerpts of approximately 25 to 40 lines in length would be allowed.

j.   To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped RESTRICTED CONFIDENTIAL — SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as RESTRICTED CONFIDENTIAL — SOURCE CODE. No SOURCE CODE DOCUMENT shall be filed with the Court, unless under seal and filed in accordance with paragraph 3 of this Agreed Protective Order.

k.   All paper copies shall be securely destroyed if they are no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

l.   The Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan

the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports). Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

      m.      Source Code Documents will only be made available to individuals specified in Paragraph 15(a),(c), (d), and (e) above (*e.g.*, Source Code Documents may not be disclosed to in-house counsel).

**DISCLOSURE OF EXPERT WITNESSES**

18.      Information designated by the Designating Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's expert witnesses and their necessary support personnel.

19.      No disclosure of Protected Information to an expert witness or their necessary support personnel shall occur until each expert witness has signed the form attached hereto as Attachment A; and to the extent there has been an objection under paragraph 21 herein, that objection is resolved as discussed below.

20.      A party desiring to disclose Protected Information to an expert witness shall also give prior written notice to the Designating Party, who shall have five (5) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to an expert witness must provide the following information for each expert witness: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past

16

four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) until after the expiration of the foregoing notice period.

21.     A party objecting to disclosure of Protected Information to an expert witness shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to an expert witness shall not be unreasonably withheld. If an objection is made no Protected Information shall be disclosed to such expert(s) until such disclosure is approved by the objecting party or the Court.

22.     If after consideration of the objection, the party desiring to disclose the Protected Information to an expert witness refuses to withdraw the expert witness, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within five (5) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the five (5) business day period shall operate as an approval of disclosure of the Protected Information to the expert witness. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

23.     The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Information to its expert witness.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

24.     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or

modify the Protected Information designation with respect to any document or information contained therein.

25.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Designating Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Designating Party.

26.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## NONPARTY USE OF THIS PROTECTIVE ORDER

27.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

28.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## MISCELLANEOUS PROVISIONS

29.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

18

30.     Inadvertent or unintentional production of documents or things containing

Protected Information which are not designated as one or more of the three categories of

Protected Information at the time of production shall not be deemed a waiver in whole or in part

of a claim for confidential treatment. The Designating Party shall notify the receiving parties

promptly after the discovery of the error in writing and, with respect to documents, provide

replacement pages bearing the appropriate confidentiality legend. In the event of any

unintentional or inadvertent disclosure of Protected Information other than in a manner

authorized by this Protective Order, counsel for the party responsible for the disclosure shall

immediately notify opposing counsel of all of the pertinent facts, and make every effort to further

prevent unauthorized disclosure including, retrieving all copies of the Protected Information

from the recipient(s) thereof, and securing the agreement of the recipients not to further

disseminate the Protected Information in any form. Compliance with the foregoing shall not

prevent the Designating Party from seeking further relief from the Court.

31.     Within sixty (60) days after the entry of a final non-appealable judgment or order,

or the complete settlement of all claims asserted against all parties in this action, each party shall,

at the option of the Receiving Party, either return or destroy all physical objects and documents

which embody Protected Information it has received, and shall destroy in whatever form stored

or reproduced, all physical objects and documents, including but not limited to, correspondence,

memoranda, notes and other work product materials, which contain or refer to any category of

Protected Information. All Protected Information, not embodied in physical objects and

documents shall remain subject to this Order. Notwithstanding this provision, no person is

required to delete information that may reside on the respective person's electronic back-up

systems that are over-written in the normal course of business. Notwithstanding the foregoing,

outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product that refers or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only, except such outside counsel shall not retain any RESTRICTED CONFIDENTIAL—SOURCE CODE materials. If a party destroys Protected Information, the destruction must be by means satisfactory to the Designating Party, and the party must provide a Certificate of Destruction to the Designating Party.

32. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a Designating Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

33. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement

releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

34.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

35.     The United States District Court for the Eastern District of Virginia, Alexandria Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Virginia, Alexandria Division.

36.     Document discovery concerning testifying experts shall be limited to the final versions of their expert reports, materials relied upon, and their invoices for work performed. Testifying experts' draft reports, notes, and communications with counsel will not be subject to document discovery, except to the extent relied upon by the expert in the final version of his or her report(s). The foregoing does not restrict discovery by oral deposition, and does not obligate any party to retain draft reports.

37.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with the pending litigation, a party discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Privileged Information"), the disclosure of the Disclosed Privileged Information shall not, in this or any other federal or state proceeding,

constitute or be deemed a waiver or forfeiture of any claim of privilege or work product

protection that the Designating Party would otherwise be entitled to assert with respect to the

Disclosed Privileged Information and its subject matter.

    a.    A Disclosing Party may assert in writing (including email) attorney-client

privilege or work product protection with respect to Disclosed Privileged Information.

The Receiving Party shall, within five (5) business days of receipt of that writing, return

or destroy all copies of the Disclosed Privileged Information and provide a certification

of counsel that all such Disclosed Privileged Information has been returned or destroyed.

    b.    Within five (5) business days of the notification that such Disclosed

Privileged Information has been returned or destroyed, the Disclosing Party shall produce

a privilege log with respect to the Disclosed Privileged Information .

    c.    The Receiving Party may move the Court for an Order compelling

production of the Disclosed Privileged Information (a "Privilege Motion"). The Privilege

Motion shall be filed under seal and shall not assert as a ground for entering such order

the degree of reasonableness of the Disclosing Party's efforts to prevent the disclosure.

    d.    The Disclosing Party retains the burden of establishing the privileged or

protected nature of any Disclosed Privileged Information. Nothing in this paragraph shall

limit the right of any party to petition the Court for an *in camera* review of Disclosed

Privileged Information.

So ORDERED and SIGNED this 14th day of December, 2009.

/s/

Theresa Carroll Buchanan
United States Magistrate Judge

AGREED:

_____

Terence P.  Ross, Esquire (VSB No. 26408)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 955-8664
(202) 530-9586 (facsimile)
tross@gibsondunn.com

*Counsel for Plaintiff Rosetta Stone Ltd.*

AGREED:

_____

Jonathan D. Frieden, Esq. (VSB No. 41452)
Stephen A. Cobb, Esq. (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2100
(703) 218-2160 (facsimile)
Jonathan.Frieden@ofplaw.com
Stephen.Cobb@ofplaw.com

Margret M. Caruso, Esquire
(Admitted *Pro Hac Vice*)
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com

*Counsel for Defendant Google Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

ROSETTA STONE LTD.

    Plaintiff,

    v.

GOOGLE INC.

    Defendant.

CIVIL ACTION  NO. 1:09cv736
(GBL / TCB)

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER

### CONFIDENTIAL AGREEMENT

I reside at _____.

My present employer is _____.

1.    My present occupation or job description is _____.

2.    I have read the Agreed Protective Order dated _____, 2009, and have been engaged as _____ on behalf of _____ in connection with the litigation styled Rosetta Stone Limited v. Google Inc.

3.    I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL—SOURCE CODE information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL—SOURCE CODE

information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

4.     I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

5.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.


_____

#1172610v2