IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ROSETTA STONE LTD. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:09cv736 (GBL / TCB) |
| GOOGLE INC. | |
| Defendant. | |

**Stipulated Agreement Concerning Electronically Stored Information**

The parties, by counsel, agree to the following:

**(1)** **General Format of Production**:  The parties shall each produce responsive and nonprivileged electronic documents electronically as: (a) a Bates-stamped 300 dots per inch (dpi) searchable multi-page PDF or single-page Group IV TIFF image; and (b) cross-reference files that will enable each document to be uploaded and viewed using standard litigation support software in Summation®, Concordance® or other mutually agreeable standard delimited format.  Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy and shall be named with the unique Bates Number of the page of the document in question, followed by the extension "TIF."  File names should not be more than fifteen characters long or contain spaces or underscore symbols.   Metadata shall be produced in a standard, delimited load file.  All

1

electronic production, whether in the foregoing format or in native format as described below, shall be produced to the receiving party on a CD-ROM, DVD, or a portable hard drive.

**(2)     Production of Physical Documents.**  Documents that exist solely in physical hard-copy format shall be converted to a Bates-stamped 300 dots per inch (dpi) multi-page PDF or single-page Group IV TIFF image and produced following the same protocols outlined in Section (1) above.  The producing party shall produce a corresponding load file indicating document breaks and identifying the custodian from whom the document was collected and such documents shall subject the ".pdf" or ".tiff" files to an Optical Character Recognition ("OCR") process if the pdf or tiff files do not already have extractable text, such that the processed files become word searchable, prior to executing searches of the type described in Section (6), below.

**(3)     Metadata**.  For electronic documents, an ASCII text file shall be produced setting forth the metadata fields listed in Appendix A.  A party is not obligated to produce metadata from an electronic document if metadata does not exist in the document or if the metadata is not machine-extractable.  For redacted electronic documents, metadata fields must be produced only to the extent such fields will not divulge redacted information.  The parties

reserve the ability to request that additional metadata fields be set forth or provided for certain specified electronic documents upon review of the other party's production.  The parties reserve their respective rights to object to any such request.

**(4)    Document Unitization**.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**(5)    Duplicates.**  To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values at the document level) reside within a party's data set, each party shall produce only a single copy of a responsive document.  This de-duping should be done only on exact duplicative documents.  Only documents where the main document and the attachments are exactly the same will be considered duplicates.

**(6)    Search Criteria:**  If either party intends to employ an electronic search to assist with identifying potentially responsive documents, then the parties must, in good faith, attempt to reach an agreement without intervention of the Court as to the searches to be conducted, the data to be searched and the relevant time period for such searches.  No later than the day a producing party produces documents, it shall identify to the requesting

party, by email or other writing, the search terms it used.  The requesting party shall identify by email challenges to that list, identifying specific search terms it believes should be searched or not searched, within three (3) business days after receiving the producing party's terms.  The parties will work in good faith to reach agreement on search terms within three (3) business days after receipt of the requesting party's challenges.

**(7)** **Production Media**.  Documents shall be produced on external hard drives or readily accessible computer or electronic media (the "Production Media").  Each piece of Production Media shall identify a production number corresponding to the production with which the documents on the Production Media are associated (e.g., "V001", "V001-002", "V002"), as well as the volume of the material in that production (e.g., "-001", "-002").  For example, if the first production wave by a party comprises document images on three hard drives, the party shall label each hard drive in the following manner:  "V001-001", "V001-002", and "V001-003".  Each piece of Production Media shall also identify:  (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

**(8)    Not Reasonably Accessible Data:** If a producing party declines to collect, search or produce what it reasonably believes to be sources of unique, potentially responsive ESI on the basis that the materials are not reasonably accessible, the producing party must identify by category, data type and general description the potentially responsive ESI that it is not collecting, searching or producing. The parties agree that their collections of ESI to satisfy their discovery obligations in this litigation can exclude the following categories of data:

>   **(a)    Backup tapes or systems**

>   **(b)    Personal files of party employees** on computers owned personally by the employee and not primarily used for business purposes, used in place of a company-owned computer, or reasonably expected to contain any responsive documents that are not duplicates or near duplicates of responsive documents, unless the parties agree in writing otherwise and for good cause shown.

>   **(c)    Unallocated space and fragments**, meaning that the parties are only interested in the collection of active[1] and intact files, such as formats in Microsoft Word®, PowerPoint®, Excel®, and any other

---

[1] According to The Sedona Conference® Glossary, E-Discovery & Digital Information Management, December 2007 Version.

format that allows users to modify the data in a file. The parties do not seek collection of data in program (such as Operating System or Windows®) file folders that do not reflect or contain user-created data.

**(d)** **Recordings of phone conversations made for purposes of quality assurance.** However, other documents memorializing or referencing the substance or existence of telephonic communications are not hereby excluded.

**(9)** **Redaction of Information:** If the redaction is based on one or more claims of privilege, the producing party shall supply a list of the documents for any such claim or claims of privilege, indicating the grounds for the redaction and the nature of the redacted material (e.g., privilege, trade secret). During the pendency of the litigation, an electronic copy of the original unredacted data shall be securely preserved in such manner so as to preserve without modification, alteration, or addition the content of such data including any metadata associated therewith. If scanning is necessary to create a redacted version of a document, the producing party shall produce a corresponding load file identifying the custodian from whom the document was collected and such documents shall subject the ".pdf" or ".tiff" files to an Optical Character Recognition ("OCR") process if the pdf or tiff files do

not already have extractable text, such that the processed files become word searchable, prior to executing searches of the type described in Section (6), above.

**(10)  Confidentiality to Be Honored By E-discovery Vendors:** Each party shall be responsible for securing, from each e-discovery vendor retained by the party who performs any work in connection with the above-identified litigation, a signed agreement in a stipulated form that the vendor will honor the terms of whatever Protective Order is entered in this litigation. Such agreements from such vendor employees shall be produced to the adverse party upon request.

**(11)  Handling of Privileged Matter**: Inadvertent production of matter subject to claims of privilege or of protection as trial preparation material shall be governed by the Stipulated Protective Order, submitted on December 11, 2009.

**(12)  Electronically Stored Adobe ("pdf") Files and Tiff Files:** Expecting that the vast majority of ESI will be text searchable, the parties agree that they need not subject existing, electronically stored ".pdf" or ".tiff" files to an Optical Character Recognition ("OCR") process if the pdf or tiff files do not already have extractable text and are attached to emails or

are named (in a text- searchable field) pursuant to a convention that is likely to meaningfully identify their contents, as opposed to, for example, "show_temp[1].pdf." In the event of voluminous non-text searchable documents, however, the parties reserve the right to review and revise this provision.

**(13)  Cooperation:** The parties shall, as necessary, meet and confer to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redaction, and structure or document delivery mechanisms.

**(14)  Color For Interpretation Required:** Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving may request that the document be produced in color (whether electronic or paper).

AGREED:

_____/s/_____
Terence P. Ross, Esquire (VSB No. 26408)
CROWELL & MORING
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
(202) 624-2645
(202) 628-5116 (facsimile)
tross@crowell.com

*Counsel for Plaintiff Rosetta Stone Ltd.*


AGREED:

_____/s/_____
Jonathan D. Frieden, Esq. (VSB No. 41452)
Stephen A. Cobb, Esq. (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2100
(703) 218-2160 (facsimile)
Jonathan.Frieden@ofplaw.com
Stephen.Cobb@ofplaw.com


Margret M. Caruso, Esquire
(Admitted *Pro Hac Vice*)
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com

*Counsel for Defendant Google Inc.*

**APPENDIX A**

| METADATA FIELD | DESCRIPTION |
| --- | --- |
| BEGBATES | Beginning Bates number assigned to each document. |
| ENDBATES | Ending Bates number assigned to each document. |
| BEGATTACH | Beginning Bates number assigned to the group of documents to which the parent document and any attachment documents are associated. |
| ENDATTACH | Ending Bates number assigned to the group of documents to which the parent document and any attachment documents are associated. |
| DOCTYPE | Document type as identified by metadata associated with the native document indicating the application that created the native document (e.g., Google Docs, Microsoft Word 6.0, Gmail, Outlook Email, etc.). |
| TITLE/SUBJECT | The title, subject, or filename, in order of preference, of the document. |
| SENDER | The sender of the document as reflected in the metadata associated with the document. |
| RECIPIENT | The recipient of the document as reflected in the metadata associated with the document. |

| | |
|---|---|
| CC | Names of copied recipients of the document as reflected in the metadata associated with the document. |
| BCC | Names of recipients who received blind copies of the document as reflected in the metadata associated with the document. |
| CUSTODIAN | Name of the individual whose custodial file contained the document. |
| DATESENT | The Date Sent of the document (if applicable) formatted as follows: MM/DD/ YYYY with leading zeros as appropriate (e.g., 06/07/2009). |
| DATERECEIVED | The Date Received of the document (if applicable) formatted as follows: MM/DD/ YYYY with leading zeros as appropriate (e.g., 06/07/2009). |
| DATEMODIFIED | The Date Modified of the document formatted as follows: MM/DD/ YYYY with leading zeros as appropriate (e.g., 06/07/2009). |
| TIMESENT | The Time Sent of the document formatted as follows: HH:MM (e.g., 10:24 PM or 22:24). |
| TIMERECEIVED | The Time Received of the document formatted as follows: HH:MM (e.g., 10:24 PM or 22:24). |