IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSETTA STONE LTD., | ) |
| Plaintiff, | ) |
| -v- | ) Case No. 1:09-cv-00736 (GBL/TCB) |
| GOOGLE INC., | ) |
| Defendant. | ) |

**PLAINTIFF ROSETTA STONE LTD.'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF
DOCUMENTS BY DEFENDANT GOOGLE INC.**

Plaintiff Rosetta Stone Ltd. ("Rosetta Stone") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Compel Defendant Google Inc. ("Google") to produce documents responsive to Rosetta Stone's First and Second Requests for the Production of Documents. Despite Rosetta Stone's repeated efforts over more than a month to negotiate with Google for the production of those highly relevant documents, Google continues to refuse to produce them necessitating this motion.[1]

**BACKGROUND**

This is a trademark lawsuit. Rosetta Stone is the leader in language education in

---

[1] Rosetta Stone has complied with Local Rule 37(E). Rosetta Stone met and conferred with Google on ten separate occasions November 24, 25 and 30, 2009; December 1, 4, 9, 16, 17 and 21, 2009; and January 4, 2010. Many of these sessions lasted for hours and the parties did reach compromises on numerous document requests.

the United States. (Complaint, ¶1). It owns numerous famous federally registered trademarks (the "Rosetta Stone Marks"). (*Id.* at ¶¶ 15-16). Google operates an Internet "search engine" that generates revenue by displaying advertisements called "Sponsored Links." (*Id.* at ¶¶ 36-62). Sponsored links are displayed when a PC user enters certain words or phrases as a query into the Google search engine. (*Id.*). These are referred to as "Keywords." (*Id.*). Among the types of Keywords that Google offers advertisers to trigger the display of Sponsored Links are trademarks owned by others, including the Rosetta Stone Marks. (*Id.*). In effect, Google sells the use of third-party trademarks, including the Rosetta Stone Marks, without authorization. (*Id.*). Moreover, Google allows its advertisers to use those third-party trademarks, including the Rosetta Stone Marks in the text of the Sponsored Links. (*Id.*). Google's misuse of Rosetta Stone Marks diverts consumers away from the Rosetta Stone website, to websites that sell pirated Rosetta Stone products and/or inferior language education products. (*Id.*).

Rosetta Stone served on Google a First Set of Requests for Production of Documents on October 30, 2009, and a Second Set of Requests for Production of Documents on November 13, 2009. (Appended hereto as Exhibits ("Exs.") 1 and 2, respectively). Google served its Responses to Rosetta Stone's First Set of Requests for Production of Documents on November 17, 2009, and its Responses to Rosetta Stone's Second Request for Production of Documents on November 30, 2009. (Appended hereto as Exs. 3 and 4, respectively). But Google failed to produce documents in response to those requests until December 23, 2009. Even then, Google's production consisted of only 5,000 documents (of which 1,300 were duplicates). Indeed, many documents that Google has not objected to or agreed to produce despite objection have still not been produced. Although Google has repeatedly promised to produce additional documents, as of January 8, 2010, it still has not done so.

Moreover, Google has objected to, in whole or substantial part, more than a quarter of Rosetta Stone's document requests on the grounds that Google believes the requests are irrelevant. Rosetta Stone has catalogued these objections in two letters, dated December 14, 2009 and January 5, 2010. (Appended hereto as Exs. 5 and 6, respectively). Google, however, has failed to respond to either letter and refused to elaborate on its objections.

Google's objections relate to document requests that can be grouped into three general categories. These are:

1. documents related to third parties, including Request Nos. 5-6, 10, 12, 18-23, 29, 62-63, 79, 98, 99 and 106-113;

2. documents created prior to July 10, 2004, including Request Nos. 5-10, 13-15, 17-23, 26-29, 42-43, 54, 76-79, 92, 96, 98-99 and 106-113[2];

3. documents relating to prior lawsuits in which Google has been sued for the same wrongful conduct that is the basis of this lawsuit, including Request Nos. 13-15, 67-69, 76-78, 93 and 96.[3]

Each of these categories of document is relevant to this lawsuit and Google has no basis for refusing to produce them.

## ARGUMENT

Discovery under Rule 26 "is broad in scope and freely permitted." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 335 F.3d 390, 402 (4th Cir. 2003). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that Rosetta Stone is entitled to obtain discovery from Google "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial. (*Id.*).

---

[2] The Complaint was filed on July 10, 2009. Thus, under the applicable five-year statute of limitations, any claim prior to July 10, 2004 is time barred.

[3] Some document requests objected to by Google fall under more than one of these categories.

Rather, information that may lead to the discovery of admissible evidence, even if itself is not admissible, is "relevant" for purposes of civil discovery. *See Capital One Bank (USA) N.A. v. Hess Kennedy Chartered, LLC*, 2008 WL 4467160, at *2 (E.D. Va. Sept. 30, 2008). When a party does oppose a specific discovery request, it bears the burden of proof as to why discovery should not be allowed. *See Capital One Bank*, 2008 WL 4467160, at *2 (citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). Thus, Google has the burden of proof on this motion.

### I. Documents Relating To Third Parties Are Relevant To Show That Google's Trademark Infringement/Dilution Was Willful And To Establish Damages.

Rosetta Stone has propounded document requests seeking information related to Google's unauthorized use of third-party trademarks. These requests seek information on third-party complaints about Google's use of their trademarks; third-party reports that Google's unauthorized trademark use causes consumer confusion; the top third-party trademarks used as Keywords; and "click-through" rates when trademarks are used in Keywords or in the text of Sponsored Links, among other things. A representative example is Request No. 10:

> All documents relating to communications between Google and any third party complaining, objecting to or criticizing Google's sale, marketing, promotion, offering, designation, use, or inclusion of such party's trademarks as a Keyword or other designated search term in Google's Advertising Programs or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including cease and desist letters received by Google from any owner or purported owner of any trademark and any responses to such cease and desist letters, as well as allegations that the use of trademarks would or had caused consumer confusion.

The purpose of this request and similar requests to which Google has objected because they relate to third parties is to obtain evidence that Google's trademark infringement/dilution is "willful." Information relating to third-party complaints of infringement, cease and desist letters from third parties, and third-party reports of consumer confusion would indicate that Google's

continuation of the practice was willful in that Google was fully aware of the problems with its unauthorized use of third-party trademarks and engaged in that practice anyway.[4] Similarly, Request Nos. 5, 6, 12, 18-23, 29 and 62-63 seek information relating to studies, analyses, and reports on the use of trademarks in Google's advertising programs. Google refuses to respond to these requests to the extent that they seek documents relating to non-Rosetta Stone Marks. Yet general studies and analyses relating to Google's use of trademarks, even if not Rosetta Stone specific, are relevant to show that Google's practice of using trademarks in its advertising programs constitute reckless disregard for trademark owners' rights. These documents may also reveal Google's financial motivation in continuing to use trademarks in its advertising programs, despite knowledge that its conduct constituted infringement.

A plaintiff must show that a defendant engaged in willful trademark dilution in order to obtain monetary damages. 15 U.S.C. §1117(a). *See also Synergistic Int'l LLC v. Korman*, 470 F.3d 162, 175 (4th Cir. 2006). Moreover, willfulness is "a highly pertinent factor" in measuring damage awards for ordinary trademark infringement. *Synergistic Int'l, LLC*, 470 F.3d at 175 n.13. Evidence of willful infringement is also relevant to an award of attorneys' fees, which can only be awarded in trademark cases in an "exceptional case." 15 U.S.C. §1117(a). Such an "exceptional case" includes cases in which "the defendant's conduct was malicious, fraudulent, <u>willful</u> or deliberate in nature." *Agri-Supply Company, Inc. v. Agrisupply.com*, 457 F. Supp.2d 660, 666 (E.D. Va. 2006) (citing *Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 550 (4th Cir. 2004)) (*emphasis added*).

Moreover, a factor in establishing the quantum of trademark damages in this case is the

---

[4] The term "willful" has been defined in the trademark context as "having knowledge that one's conduct constitutes infringement or showing reckless disregard for [trademark] owner's rights." *Agri-Supply Company Inc. v. Agrisupply.com*, 457 F. Supp.2d 660, 666 (E.D. Va. 2006).

5

extent to which Google's wrongful conduct diverts sales from a trademark owner. Thus, Request Nos. 98, 99, 106-113 seek information relating to click-through rates. Click-through rates provide a measure of the number of time that consumers are diverted to a website. Thus, information related to click-through rates achieved by Google's misuse of trademarks is relevant to measuring the diversion of business from trademark owners, like Rosetta Stone. This diversion of sales constitutes part of Rosetta Stone's lost profits caused by Google's wrongful conduct and its recoverable as damages in this case. 15 U.S.C. §1117(a). Of course, discovery related to damages is relevant. See, e.g., *Washington Post Newsweek Interactive Company, LLC v. The Creator Corp.*, 2002 WL 31319973 (E.D. Va. Sept. 17, 2002) (documents related to damages are relevant and discoverable); *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, 2007 WL 756631, at *14 (D. Kan. March 8, 2007); *Johnson Mach. Company, Inc. v. Kaiser Aluminum & Chem. Corp.*, 1985 WL 4007, at *1 (E.D. Pa. Nov. 26, 1985) ("where documents relate to the extent of damages, they are clearly discoverable . . . .").

Accordingly, Request Nos. 5-6, 10, 12, 18-23, 29, 62-63, 79, 98-99 and 106-113 seek relevant documents and Google should be ordered to produce them.

II. **Documents Created Prior To July 10, 2004 Are Relevant To Show That Google's Trademark Infringement/Dilution Was Willful And To Establish Damages.**

With the exception of a small number of documents relating to an internal policy change made by Goggle in early 2004, Google refuses to produce documents created prior to July 10, 2004. Google apparently contends that such information is irrelevant to any claim against Google due to the time bar of the statute of limitations. Although Rosetta Stone may not seek to impose liability on Google for wrongful acts prior to July 10, 2004, it may use evidence from that prior period to establish that Google's conduct after July 10, 2004 was willful. Thus, Request Nos. 5-10, 13-15, 17-23, 26-29, 42-43, 54, 76-79, 92, 96, 98-99 and 106-113 seek

documents likely to reveal that Google had knowledge that its unauthorized use of third-party trademarks caused consumer confusion. Moreover, documents from prior to July 10, 2004 may also be relevant to establish the quantum of damages in this case. For example, a contract to "buy" Rosetta Stone Marks as Keywords that was executed on January 1, 2004, but ran past July 10, 2004 would be directly relevant. As discussed above, evidence of willfulness and/or evidence of damages is directly relevant and discoverable.

Accordingly, Request Nos. 5-10, 13-15, 17-23, 26-29, 42-43, 54, 76-79, 92, 96, 98-99 and 106-113 seek relevant documents and Google should be ordered to produce them.

### III. Documents Relating to Similar Lawsuits Brought Against Google Are Relevant To Show That Google's Trademark Infringement/Dilution Was Willful And To Establish Damages.

This is not the first time that Google has been sued by a trademark owner for its wrongful use of third-party trademarks. Indeed, this Court has previously held that the exact conduct complained of in this lawsuit violates federal trademark law. *See GEICO v. Google Inc.*, 2005 WL 1903128 (E.D. Va. Aug. 8, 2005). Rosetta Stone has propounded document requests seeking information relating to consumer confusion. (*e.g.*, consumer surveys) and settlements in several of those prior cases. Google however, has refused to produce these documents. Discovery relating to prior trademark lawsuits against Google is relevant to establish that Google acted willfully, as well as to establish Rosetta Stone's damage claims.

#### A. Confidentiality Agreements In Other Lawsuits Provide No Basis To Preclude Discovery In This Case.

Google objects to Request Nos. 67 and 68, which seek documents created in the course of litigating *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007), including transcripts of depositions and expert reports, consumer or user confusion studies, and supporting documents. Google contends that these requests seek

7

information "protected under the Confidentiality Agreement entered into by the parties in that case." (Ex. 4). Similarly, Request No. 96 seeks documents relating to "payments made by Google to any third party as a result of filing a lawsuit against Google in which it was alleged that Google's Advertising Programs, in whole or in part, violated the Lanham Act." Google also refuses to provide this information on the grounds that it requests disclosure of confidential agreements with third parties." (Ex. 4, at 8). Google's objections are insufficient to preclude discovery of this relevant information. A confidentiality agreement unrelated to this lawsuit cannot preclude Rosetta Stone from obtaining relevant discovery in this case. Furthermore, adequate protection of confidential information is available under the Agreed Protective Order entered in this lawsuit on December 14, 2009. Indeed, the very purpose of that Agreed Protective Order is to expedite the flow of discovery materials by maintaining confidentiality of documents that the parties are entitled to keep confidential and to ensure that the parties are permitted reasonably necessary use of such materials in the course of this litigation. Moreover, by its terms, it applies to third-party information. Thus, more than sufficient protections are in place to ensure the confidentiality of this information.

### B. Fed. R. Evid. 408 Provides No Basis To Preclude Discovery Of Information Concerning Settlements In Other Lawsuits.

Google objects to Request Nos. 13-15, and 96, which seek documents related to settlements in prior similar lawsuits. Google contends that they are not relevant to a party's claim or defense, "particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy." (Ex. 3, at 15). To be sure Rule 408 precludes the admission at trial of evidence of settlement when offered to prove liability, among other purposes. But Rule 408 does not bar all evidence relating to settlement. In any event, Rule 408 certainly does not preclude *discovery* of information

relating to settlement in another lawsuit, particularly where the purpose is not to prove liability, but rather to show intent. Evidence of settlement in a similar trademark infringement suit is relevant to Rosetta Stone's claim that Google engaged in willful infringement, which is an important factor in assessing damages in this case.

### C. The Creation Of A Document By An Expert In A Prior Lawsuit Provides No Basis To Preclude Its Discovery In This Lawsuit.

Google objects to Request Nos. 68, 76-78, and 93 to the extent that they request documents created by experts that Google retained in connection with prior lawsuits. These requests specifically seek information related to consumer confusion. For example, Request No. 76 seeks:

> All documents relating to consumer or user understanding or perception of Google's Sponsored Links, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions.

Research, studies, surveys, and analyses relating to consumer confusion arising from Google's misuse of trademarks in its advertising programs bears directly on Rosetta Stone's claims of infringement in this case. This information also pertains to Google's willful intent to cause consumer confusion. The Federal Rules of Civil Procedure provide no protection for expert reports that have previously been disclosed. Such reports are simply documents subject to production like any other document.

### IV. The Deadline For Completion Of Fact Discovery Should Be Extended.

Rosetta Stone propounded its document requests in late-October and early-November, 2009. Ten weeks later, Google has produced only a tiny fraction of the documents it itself agrees must be produced. Moreover, Google has wholly refused to produce documents relating to more than a quarter of Rosetta Stone's requests, despite repeated "meet and confer" sessions initiated

by Rosetta Stone. The result of Google's delay in producing admittedly relevant documents and refusing to produce others is to unfairly prejudice Rosetta Stone's ability to complete fact discovery within the current deadline.

The deadline for completion of fact discovery is currently February 12, 2010. If the Court grants this motion, Google will have to produce the documents at issue by January 25, 2010, leaving insufficient time for Rosetta Stone to propound follow-up written discovery. Moreover, it will be difficult merely to process these documents, let alone use them in depositions prior to February 12th. Even if Google is forced to produce these documents, Google has succeeded in preventing their use by stalling as long as it has.

Local Rule 37(F) is intended to address this exact situation. It authorizes the court to grant an extension of time to complete discovery in situations such as this where Rosetta Stone has played by the letter and spirit of the discovery rules, seeking repeatedly to resolve Google's objections without resorting to Court intervention. Absent an extension, Rosetta Stone will be severely and unfairly prejudiced in the prosecution of this litigation. Accordingly, Rosetta Stone asks for a thirty-day extension. Rosetta Stone has raised this issue with opposing counsel and Google does not oppose such an extension. (*See* e-mail of January 8, 2010, appended hereto as Ex. 7).

## CONCLUSION

For the foregoing reasons, Rosetta Stone respectfully requests that its Motion to Compel Production of Documents be granted and that the Court order Google to produce documents responsive to Document Request Nos. 5, 6, 10, 12, 13-15, 18-23, 29, 62, 63, 67-69, 76-79, 93, 96, 98, 99, and 106-113. Moreover, Rosetta Stone respectfully requests an extension of time to complete discovery.

Respectfully submitted,

Dated: January 8, 2010

_____/s/_____
Terence P. Ross
VA State Bar # 26408
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: 202-624-2645
Fax: 202-628-8844
tross@crowell.com

*Counsel For Plaintiff,*
*Rosetta Stone Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2010, I will electronically file the Motion to Compel, Notice of Motion and Memorandum with the Clerk of the court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following

>Jonathan D. Frieden, Esq.
>ODIN, FELDMAN & PETTLEMAN, P.C.
>9302 Lee Highway
>Suite 1100
>Fairfax, VA 22031
>jonathan.frieden@ofplaw.com
>
>*Counsel for Defendant, Google Inc.*

>_____/s/_____
>Terence P. Ross
>VSB # 26408
>CROWELL & MORING, LLP
>1001 Pennsylvania Avenue, N.W.
>Washington, DC 20004
>Phone: 202-624-2645
>Fax: 202-628-8844
>tross@crowell.com
>
>*Counsel for Plaintiff,*
>*Rosetta Stone Ltd.*