# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSETTA STONE LTD.,

          Plaintiff,

-v-

          Civil Action No. 1:09cv736(GBL/TCB)

GOOGLE INC.,

          Defendant.

**PLAINTIFF ROSETTA STONE LTD.'S SECOND REQUEST
FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT GOOGLE**

Plaintiff Rosetta Stone Ltd. ("Rosetta Stone") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that Defendant Google Inc. ("Google") produce the following documents and electronically stored information at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue N.W., Suite 300, Washington, DC 20036, within thirty (30) days after service of this request.

**INSTRUCTIONS**

1.    This Second Request for the Production of Documents calls for the production of all information and documents in the possession of Google and/or its attorneys, or subject to the custody or control of Google or its attorneys. Google must make a diligent search of its records

(including but not limited to paper records, computerized records, and electronic mail records) and of other papers and materials in its possession or available to Google or its attorneys.

2. Each Request for the Production of Documents ("Request") herein constitutes a request for documents in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation. Documents attached to each other, by means including but not limited to a staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the documents.

3. Defendants shall produce any and all drafts and copies of each document that are responsive to any Request, and all copies of such documents that are not identical in any respect, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations. The author(s) of all hand-written notes should be identified.

4. Responsive documents that exist only in paper form shall be organized as they have been kept in the ordinary course of business. If with respect to any category there are no responsive documents, so state in writing.

5. Responsive documents shall be produced in TIFF format with metadata included. Responsive documents that cannot be produced in TIFF format due to technical reasons shall be produced in a computer-readable and text searchable format to be mutually determined by the parties. Google should produce certain documents in their native format, including copies of all responsive documents maintained in an electronic format where: (a) such responsive documents contain electronically stored information that is only reviewable in such documents' native electronic format; or (b) such responsive documents are most conveniently viewed in their native

electronic format. This includes but is not limited to Microsoft Excel files, Microsoft Power Point files, HTML files, and database files.

6. In all cases in which metadata associated with any responsive document or electronically stored information is itself reasonably calculated to lead to the discovery of admissible evidence, Google must so notify Rosetta Stone and produce such responsive documents and electronically stored information in an electronic format that will preserve such metadata and make it reasonably accessible to Rosetta Stone, including but not limited to producing e-mails that list visible "bcc" recipients and Microsoft Word documents that preserve and reveal any hidden notations, creation or alteration records, and other responsive file system or document metadata. Google should preserve all metadata associated with all responsive documents, including metadata that is not produced pursuant to this instruction. This instruction should be read in accordance with the requirements and limitations imposed by Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

7. If you object to a portion or an aspect of a Request, state the grounds for your objection with specificity and respond to the remainder of the document request. If any documents, or portion thereof, are withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are required to provide a privilege log, specifying for each such document: (*i*) the title of the document, if any; (*ii*) the nature of the document, *e.g.*, letter memorandum, telegram, e-mail, etc.; (*iii*) a description of the subject matter of the document; (*iv*) the name, title, and business affiliation of each person who prepared, received, viewed, and/or has or has had possession, custody or control of the document; (*v*) the name of all persons to whom the information in the document was disclosed, such as would enable your privilege claim to be analyzed and

adjudicated; (*vi*) the date of the document; and (*vi*) a statement of the basis upon which the privilege or work product claim is made.

8. If you claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted.

9. If you object that a Request is vague or ambiguous, identify the objectionable aspect of the Request, state your interpretation of the Request and respond to that interpretation.

10. If Google cannot fully respond to a Request, after a diligent attempt to obtain the requested information, Google must answer the Request to the extent possible, specify the portion of the Request Google is unable to answer, and provide whatever information Google has regarding the unanswered portion.

11. If any document called for by the Requests has been destroyed, lost, discarded or is otherwise no longer in Google's possession, custody or control, Google shall identify such document as completely as possible, and shall specify the date of disposal of the document, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the document.

12. The following rules of construction apply to all Requests:

    a. The terms "any," "all," "each" and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed outside of their scope.

c. The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

d. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the document requests all responses that might otherwise be construed to be outside of their scope.

13. These Requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

14. Unless otherwise specified, the relevant time period for these Requests is January 1, 2002, through the present.

## DEFINITIONS

1. "Rosetta Stone" means Rosetta Stone, Ltd. and any of its successors, predecessors, divisions, departments, or affiliates, and any of its present or former officers, directors, employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

2. The phrase "Rosetta Stone Marks" means any and all names, logos, symbols, nicknames, and other indicia that consumers use to identify goods or services offered, marketed,

promoted, sponsored, endorsed or approved by Rosetta Stone, including: ROSETTA STONE; GLOBAL TRAVELER; ROSETTA STONE LANGUAGE & LEARNING SUCCESS; LANGUAGE LIBRARY; DYNAMIC IMMERSION; THE FASTEST WAY TO LEARN A LANGUAGE. GUARANTEED; ROSETTASTONE.COM; ROSETTA WORLD, ADAPTIVE RECALL, CONTEXTUAL FORMATION; SHAREDTALK; and AUDIO COMPANION.

3. The phrase "Terms Similar To The Rosetta Stone Marks" includes all terms similar to the Rosetta Stone Marks, including but not limited to: "rosettastone," "roseta stone," "rose etta stone," "rosetta sttone," "rossetta stone," and all other typographic variants or misspellings of the Rosetta Stone Marks, including pluralized forms of the Rosetta Stone Marks.

4. The phrase "Rosetta Stone's Competitors" means entities that compete with Rosetta Stone commercially by selling products and/or services that compete with, counterfeit, or imitate Rosetta Stone's products or by selling copies of Rosetta Stone's products obtained through unauthorized channels.

5. The terms "Google," "you," and "your" mean Google Inc. and any of its predecessors, successors, parents, subsidiaries, divisions, departments, or affiliates, and any of its present or former members, officers, directors, partners, employees, contract employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

6. The term "Google Customer" means any person who has provided or will provide consideration to Google in exchange for any goods or services provided by Google.

7. The phrase "Google's Advertising Programs" means all of Google's advertising programs and business solutions, including but not limited to Google AdSense and Google AdWords, both described at *http://www.google.com/intl/en/ads/*, Google Custom Search, as

described at *http://www.google.com/coop/cse*, Google Site Search, as described at *http://www.google.com/sitesearch/index.html*, and Google AdWords Comparison Ads, as described at *http://adwords.blogspot.com/2009/10/introducing-adwords-comparison-ads.html*.

8. The phrase "search query" refers to the entry of search terms and the terms entered by a user of a Google website or Google search technology into a search box.

9. The term "Keyword" refers to any word, phrase, or term that is used by Google or its programming to trigger Internet advertising or any other message or service that causes Google to earn any consideration, directly or indirectly.

10. The term "Related Keywords" refers to Keywords suggested by Google or its programming when a Google Customer designates a particular work or phrase to be used as a Keyword in one of Google's Advertising Programs.

11. The terms "broad match" or "broad matched" refer to the AdWords matching option whereby the Google AdWords system runs Sponsored Links in response to search queries that do not necessarily contain the exact Keywords chosen by the Google Customer who requests the Sponsored Link, but contain a word or words that are similar to the chosen Keyword.

12. The term "Broad Match Keywords" refers to variants of Keywords or terms related to Keywords that Google designates through its broad match system to trigger the Sponsored Link of a Google Customer in one of Google's Advertising Programs when an Internet user does not enter into his or her search engine the exact Keyword or Keywords designated by the Google Customer.

13. The term "Sponsored Link" refers to any Internet advertisement or other message that (*a*) is or was published as a part of Google's Advertising Programs as a result of the entry of

a Keyword into Google's search engine or other Internet programming and (*b*) contains a hyperlink to an Internet website.

14. The phrase "AdWords Process" refers to the series of actions taken by Google or its programming as part of Google's AdWords program involving the receipt of a search query and including related revenue journal entries in Google's accounting system, related creation of data accessible through Google Analytics, and any other external or internal reporting or data collection related to Google's Advertising Programs that is generated by a search query. This series of actions includes, but is not limited to, the collection of the user's search query, IP address and Google account user name, the identification of possible Sponsored Links through exact match, phrase match or broad match, the determination of which Sponsored Links are actually served (including any scoring system applied to Sponsored Links or Keywords), tracking of and response to any user Click-through on any of the served Sponsored Links, the collection of click-stream data beyond the Sponsored Link Click-through, and any analysis, summarizing or reporting done on the data collected or generated by this series of actions.

15. The term "Studies" includes all investigations, surveys, searches, tests, pools, focus groups or studies of any kind, including but not limited to disclaimer studies, consumer confusion experiments, or other user experiments.

16. The term "communication" has the broadest meaning possible and shall mean the transmittal of information, including but not limited to oral, electronic, digital or written means.

17. The terms "concern" or "concerning" shall have the broadest meaning possible and shall mean directly or indirectly, in whole or in part, alluding to, responding to, with respect to, relating to, pertaining to, referring to, describing, mentioning, evidencing, reflecting or

constituting, commenting on, consisting of, in connection with, or otherwise having a connection to the subject matter of the Request.

18. The terms "relate to," "relates to" and "relating to" shall have the broadest meaning possible and shall mean directly or indirectly, in whole or in part, alluding to, responding to, with respect to, concerning, pertaining to, referring to, describing, mentioning, evidencing, reflecting or constituting, commenting on, consisting of, in connection with, or otherwise having a connection to the subject matter of the Request.

19. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" set forth in Rule 34 of the Federal Rules of Civil Procedure and they shall have the broadest meaning possible and shall mean any form of communication however produced, reproduced or recorded, including all originals, non-identical copies and drafts, including, without limitation: correspondence, letters, electronic mail, enclosures, memoranda, notes or notations, intra-office communications, notes and minutes of telephone or other conversations, conferences or meetings, calendar or diary entries, notices, announcements, requisitions, resolutions, opinions, reports, studies, analyses, evaluations, agreements, ledgers, books or records of account, financial statements, logs, server logs, data compilations, account memoranda, trial balances, spreadsheets, summaries, charts, graphs, sound recordings, photographs, video recordings, records in electronic, mechanical, magnetic, optical, or electric form, records or representations of any kind (including but not limited to computer data, computer files, computer programs, hard drives, floppy disks, compact disks, magnetic tapes and cards, and all other electronically stored information, regardless of the medium in which such records are stored), and things similar to any of the foregoing, whatever the form.

20. The phrase "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure. It shall have the broadest meaning possible and shall mean any information stored in electronic form.

21. The term "including" means "including but not limited to."

22. The term "person" means any individual, corporation or any other type of entity, including, but not limited to limited liability companies, partnerships or groups of individuals.

23. The term "associated with" shall have the broadest possible meaning and shall mean physically or logically connected, necessary to, utilized by, created by, or otherwise in a relationship in any direct, indirect, tangible or intangible way.

24. The terms "trademark" and "trademarks" shall also include service marks and trade names and shall include both registered and unregistered trademarks, service marks and trade names.

25. The phrase "Trademarks Owned By Third Parties" refers to trademarks owned by parties other than Google or a Google Customer for whom Google sells, designates, uses, or includes such trademarks in connection with Google's Advertising Programs.

## DOCUMENTS REQUESTED

93. All expert reports relating to damages prepared in connection with the lawsuit, *American Airlines Inc. v Google Inc.*, No. 4:07-CV-487-A (N.D. Texas), including any exhibits thereto.

94. Documents sufficient to show all royalties paid by Google to any third party for use of a trademark.

95. All documents relating to royalties paid by Google to any third party for use of a trademark in connection with Google's Advertising Programs.

96. Documents sufficient to show all payments made by Google to any third party as a result of the filing of a lawsuit against Google in which it was alleged that Google's Advertising Programs, in whole or part, violated the Lanham Act.

97. Documents sufficient to show the click-through rates for Sponsored Links (other than those placed by Rosetta Stone) triggered by a Keyword that is a Rosetta Stone Mark or Terms Similar To The Rosetta Stone Marks.

98. All documents relating to click-through rates achieved when a Sponsored Link is triggered by a Keyword that is a trademark.

99. All documents relating to click-through rates achieved when a Sponsored Link is triggered by a Keyword that is a trademark of a competitor to the entity placing the Sponsored Link.

100. All documents relating to the relationship between the placement of a Sponsored Link on the results page and the likelihood that the Sponsored Link will be clicked on by a web user.

101. Documents sufficient to show the following:

    a. The total monthly number of search queries for the terms, "rosetta stone," "rosettastone," "rosettastone.com," and "www.rosettastone.com";

    b. The total monthly number of such search queries identified in subpart (a) in which Sponsored Links were displayed in response to the search query;

c. The total monthly number of such search queries identified in subpart (a) in which Sponsored Links placed by any person other than Rosetta Stone were displayed in response to the search query;

   d. The total monthly number of such search queries identified in subpart (a) in which Sponsored Links placed by Rosetta Stone were displayed in response to the search query;

   e. The total monthly number of click-throughs on Sponsored Links identified in subpart (c) and, as a separate number, those identified in subpart (d); and

   f. The cost per click for the click-throughs identified in subpart (e).

102. Documents sufficient to identify all advertising campaigns in which a Rosetta Stone Mark was designated as a Keyword, including as a Broad Match Keyword, and the identity of the person placing the order for each such campaign.

103. Documents sufficient to show the total number of impressions delivered for each of the advertising campaigns identified in Request 102.

104. Documents sufficient to show the total number of click-throughs resulting from the impressions delivered for each of the advertising campaigns identified in Request 102.

105. Documents sufficient to show the cost per click for the click-throughs resulting from the impressions delivered for each of the advertising campaigns identified in Request 102.

106. All documents relating to communications between Google and eBay concerning the unauthorized use of eBay's trademarks as Keywords and in Sponsored Links.

107. Documents sufficient to identify the top 500 Keywords ranked by gross revenue generated for Google for each month since January 1, 2002.

108. Documents sufficient to identify the top 500 Keywords ranked by total impressions delivered for each month since January 1, 2002.

109. Documents sufficient to identify the top 500 Keywords ranked by click-throughs delivered for each month since January 1, 2002.

110. Documents sufficient to identify the top 200 Keywords that are trademarks ranked by gross revenue generated for Google for each month since January 1, 2002.

111. Documents sufficient to identify the top 200 Keywords that are trademarks ranked by total impressions delivered for each month since January 1, 2002.

112. Documents sufficient to identify the top 200 Keywords that are trademarks ranked by click-throughs delivered for each month since January 1, 2002.

113. To the extent that any Rosetta Stone Mark is not included in the rankings produced in response to Requests 107 – 112, documents sufficient to show where each such Rosetta Stone Mark is ranked.

114. All documents relating to a Trademark Experiment(s) conducted in 2003 or 2004 to test out a new advertising policy by Google relating to the use of trademarks as Keywords and/or in Sponsored Links.

115. All e-mails in which Google suggested to a third party, other than Rosetta Stone, the use of any Rosetta Stone Mark or Terms Similar To The Rosetta Stone Marks as a keyword or in a Sponsored Link.

Respectfully submitted,

Dated: November 13, 2009

/s/ Terence P. Ross
Terence P. Ross
VSB # 26408
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-955-8500
Fax: 202-467-0539
tross@gibsondunn.com

Of Counsel:
Howard S. Hogan, Esq.
Bennett Borden, Esq.
Kyle Amborn, Esq.
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Counsel for Plaintiff,
Rosetta Stone Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2009, I caused the foregoing Plaintiff Rosetta Stone Ltd.'s Second Request For The Production Of Documents From Defendant Google to be served by electronic mail and hand delivery upon counsel for Defendant Google Inc. as follows:

>Jonathan D. Frieden, Esq.
>ODIN, FELDMAN & PETTLEMAN, P.C.
>9302 Lee Highway
>Suite 1100
>Fairfax, VA 22031
>jonathan.frieden@ofplaw.com
>
>*Counsel for Plaintiff Google Inc.*

/s/ Terence P. Ross
Terence P. Ross
VSB # 26408
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500 (Telephone)
(202) 467-0539 (Facsimile)
tross@gibsondunn.com

*Counsel for Plaintiff,*
*Rosetta Stone Ltd.*

100761669_1.DOC