# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ROSETTA STONE LTD. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:09cv736 (GBL / TCB) |
| GOOGLE INC. | |
| Defendant. | |

### DEFENDANT GOOGLE INC'S RESPONSES TO PLAINTIFF ROSETTA STONE, LTD'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Google Inc. ("Google"), by and through its attorneys, hereby responds to plaintiff Rosetta Stone, Ltd.'s ("Rosetta Stone") First Request for the Production of Documents from Defendant Google as follows:

### Preliminary Statement

Google has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet completed its preparation for trial. Consequently, Google reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Google's responses are based on facts and documents that Google has identified to date, they do not preclude Google from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Google's partial response to any of Rosetta Stone's First Request for the Production of Documents ("Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## Objections Applicable to Rosetta Stone's Instructions, Definitions, And All Requests

Google objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of Google's response to each and every individual request:

1. Google objects to the Requests on the grounds that they seek to impose obligations upon Google not required by the Federal Rules of Civil Procedure.

2. Google objects to the Requests on the ground that they call for information that is not relevant to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent they call for the production of documents created or received by Google before July 10, 2004. Google's production of documents in response to these requests will be limited to documents created or received by Google on or after July 10, 2004, except for documents reflecting Google's trademark policies that were in place as of July 10, 2004, and certain documents relating to use of Rosetta Stone marks and Rosetta Stone's participation in Google's advertising programs.

3. Google objects to the Requests on the ground that, individually and taken as a whole, they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic, and in seeking the production of documents created or received by Google before July 10, 2004. Google's production of documents in response to these requests will be limited to documents created or received by Google on or after July 10, 2004, except for documents reflecting Google's trademark policies that were in place as of July 10, 2004, and certain documents relating to use of Rosetta Stone marks and Rosetta Stone's participation in Google's advertising programs.

4.    Google objects to the Requests to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege.

5.    Google objects to the Requests (with the exception of those requests calling for certain publically available documents related to experts) on the grounds that they call for the production of confidential, proprietary and/or trade secret information of Google and/or others. Google will not produce such confidential and proprietary documents except pursuant to and in reliance upon a protective order that includes a provision for review of certain highly confidential documents only by attorneys.

6.    Google objects to the Requests on the grounds that they call for the production of documents and tangible things not in Google's possession, custody or control.

7.    Google objects to the Requests on the grounds that they seek information protected by the right to privacy under state and/or federal laws.

8.    Google objects to the Instructions, Definitions and Requests as overly broad, unduly burdensome, cumulative and duplicative to the extent that they seek the production of "any," "each" or "all" documents of a specified type or nature, when a limited number of such documents will provide the requested information.

9.    Google objects to the definition of "Terms Similar To The Rosetta Stone Marks" on the basis that the phrase "all terms similar to" is vague and overbroad and that it would be unduly burdensome first to identify a set of words within the universe of "Terms Similar To The Rosetta Stone Marks" and then to search for documents containing each such word or combination of words.  Google further objects on the grounds that "Terms Similar To The Rosetta Stone Marks" includes terms that are not confusingly similar to Rosetta Stone's alleged trademarks as a matter of trademark law and the definition is thereby overbroad and unlikely to

lead to the discovery of admissible evidence. Google's production of documents in response to these requests will be limited to the Rosetta Stone Marks identified in Rosetta Stone's complaint.

10. Google objects to the definition of "Rosetta Stone's Competitors" as vague and overbroad.

11. Google objects to the definition of "Google" to the extent the definition purports to include Google's outside counsel. In response to these requests, Google will not produce documents solely in the possession, custody, or control of its outside counsel.

12. Google objects to the definition of "Google Customer" to the extent it includes customers yet unknown to Google.

13. Google objects to the definition of "Google's Advertising Programs" to the extent that the phrase "all of Google's advertising programs and business solutions" is vague and overbroad, particularly to the extent that it includes non-advertising services. In responding to requests for data relating to Google Advertising Programs, Google will produce reasonably accessible data related to AdWords, and such data as Google collects and makes available to advertising customers of Google Custom Search, and Google Site Search, subject to the additional specific objections set forth below.

14. Google objects to the definition of "Keyword" on the basis that the phrases "or its programming" and "or any other message or service that causes Google to earn any consideration, directly or indirectly" are vague and overbroad.

15. Google objects to the definition of "Sponsored Link" on the basis that the phrases "or other message" and "or other Internet programming" are vague and overbroad. Google will interpret "Sponsored Link" to mean advertisements that are created by third-party advertisers who offer to pay for the opportunity to have their advertisements displayed above or next to organic search results when a user enters certain words or phrases in Google's search engine.

16.     By attempting to respond to the Requests as it reasonably understands them, Google in no way accedes to the Definitions set forth by Rosetta Stone. Nothing contained herein shall be construed as an admission or acknowledgment by Google as to the accuracy of any of the Definitions.

17.     Google's responses to these Requests shall not constitute an admission of any implication, statement or conclusion implied or stated in any Request.

18.     Google's responses to these Requests shall not constitute an admission or representation that any documents relating to the Requests exist.

19.     Google objects to Rosetta Stone's Instructions 5 and 6 concerning production to the extent that they conflict with an Electronically Stored Information Protocol to be agreed to by the parties and on the grounds that they are unduly burdensome and not likely to lead to the discovery of admissible evidence.

20.     Any response Google may provide to the Discovery Requests is not intended to be a waiver of any objections set forth herein but is provided in reliance upon these objections.

### Specific Responses and Objections

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and Objections, all of which are incorporated in each of the following objections and responses to specific requests. Google's response to any Request that it will produce responsive, non-privileged documents or tangible items is not a representation that any such documents or tangible things exist.

## REQUEST FOR PRODUCTION NO. 1:

All documents relating to Google's policy or policies in the United States in effect up to 2004 that related to Google's trademark policy, with respect to Google's Advertising Programs, including but not limited to policies that prevented or were designed to prevent Google

Customers from selecting Trademarks Owned By Third Parties as Keyword triggers for their advertisements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the policies before 2004; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal restrictions; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 2:

All documents relating to Google's change in policy in the United States in or around 2004 regarding the use of Trademarks Owned By Third Parties in Google's Advertising Programs in order to allow advertisers to use Trademarks Owned By Third Parties as Keyword triggers for their advertisements, including but not limited to all documents relating to the reasons that Google changed such policies, as well as documents sufficient to show the date when this change occurred.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Google objects to this Request on the grounds that it (i) is vague, overly broad and unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the policy without specifying an appropriate subject matter limitation; and (ii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents Google created consisting of or

generally commenting on any change in Google's trademark policy in or around 2004 with respect to Google's Advertising Programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.


**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to Google's change in policy in the United States after the settlement of GEICO v. Google Inc., Case No. 1:04-cv-00507 (E.D. Va.) (filed May 4, 2004) on or around September 7, 2005 regarding the use of Trademarks Owned By Third Parties in Google's Advertising Programs, including but not limited to all documents relating to the reasons that Google changed such policies, as well as documents sufficient to show the date when this change occurred.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google objects to this Request on the grounds that it (i) is unreasonably broad in scope in that burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" to Google's trademark policies without specifying an appropriate subject matter limitation; and (ii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents Google created consisting of or commenting generally on any change in Google's trademark policy with respect to Google's Advertising Programs on or around September 7, 2005, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.


**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to Google's change in policy in the United States on or around May 14, 2009 regarding the use of Trademarks Owned By Third Parties in Google's Advertising Programs in order to, among other things, allow the use of trademark terms in ad text, including

but not limited to all documents relating to the reasons that Google changed such policies, as well as documents sufficient to show the date when this change occurred.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Google objects to this Request on the grounds that it (i) is unreasonably broad in scope in that burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" Google's trademark policies without specifying an appropriate subject matter limitation; and (ii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents Google created consisting of or commenting generally on any change in Google's trademark policy on or around May 14, 2009 with respect to Google's Advertising Programs.

## REQUEST FOR PRODUCTION NO. 5:

All documents relating to Google's communications with current or past Google Customers or with users of Google's Internet search engine, website, or other Internet-related services relating to the sale, marketing, promotion, offering, designation, use, or inclusion of one or more trademarks of language education companies, including but not limited to the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Google objects to this Request on the grounds that it (i) is vague, overly broad, unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as to "other designated search terms," "other messages" and "language education companies" and in that it seeks the production of documents

-8-

related to trademarks other than the alleged Rosetta Stone trademarks and lacks an appropriate

temporal limitation; and (ii) seeks documents protected by the attorney-client privilege, attorney

work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will

produce non-privileged, non-attorney work product documents relating to communications with

Google's advertising customers regarding Rosetta Stone's alleged trademarks and Google's

advertising programs, if any such documents exist and are discovered as a result of Google's

reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 6:

All documents relating to Google's analysis of the use of trademarks as Keywords in paid
advertisements, including but not limited to data provided by or communicated to third party
consultants, data or analysis generated by or stored in third party software, data or analysis
generated by or stored in software developed by Google.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all

documents *relating to*" an analysis of the use of trademarks as keywords without specifying

appropriate subject matter and temporal limitations; (ii) is duplicative of other requests; (iii) is

oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

documents relating to the use of specific trademarks as keywords other than the alleged Rosetta

Stone trademarks; (iv) is vague and ambiguous with regards to the phrase "Keywords in paid

advertisements; and (v) seeks documents protected by the attorney-client privilege, attorney

work-product doctrine, or other applicable privilege".

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to any analysis Google has conducted of the use of the alleged Rosetta Stone trademarks, or trademarks generally, as keywords, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 7:

All documents relating to any senior executive or board meeting, including but not limited to Board of Directors meetings, Executive Management Group meetings, and GPS meetings at which Google's trademark policy or any lawsuit related to that policy was discussed. Such documents shall include, but not be limited to, minutes, notes or reports of meetings.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" "any executive or board meeting and GPS meetings at which . . . any lawsuit related to that policy was discussed" without specifying appropriate subject matter and temporal limitations; (ii) does not define "GPS meetings"; and (iii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google will produce non-privileged, non-attorney work product documents reflecting discussions of Google's trademark policies at senior executive or board meetings, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 8:

All documents relating to the sale, marketing, promotion, offering, designation, use, or inclusion of one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, as Keywords or other designated search terms in Google's Advertising Programs or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome, vague and ambiguous, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal limitations and with regards to "other designated search terms," "other messages," and the phrase "similar to"; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to advertisements where the alleged Rosetta Stone trademarks were used as keywords or in the advertisement text, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 9:

All documents relating to communications between Google and Rosetta Stone.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all

documents *relating to*" communications between Google and Rosetta Stone without specifying

an appropriate subject matter limitation. Specifically it request "all communications," not just

those relevant to this action, including communications between Google and Rosetta Stone

relating to Google's license of Rosetta Stone's products, which are neither relevant to the claim

or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence

and will not be produced; and (ii) seeks information protected by the attorney-client privilege,

attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will

produce non-privileged, non-attorney work product documents related to its communications

with Rosetta Stone related to Google's search and advertising services and products.

## REQUEST FOR PRODUCTION NO. 10:

All documents relating to communications between Google and any third party complaining, objecting to or criticizing Google's sale, marketing, promotion, offering, designation, use, or inclusion of such party's trademarks as a Keyword or other designated search term in Google's Advertising Programs or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including cease and desist letters received by Google from any owner or purported owner of any trademark and any responses to such cease and desist letters, as well as allegations that the use of trademarks would or had caused consumer confusion.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase

"relating to" in asking for "all documents *relating to*" communications with "any" third party

and lacks appropriate subject matter and temporal restrictions; (iii) is neither relevant to the

claim or defense of any party nor reasonably calculated to lead to the discovery of admissible

evidence to the extent it calls for documents relating to trademarks other than the alleged

trademarks at issue in this action; (iv) is vague and ambiguous with regards to "other designated search terms" and "other messages"; (v) seeks information that is not reasonably accessible due to Google; and (vi) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 11:

All documents related to policies, decisions, requests, or other efforts by Google to prevent the distribution or publication of, or to remove, redact or otherwise alter the content of presentations made by Google regarding its Advertising Programs or trademarks, including, but not limited to, a 2003 presentation made by Sheryl Sandberg at the Search Engine Strategies Conference & Expo (see www.searchenginestrategies.com/sew/summer03/presentations.html), and a 2004 presentation made by David Fischer at the Search Engine Strategies Conference & Expo (see www.searchenginestrategies.com/sew/summer04/presentations.html). This request also covers the contents of the presentations themselves.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Google objects to this Request on the grounds that it (i) is vague, ambiguous, overly broad and unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence with regards to the phrase "all documents related to" and "presentations made by Google" and the lack of appropriate subject matter and temporal limitations; (ii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents consisting of presentations made by Google at the Search Engine Strategies Conference & Expo regarding its Advertising Programs or trademarks, and documents relating to decisions regarding the publication of such presentations, if any such documents are discovered as a result of Google's reasonable efforts to locate them.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to "standing requests" from trademark owners to Google asking to prevent those trademark owners' trademarks from being used in the text or title of a Sponsored Link, including but not limited to all documents relating to: (a) the statement of Google's spokesperson to the Washington Examiner as published on October 18, 2007, to the effect that Google's "Trademark Complaint Form" is "both a way for trademark owners to file a complaint about an existing ad and a way for them to place a 'standing request"; (b) copies of all such "standing requests" and Google's responses thereto; (c) all steps that Google has taken to honor such "standing requests"; (d) all ways that Google has communicated to trademark owners the option of making such "standing requests"; and (e) whether or not Google has considered treating the Rosetta Stone Marks as subject to such a "standing request."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that lacks appropriate subject matter and temporal limitations, it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" any trademark, rather than those that are the subject of this litigation; and it includes "all documents relating to" each of the five sub-categories of information; (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (iv) seeks information not in Google's custody or control.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to the Request that concern trademarks generally or Rosetta Stone's alleged trademarks, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to settlement agreements or any other documents memorializing settlement arrangements between Google and a third party relating to Google's sale, marketing, promotion, offering, designation, use, or inclusion of the third party's trademark(s) as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including but not limited to the settlement agreement in American Airlines, Inc. v. Google Inc., Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google objects to this Request on the grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy, (ii) is oppressive, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to settlement agreements and arrangements regarding trademarks other than the alleged Rosetta Stone trademarks and lacks an appropriate temporal limitation; (iii) is vague and ambiguous with regards to "other designated search terms" and "other messages"; (iv) requests disclosure of confidential agreements with third parties; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to any negotiations, agreements, settlements, arrangements or communications with RE/MAX International, Inc. or any of its subsidiaries, affiliates or franchisees related to the use of RE/MAX's trademarks (or those of its subsidiaries, affiliates or franchisees) in Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google objects to this Request on the grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to settlement agreements and arrangements regarding trademarks other than the alleged Rosetta Stone trademarks; (iii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (iv) requests disclosure of confidential agreements with third parties; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 15:**

All documents related to any negotiations, agreements, settlements, arrangements or communications with Time Warner, Inc. or any of its subsidiaries, affiliates or franchisees (including but not limited to AOL LLC) related to the use of Time Warner's trademarks (or those of its subsidiaries, affiliates or franchisees) in Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google objects to this Request on the grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the

Request without appropriate subject matter or temporal limitations; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 16:

All documents related to arrangements, negotiations, discussions or communications with any party concerning requested, suggested, considered or otherwise contemplated modifications of the AdWords Process or other Google policies and procedures concerning the presence of trademarked words or phrases in search queries or Keywords.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Google objects to this Request on the grounds that it (i) is oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; (ii) is duplicative of other requests; (iii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request and lacks appropriate subject matter or temporal limitations; (iv) is vague and ambiguous with regards to "otherwise contemplated"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to the Request relating to communications with third parties regarding potential changes to Google's Advertising Programs relating to the presence of trademarked words generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to the use of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, in any lists of "More Specific Keywords," "Similar Keywords" or any other suggestions of terms, phrases or words to be sold, marketed, promoted, offered, designated, used, or included as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is unduly burdensome and is neither relevant to the claim or defense of any party nor

reasonably calculated to lead to the discovery of admissible evidence in that it asks for "all"

documents regarding use of the alleged Rosetta Stone trademarks; (iii) is vague and ambiguous,

and with regards to "other designated search terms" and "other messages"; (iv) seeks information

protected by the attorney-client privilege, attorney work-product doctrine, or other applicable

privilege.

Subject to and without waiving the foregoing objections, Google responds that it will

produce such non-privileged, non-attorney work product responsive documents it discovers as a

result of Google's reasonable efforts to locate such documents, if any.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to the possibility of removing Trademarks Owned By Third Parties, including but not limited to the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, from any lists or sets of words, terms, or phrases available to be used, included, or designated as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase

"relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks

appropriate subject matter limitations; (iii) is neither relevant to the claim or defense of any party

nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this

action; (iv) is vague and ambiguous with regards to "other designated search terms" and "other

messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-

product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will

produce non-privileged, non-attorney work product documents responsive to this Request in

relation to its preventing third parties from using Rosetta Stone's alleged trademarks or

trademarks generally as keywords or ad text, if any such documents exist and are discovered as a

result of Google's reasonable efforts to locate such documents.


**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to any analysis, review, consideration, deliberations, debate, or
other communications by or on behalf of Google with respect to the possibility of limiting the
sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By
Third Parties, including but not limited to the Rosetta Stone Marks or Terms Similar To The
Rosetta Stone Marks, in Google's Advertising Programs.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase

"relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter or temporal limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents, if any, responsive to this Request regarding Rosetta Stone's alleged trademarks or trademarks generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 20:

All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to the possibility of prohibiting advertisers or potential advertisers from bidding on, purchasing or otherwise using the Trademarks Owned By Third Parties as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter and temporal limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; (iv) is vague and ambiguous with regards to "other designated

search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to this Request regarding trademarks generally and Rosetta Stone's alleged trademarks, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 21:

All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to any financial implications to Google, including but not limited to any increase or decrease in the value of Google's stock or stock options, related to the sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties, including but not limited to the Rosetta Stone Marks and Terms Similar To The Rosetta Stone Marks, as a part of Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents relating to" the subject matter of the Request and lacks appropriate subject matter or temporal limitations; (iii) is vague and ambiguous and overly broad and unduly burdensome as to the phrase "any financial implication"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents commenting on any effect on revenue of the use of trademarks generally, or of Rosetta Stone's alleged trademarks, in

connection with Google's advertising programs, if any such documents exist and are discovered
as a result of Google's reasonable efforts to locate such documents.


**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any analysis, review, consideration, deliberations, debate, or
other communications by or on behalf of Google with respect to any financial implications to
Google, including but not limited to any increase or decrease in the value of Google's stock or
stock options, if Google were to cease all sale, marketing, promotion, offering, designation, use,
or inclusion of Trademarks Owned By Third Parties, including but not limited to the Rosetta
Stone Marks and Terms Similar To The Rosetta Stone Marks, as a part of Google's Advertising
Programs.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence in that it makes

improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the

subject matter of the Request and lacks appropriate temporal and subject matter limitations; (iii)

is vague and ambiguous and overly broad and unduly burdensome as to the phrase "any financial

implication"; and (iv) seeks information protected by the attorney-client privilege, attorney

work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will

produce non-privileged, non-attorney work product documents relating to Google's

consideration of the effect on revenue if no use of trademarks generally, or of Rosetta Stone's

alleged trademarks, were permitted in connection with Google's advertising programs, if any

such documents exist and are discovered as a result of Google's reasonable efforts to locate such

documents.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to any Google polices, guidelines, procedures, or other guidance relating to the sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including all documents relating to any change in, amendment to or modification of such policies, guidelines, procedures or other guidance and the reasons for such changes, amendments or modifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request, lacks appropriate temporal and subject matter limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; (iv) is vague and overbroad with regards to "other designated search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to this Request regarding the alleged Rosetta Stone trademark or trademarks generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to Google's policies, procedures, and guidelines relating to the sale, marketing, promotion, offering, designation, use, or inclusion of Google's own trademarks, including but not limited to the trademark "Google," as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages

published as a part of Google's Advertising Programs, including all documents relating to any change in, amendment to or modification of such policies, guidelines, and procedures, and the reasons for such changes, amendments or modifications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (ii) is vague and ambiguous with regards to "other designated search terms" and "other messages"; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents sufficient to show Google's policies relating to the use of its own trademarks in connection with its advertising programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 25:

All documents related to actions taken by Google to prevent the use in commerce of terms confusingly similar to Google's trademarks, including but not limited to letters or emails written to parties in connection with web sites operated at the Universal Resource Locators, www.g00gle.com, www.booble.com, www.prgoogle.com, and www.googlefone.com.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request and lacks appropriate temporal and

subject matter limitations; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents sufficient to identify those entities whose use of Google's trademark Google has objected to.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of the term "Sponsored Link" as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google objects to this Request on the grounds that it (i) is vague and ambiguous regarding the phrase "Studies . . . concerning the use of the term 'Sponsored Link'"; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent the phrase "all Studies . . . concerning the use of the term 'Sponsored Link'" includes studies focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of to studies undertaken to determine if the term "Sponsored Link" provides any benefit or effect as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs—and lacks an appropriate temporal restriction; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce documents sufficient to show the results or conclusions of non-privileged, non-attorney

work product studies undertaken for the purpose of determining if the term "Sponsored Link" provides any benefit or effect as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.


## REQUEST FOR PRODUCTION NO. 27:

Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning ways in which Internet users distinguish between Sponsored Links and natural (organic) search results, including but not limited to Studies that test the effect of any language, colors, design elements, placement, or disclaimers on such Sponsored Links and natural (organic) search results.


## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to "all" studies without appropriate subject matter or temporal limitations; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent the phrase "all Studies . . . concerning . . . " includes studies focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of studies undertaken to determine generally how Internet users distinguish between Sponsored Links and natural (organic) search results; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce documents sufficient to show results of non-privileged, non-attorney work product studies undertaken to determine generally the ways that Internet users distinguish between

Sponsored links and natural search results, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 28:

All documents analyzing or reporting on the effect on consumers of the layout, design or wording of the results page that a consumer sees after conducting a Google search, including without limitation the selection of the fonts, the colors, the placement of ads and the use of Sponsored Links to denote paid advertisements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome to the extent it seeks documents focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of analysis or reporting of the effect on consumers of the layout, design, and wording of results pages generally—and lacks an appropriate temporal limitation; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product analysis or reporting on the effect of the layout, design or wording of the results page on consumers generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of any trademark as a Keyword in one of Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome to the extent it seeks documents focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—as opposed to studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of trademarks generally or any alleged Rosetta Stone trademark as keywords in Google's advertising programs—and lacks an appropriate temporal limitation; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Notwithstanding and without waiving these specific objections or the General Objections, Google responds that it will produce documents sufficient to show the results of general, non-privileged, non-attorney work product studies relating to the general use of trademarks, or the use of the alleged Rosetta Stone trademarks, as keywords in Google advertising programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning the effectiveness for advertisers of Google's Advertising Programs, natural search results, or the use of trademarks or brands as Keywords.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "concerning" in asking for "all documents *concerning*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (ii) is vague and ambiguous with regards to "effectiveness for

advertisers"; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 31:

Documents sufficient to show calculations and/or estimates of the total amount of revenues, profits, and other consideration that Google has received or expects to receive from Google's Advertising Programs, by quarter, from the inception of such advertising programs to the date Google produces documents responsive to this Request, including documents that substantiate such calculations and/or estimates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to all calculations from the inception of the advertising programs in a manner that Google does not or has not always maintained; (ii) is overly broad and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the production of information not related to the alleged Rosetta Stone trademarks and does not contain an appropriate temporal limitation; (iii) seeks premature expert opinion; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents sufficient to show estimations and amounts of revenues and profits that Google has received from its advertising programs.

## REQUEST FOR PRODUCTION NO. 32:

Documents sufficient to show calculations and/or estimates of the total amount of revenues, profits, and other consideration that Google has received or expects to receive from the sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising

Programs, by quarter, from the inception of such advertising programs to the date Google produces documents responsive to this Request, including documents that substantiate such calculations and/or estimates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome to the extent that it would require knowledge of every trademark in existence; (ii) is overly broad and unduly burdensome in that it seeks calculations from the inception of the advertising programs in a manner that Google does not or has not always maintained; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the production of information not related to the alleged Rosetta Stone trademarks and does not contain an appropriate temporal limitation; (iv) is vague and ambiguous with regards to "other designated search terms" and "other messages"; (v) seeks premature expert opinion; and (vi) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 33:

Documents sufficient to show calculations and/or estimates of the total amount of revenues, profits, and other consideration that Google has received or expects to receive from the sale, marketing, promotion, offering, designation, use, or inclusion of Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, by quarter, from the inception of such advertising programs to the date Google produces documents responsive to this Request, including documents that substantiate such calculations and/or estimates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome, and is neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence, in that it requests all calculations since the inception of the advertising programs; (iii) requests information in a manner that Google does not have or maintain and/or is not reasonably accessible to Google; (iv) is vague and ambiguous with regard to "other designated search terms" and "other messages; (v) seeks premature expert opinion; and (vi) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive revenue documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 34:

Documents sufficient to show calculations and/or estimates of the total amount of revenues, profits, and other consideration that Google has received or expects to receive from the sale of Trademarks Owned By Third Parties as Keywords in Google's Advertising Programs, including documents that substantiate such calculations and/or estimates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome to the extent that it would require knowledge of every trademark in existence; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the production of information not related to the alleged Rosetta Stone trademarks and does not contain an appropriate temporal limitation; (iv) seeks premature expert opinion; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show calculations and/or estimates of the total amount of revenues, profits, and other consideration that Google has received or expects to receive from the sale of one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks as Keywords in Google's Advertising Programs, including documents that substantiate such calculations and/or estimates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it requests information into the future; (iii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; (iv) seeks premature expert opinion; (v) is vague and ambiguous with regards to "other designated search terms" and "other messages"; and (vi) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive revenue documents it discovers as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show quarterly gross or net revenue, profits, costs and expenses attributable to the sale, marketing, promotion, offering, designation, use, or inclusion of Keywords or designated search terms in Google's Advertising Programs, from the inception of such advertising programs to the date when Google produces documents responsive to this Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it requests all profits and expenses from the inception of the advertising programs; (ii) is overly broad and unduly burdensome in that it requests information that has not always been and/or is not maintained by Google; (iii) seeks premature expert opinion; (iv) is vague and overbroad with regards to "designated search terms"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive revenue documents it discovers as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 37:**

All of Google's quarterly and annual audited financial statements and annual reports from 1998 through April 29, 2004, the date of Google's Form S-1 Registration Statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google objects to this Request on the grounds that it is overly broad and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal limitations.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to Google's relationship to EnglishCentral, Inc. ("EnglishCentral"), including but not limited to documents pertaining to Google Ventures' investment in EnglishCentral, Google's promotion or planned promotion of EnglishCentral's products and services; documents analyzing the competitive landscape for EnglishCentral's

products and/or services; documents discussing English Central and Rosetta Stone, either directly or implicitly; and Google's or any other party's long-term strategic plans for EnglishCentral.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it asks for "all" documents relating to English Central without any temporal or subject matter limitations; and calls for the production of documents not created for, or used in connection with, any of Google's advertising programs; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to Google Ventures' investment in EnglishCentral that reflects EnglishCentral's strategy regarding, or transactions with, any Google advertising program, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to any analysis, review, or consideration of any legal issue relating to, in any way, the sale, marketing, promotion, offering, designation, use, or inclusion by any person of trademarks, or words confusingly similar thereto, in Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google objects to this Request on the grounds that it (i) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; (ii) is

overly broad and unduly burdensome in that it seeks the production of documents created or received by Google before July 10, 2004, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; and (iii) is duplicative of other requests.

## REQUEST FOR PRODUCTION NO. 40:

All documents relating to any legal opinion created by, obtained by, or provided to Google that relates to the sale, marketing, promotion, offering, designation, use, or inclusion of trademarks as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Google objects to this Request on the grounds that it (i) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; and (iii) is vague and ambiguous with regards to "other designated search terms" and "other messages.".

## REQUEST FOR PRODUCTION NO. 41:

All documents relating to the role of trademarked terms in consumer search activity, including but not limited to studies, surveys, reports, analyses, opinions, memoranda, or communications, including, but not limited to, documents created by third-parties, such as consumer research organizations, investment banks, consulting firms, and advertising agencies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome, is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents relating to" the subject matter of the Request, lacks appropriate temporal and subject matter limitations, and to the extent it calls for the production of information related to specific trademarks other than the alleged Rosetta Stone trademarks; (ii) is duplicative of other requests; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to any analysis of the role of trademarked terms in consumer search activity, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to every instance in which any of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, has been sold, marketed, promoted, offered, designated, used, or included as a Keyword or other designated search term in any of Google's Advertising Programs, including but not limited to agreements, proposals, the advertisements or "Sponsored Links" triggered by or containing the Rosetta Stone Marks or by Terms Similar To The Rosetta Stone Marks and any screenshots of such advertisements or "Sponsored Links."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter limitations; (iii) is vague and overbroad with regards to "other

designated search terms"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 43:

All documents relating to every instance in which any of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, has been marketed, promoted, offered, designated, used, or included in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including agreements and proposals.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter limitations; and (iii) seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce communications and agreements relating to ads that contain one of Rosetta Stone's alleged trademarks and have appeared as Sponsored Links in response to a given Keyword that consists of or contains one of Rosetta Stone's alleged trademarks.

## REQUEST FOR PRODUCTION NO. 44:

All documents relating to every instance in which Google or its programming has included one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks in lists of "More Specific Keywords," "Similar Keywords" or any other suggestions of terms,

phrases or words to be sold, marketed, promoted, offered, designated, used, or included as Keywords or other designated search terms in Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase

"relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks

appropriate subject matter limitations; (iii) is vague and ambiguous with regards to "other

designated search terms"; and (iv) seeks information protected by the attorney-client privilege

and attorney work-product doctrine.

## REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to identify and provide the following information concerning all search terms that Google or its programming have designated to trigger the publication of a question on Google's search results page asking whether the Internet user that entered the search term in question "mean[t]" to use one or more of the Rosetta Stone Marks as an Internet search term:

    (a)    the number of times that the search term was entered into Google's search engine and then triggered the publication of the question "Did you mean" one or more of the Rosetta Stone Marks, in terms of page views or another readily available measure; and

    (b)    the number of times that Internet users followed Google's suggestion and clicked on the link asking whether they "mean[t]" to search one or more of the Rosetta Stone Marks.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome, and is neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence, in that it requests

information about all search terms without proper subject matter or temporal limitations; (iii) is

vague and ambiguous with regards to "other designated search terms"; and (iv) requests

information that Google does not have or maintain and/or is not reasonably accessible to Google.


## REQUEST FOR PRODUCTION NO. 46:

Documents including, but not limited to, data dictionaries, data schema, flowcharts, technical manuals, user manuals, data flow diagrams, strategic plans, budgets, business analyst documentation, training materials and internal reports or publications sufficient to describe in detail all systems, programs, procedures, databases (for example, Bigtable), fields columns, tables and metadata associated with the transactional activity related to publication of a question on Google's search results page asking whether the Internet user that entered the search term in question "mean[t]" to use a certain search query.


## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Google objects to this Request on the grounds that it is overly broad and unduly

burdensome, and is neither relevant to the claim or defense of any party nor reasonably

calculated to lead to the discovery of admissible evidence, in that it makes improper use of the

omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the

Request and lacks appropriate temporal and subject matter limitations.

Subject to and without waiving the foregoing objections, Google responds that it will

produce documents sufficient to generally describe its "did you mean" function.


## REQUEST FOR PRODUCTION NO. 47:

Documents sufficient to identify and provide the following information concerning all search terms that Google or its programming have identified as a "misspelling" of one or more of the Rosetta Stone Marks when entered into the Google search engine as a search term such that the correct spelling of the Rosetta Stone Mark will appear within the text of the resulting Sponsored Link(s):

(a)     the number of times that the misspellings have been used as search terms in Google's search engine;

(b)     the number of page views of each Sponsored Link in which a "misspelled" search term was displayed in the text of the Sponsored Link as a Rosetta Stone Mark; and

(c) the number of times that an Internet user "clicked through" a Sponsored Link in which a "misspelled" search term was displayed in the text of the Sponsored Link as a Rosetta Stone Mark.


## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it asks three subcategories of information regarding "all search terms" without appropriate subject matter and temporal limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents not related to Google's advertising programs; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.


## REQUEST FOR PRODUCTION NO. 48:

Documents sufficient to identify and provide the following information concerning all Broad Match Keywords that Google or its programming have designated to trigger the Sponsored Links of a Google Customer that has designated one or more of the Rosetta Stone Marks as a Keyword in one of Google's Advertising Programs:

(a)     the search query and Broad Match Keywords used;

(b)     the name of the Google Customer;

(c)     the contents of the Sponsored Link;

(d)     the number of page views of each Sponsored Link triggered by a use of such a Broad Match Keyword; and

(e)     the number of times that an Internet user "clicked through" a Sponsored Link triggered by a use of such a Broad Match Keyword.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Google objects to this Request on the grounds that it (i) is overbroad, oppressive, and unduly burdensome and without appropriate subject matter or temporal limitations; and (ii) seeks information that Google does not have or maintain and/or is not reasonably accessible to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify and provide the following information concerning all Related Keywords that Google or its programming have suggested to Google Customers and/or Internet users when such Google Customers and/or Internet users have designated one of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks as a Keyword in one of Google's Advertising Programs:

(a)     the Keywords and Related Keywords used and the identity of the Google Customers in question;

(b)     the number of times that Google or its programming suggested that such Related Keyword be used, in terms of page views or other available measure;

(c)     the number of times that a Google Customer followed Google's suggestion and designated such Related Keyword to be used as a Keyword in Google's Advertising Program;

(d)     the number of page views of each Sponsored Link triggered by a use of such a Related Keyword;

(e)     the contents of each Sponsored Link triggered by a use of such a Related Keyword; and

(f)     the number of Click throughs a Sponsored Link triggered by a use of such a Related Keyword received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Google objects to this Request on the grounds that it (i) is overbroad, oppressive, and unduly burdensome and without appropriate subject matter or temporal limitations; and (ii) seeks information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to identify the 50 Related Keywords that Google or its programming have suggested to Google Customers and/or Internet users most frequently when such Google Customers and/or Internet users have designated one of the Rosetta Stone Marks as a Keyword in one of Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is inherently dynamic in nature and therefore no singular set of responsive data exists; (iii) is overly broad and unduly burdensome in that it has no appropriate temporal limitation; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to identify the 100 Broad Match Keywords that Google or its programming have most frequently designated to trigger the Sponsored Links of Google Customers that have designated a Rosetta Stone Mark as a Keyword in one of Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is inherently dynamic in nature and therefore no singular set of responsive data exists; (iii) is overly broad and unduly burdensome in that it has no appropriate limitation as to time; and (iv)

requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 52:**

All documents sufficient to identify every search query for which Google or its programming has included or will include one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks in its list of Query Suggestions created by Google Suggest, and the related list of suggestions offered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome, and is neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks

documents not related to Google's advertising programs and lacks appropriate temporal

limitations; and (iii) requests information that Google does not have or maintain and/or is not

reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 53:**

All documents sufficient to identify the Query Suggestions generated by Google Suggest, Google or its programming when a search query based on a user's entry or partial entry of a query containing one or more of the Rosetta Stone Marks, Terms Similar To The Rosetta Stone Marks, or fractions thereof which Google or its programming relates to the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, as well as the associated query text.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the

discovery of admissible evidence in that it seeks documents not related to Google's advertising

programs; (iii) is vague and ambiguous with regards to "partial entry of a query" and "fractions thereof"; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

## REQUEST FOR PRODUCTION NO. 54:

All documents that show every Sponsored Link or other message published as a part of Google's Advertising Programs, in the form it was published, that was triggered by a Keyword or other designated search term that incorporates one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests "all" documents that show "every" Sponsored Link with no appropriate temporal limitations; (iii) seeks documents that are not reasonably accessible to Google; (iv) is vague and ambiguous with regards to "other designated search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents that show Sponsored Links that were triggered by an alleged Rosetta Stone trademark used as a keyword.

## REQUEST FOR PRODUCTION NO. 55:

Documents sufficient to identify and provide the following information concerning each and every Sponsored Link or other messages published as a part of Google's Advertising Programs that was triggered by a Keyword or other designated search term that incorporates one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks:

(a)     All identifying information in Google's possession relating to the Google Customer associated with such a Sponsored Link or message, and/or on whose behalf such a Sponsored Link or message was created or purchased;

(b)     The Uniform Resource Locator (URL) linked to each such Sponsored Link or message;

(c)     The number of impressions per month that each such Sponsored Link or other message received;

(d)     The monthly total amounts of Internet traffic registered on or through each such Sponsored Link or message, as registered in clickthroughs, clicks, hits, unique Internet users and/or IP addresses;

(e)     The Clickthrough rate for each such Sponsored Link or other message;

(f)     The monthly total amounts of revenue, profits, or other consideration paid or owed to Google that are attributable to each such Sponsored Link or message, or if no such documents are available, the estimated amount of revenue, profits, or consideration to Google that are attributable to each such Sponsored Link or message;

(g) The monthly total amounts of costs and expenses incurred by Google that are attributable to each such Sponsored Link or message, or if no such documents are available, the estimated amount of costs and expenses incurred by Google that are attributable to each such Sponsored Link or message;

(h)     The amounts charged by Google per month to secure the placement of such a Sponsored Link or message.

(i)     The text of all such Sponsored Links;

(j)     All other Keywords used by the Google Customer responsible for such a Sponsored Link; and

(k)     The price paid per click on each such Sponsored Link.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome with respect to its numerous subparts and lack of

appropriate subject matter and temporal limitations; (iii) is vague and ambiguous with regards to

"other messages," "other designated search term," and "or message"; and (iv) requests

information that Google does not have or maintain and/or is not reasonably accessible to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 56:

All documents associated with the transactional activity related to the AdWords Process that relates to all search queries received by Google which included one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, including, but not limited to, the full text of the relevant search queries, all Sponsored Links served in response to those search queries, clickstream data collected in connection with the search queries, any scoring of the Sponsored Link or Keyword related to the search query, the price-per-click bid or impression cost associated with all Sponsored Links served in response to those search queries, and any revenue collected by Google associated with that search query.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it lacks appropriate subject matter limitations and relates to "all" search queries containing the Rosetta Stone Marks and all "associated" documents; (iii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 57:

All documents associated with the transactional activity related to the AdWords Process that relates to all search queries received by Google which did not contain any of the Rosetta Stone Marks but were broad matched to Keywords which are Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, including, but not limited to, the full text of the relevant

search queries, all Sponsored Links served in response to those search queries, clickstream data collected in connection with the search queries, any scoring of the Sponsored Link or Keyword related to the search query, the price-per-click bid or impression cost associated with all Sponsored Links served in response to those search queries, and any revenue collected by Google associated with that search query.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it relates to "all" search queries containing the Rosetta Stone Marks and all "associated" documents; (iii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 58:

All documents available to Google or Google's advertisers concerning each Sponsored Link or other message published as a part of Google's Advertising Programs that was triggered by a Keyword or other designated search term that incorporates one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks including without limitation:

    (a)     click stream data;

    (b)     landing pages;

    (c)     conversion rate;

    (d)     quality score;

    (e)     measures of customer loyalty;

    (f)     length of visit;

(g)     navigation summaries;

(h)     funneling;

(i)     depth of visit;

(j)     Clickthrough rates and/or other data measured and captured by Google or its advertisers concerning consumer responses; and

(k)     other data available to the advertisers responsible for such Sponsored Links through Google Analytics or any other program, database, or store of knowledge offered or maintained by Google.


## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) seeks analytic data belonging to third parties; (iii) is dynamic in nature; and (iv) is overly broad and unduly burdensome because it requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents relating to the requested metric data available about advertisements that were triggered by an alleged Rosetta Stone trademark that it discovers as a result of Google's reasonable efforts to locate such documents.


## REQUEST FOR PRODUCTION NO. 59:

All documents associated with the use of Google Checkout for the purchase of language education products or services from any source.


## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Google objects to this Request on the grounds that it (i) is vague and ambiguous with regards to "language education products or services," "any source," and "associated"; (ii) is

overly broad and unduly burdensome in that Google does not know the identity of all language

education products or services; (iii) is overly broad and unduly burdensome and is neither

relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of

admissible evidence in that it does not relate to Google's advertising programs; and(iv) is overly

broad in that it provides for no temporal limitations.

## REQUEST FOR PRODUCTION NO. 60:

Documents sufficient to identify the individuals who develop, maintain or are responsible for all systems, programs, procedures and databases associated with the AdWords Process, as well as the individuals' immediate supervisor and any direct reports.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome in that it relates to all individuals related to "all systems," contains no appropriate

temporal limitations, and seeks the identification of individuals other than those identified

through the production of otherwise responsive documents; (ii) is vague and ambiguous with

regards to "are responsible for"; and (iii) requests documents that Google does not maintain in

this manner.

## REQUEST FOR PRODUCTION NO. 61:

Documents sufficient to identify the individuals with responsibility for functions related to Google's Advertising Programs, including individuals with marketing, sales, finance and operational responsibilities, as well as the individuals' immediate supervisor and any direct reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome in that it relates to all individuals related to all individuals related to the Advertising

Programs, contains no appropriate temporal limitations, and seeks the identification of

individuals other than those identified through the production of otherwise responsive

documents; (ii) is vague and ambiguous with regards to "functions related to Google's

Advertising Programs"; and (iii) requests documents that Google does not maintain in this

manner.

**REQUEST FOR PRODUCTION NO. 62:**

All documents concerning all reporting on, advertising, marketing, optimizing or selling
of Google's Advertising Programs to advertisers or potential advertisers in the language
education field, whether or not the information concerns Rosetta Stone Marks or Terms Similar
To The Rosetta Stone Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome in that it relates to "all" documents and contains no appropriate subject matter or

temporal limitations, and Google does not know the identity of all language education products

or services; and (iii) is vague and ambiguous with regards to "language education field" and

"potential advertisers."

**REQUEST FOR PRODUCTION NO. 63:**

All documents concerning all Studies, analyses, reports or presentations prepared by or
for Google relating to companies that Google considers to be within the language education field
or that sell language learning products and/or services, including but not limited to Compete
Studies and Quarterly Reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to "all" documents "concerning" the subject matter of the Request, Google does not know the identity of all language education products or services, and it lacks appropriate subject matter and temporal limitations; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent responsive documents are based on information not created for, or used in connection with, any of Google's advertising programs; (iii) is vague and ambiguous with regards to "language education field"; and (iv) seeks information that is not in Google's possession, including the identity of potential customers.

**REQUEST FOR PRODUCTION NO. 64:**

All documents sufficient to analyze the demographic profile or consumer typology of consumers who have or are likely to use Google's search engines to find information or services related to language education products and/or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that Google does not know the identity of all language education products or services; and (ii) is vague and ambiguous with regards to "language education products and/or services"; and "consumer typology."

**REQUEST FOR PRODUCTION NO. 65:**

All documents concerning every instance in which one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks was purchased as an AdWord or other keyword by an entity other than Rosetta Stone for use in Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Google objects to this Request on the grounds that it assumes facts not in evidence.

Google does not make AdWords or other keywords available for purchase.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to describe and/or explain Google's Premium Sponsorship Program ("PS Program"), including but not limited to whether the PS Program used Keywords at any time, the policies relating to the PS Program and the reasons for discontinuing the PS Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Google objects to this Request on the grounds that it (i) is unduly burdensome in that it requests policies relating to the program at any time; and (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.in that it contains no appropriate temporal restriction

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 67:**

All transcripts of depositions and the exhibits thereto, in *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Google objects to this Request on the grounds that it (i) is overly broad in that it requests all transcripts of all depositions; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks

and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; (iii) seeks information protected under the Confidentiality Agreement entered into by the parties in that case; and (iv) seeks transcripts (and exhibits thereto) regarding parties and facts not involved or related to the current litigation.

**REQUEST FOR PRODUCTION NO. 68:**

All expert reports, consumer or user confusion studies, and all documents relating to such reports or studies prepared in connection with *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all" documents "*relating to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; (iii) seeks information protected under the Confidentiality Agreement entered into by the parties in that case; (iv) seeks expert reports regarding parties and facts not involved in the current litigation or related to it; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 69:**

Copies of all requests to and responses to requests for admission by Google in *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Google objects to this Request on the grounds that it (i) is overly broad and without proper subject matter limitations; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; and (iii) seeks discovery regarding parties and facts not involved in the current litigation or related to it.

**REQUEST FOR PRODUCTION NO. 70:**

All documents relied on by any expert whom Google intends to call as a witness in connection with this action or any other litigation relating to the Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome in that it requests "all" documents and vague as to "other litigation relating to Google's Advertising Programs"; and (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks expert materials from other litigations.

**REQUEST FOR PRODUCTION NO. 71:**

All factual observations, tests, supporting data, calculations, photographs, screenshots, opinions, records or reports of any expert whom Google may call to testify at trial or of any consulting expert whose opinions or impressions have been or will be reviewed by a testifying expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome in that it requests "all" data and reports rather than those limited to the subject

matter of this litigation; (ii) is neither relevant to the claim or defense of any party nor reasonably

calculated to lead to the discovery of admissible evidence, especially to the extent this request is

not limited to expert materials from the current litigation; (iii) is beyond the scope of the Federal

Rules of Civil Procedure and the Court's scheduling order entered in this action; (iv) is

premature under the Federal Rules of Civil Procedure and the Court's scheduling order; and (v)

requests information protected from discovery regarding consulting experts or protected from

discovery by agreement of the parties.


**REQUEST FOR PRODUCTION NO. 72:**

All documents and tangible evidence prepared by or for each expert who may be called
by Google to testify in the trial of the case and as to each consulting expert whose opinions or
impressions have been or will be reviewed by a testifying expert.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome in that it requests "all" documents and evidence; (ii) is neither relevant to the claim

or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence

to the extent it seeks documents and evidence prepared for actions other than this one; (iii) is

beyond the scope of the Federal Rules of Civil Procedure and the Court's scheduling order

entered in this action; (iv) is premature under the Federal Rules of Civil Procedure and the

Court's scheduling order; and (v) requests information protected from discovery regarding

consulting experts or protected from discovery by agreement of the parties.

**REQUEST FOR PRODUCTION NO. 73:**

All papers, treatises, reports or other publications authored by (a) each expert who may be called by Google to testify at the trial of this case or (b) each consulting expert whose opinions or impressions have been or will be reviewed by a testifying expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Google objects to Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) it requests information protected from discovery regarding consulting experts; (iii) is overly broad and unduly burdensome in that it requests "all" papers, treatises, reports or other publications; (iv) requests documents not in Google's possession, custody or control; and (v) is beyond the scope of the obligations of Rule 26 regarding expert discovery.

**REQUEST FOR PRODUCTION NO. 74:**

All magazines, books, periodicals, articles, journals or treatises and any other published information upon which Google or any person who is to testify on your behalf, including experts, intends to rely for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Google objects to this Request on the grounds that it is (i) premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) requests information protected from discovery regarding consulting experts; (iii) requests information protected by the attorney work-product doctrine; (iv) is overly broad and unduly burdensome in that it requests "all" published information on which any person testifying will rely for "any purpose"; (v) requests documents not in Google's possession, custody or control; and (vi) is beyond the scope of the obligations of Rule 26 regarding expert discovery.

**REQUEST FOR PRODUCTION NO. 75:**

Curriculum vitae for all expert witnesses designated by Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to experts designated in this case; (iv) is overly broad and unduly burdensome in that it requests all curriculum vitae for all expert witnesses; (v) requests documents not in Google's possession, custody or control; and (vi) is beyond the scope of the obligations of Rule 26 regarding expert discovery.

**REQUEST FOR PRODUCTION NO. 76:**

All documents relating to consumer or user understanding or perception of Google's Sponsored Links, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome, as it seeks information about every Sponsored Link and is not limited to documents relating to this case; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent such documents relate to specific trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action and lacks appropriate subject matter and temporal limitations; and (iv) seeks

information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents consisting of studies generally relating to consumer or user understanding or perception of Google's Sponsored Links other than those conducted by experts retained by Google in connection with litigation, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 77:

All documents relating to consumer or user confusion related in any way to Google's Sponsored Links, Google's Advertising Program and/or the use of Keywords in search engines, including surveys conducted by or for Google relating to the sale, marketing, promotion, offering, designation, use, or inclusion of Keywords by Google in any way. This Request specifically includes draft surveys and survey results relating to the potential for likelihood of consumer confusion arising out of the sale, marketing, promotion, offering, designation, use, or inclusion of trademarks as Keywords or designated search terms in Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information about consumer confusion—not caused or even arguably caused—by the use of trademarks other than the alleged Rosetta Stone trademarks at issue in this action and lacks an appropriate temporal limitation; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents consisting of studies generally relating to consumer confusion resulting from Google's advertising programs other than those conducted by experts retained by Google in connection with litigation, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 78:

All documents relating to consumers' ability, or lack thereof, to recognize Google's Sponsored Links as paid advertisements, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent such documents relate to specific Sponsored Links other than those relating to the alleged Rosetta Stone trademarks at issue in this action or Sponsored Links generally; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents consisting of studies relating to consumers' ability, or lack thereof, generally to recognize Google's Sponsored Links as paid advertisements other than those conducted by experts retained by Google in connection with litigation, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 79:**

All documents, including but not limited to those maintained in the Trakken system, that relate to consumer confusion (either showing confusion or lack of confusion) with, criticism of, or suggestions for improvement for: Sponsored Links, the relationship of Sponsored Links to natural search results, the layout of the paid and unpaid search results page, the use of the terms "Sponsored Links" or the relationship between the consumer's search query and the paid results presented by Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly

burdensome and neither relevant to the claim or defense of any party nor reasonably calculated

to lead to the discovery of admissible evidence in that it is not limited to confusion relating to the

alleged Rosetta Stone trademarks at issue in this action and lacks appropriate temporal

limitations; and (ii) seeks information protected by the attorney-client privilege, the attorney

work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 80:**

All documents on which Google intends to rely to defend against the claims asserted by Rosetta Stone in this lawsuit, including but not limited to all documents that Google intends to use to prove that Google did not willfully or intentionally violate any of Rosetta Stone' rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Google objects to this Request on the grounds that it is premature under the Federal Rules

of Civil Procedure and the Court's scheduling order.

**REQUEST FOR PRODUCTION NO. 81:**

All documents reflecting the absence of documents, failure to maintain documents, or destruction of documents relating to the sale, marketing, promotion, offering, designation, use, or inclusion of trademarks, or words confusingly similar thereto, as Keywords or other designated search terms in Google's Advertising Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Google objects to this Request on the grounds that it (i) taken in its entirety, is not meaningful or understandable; (ii) is vague and ambiguous with regards to "other designated search terms"; (iii) is overly broad and unduly burdensome in that it requests "all" documents reflecting the absence of any documents, is not limited in time, scope, or type of document and appears to relate to every document ever created by Google; (iv) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal restrictions; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 82:**

All documents relating to Google's document retention policy from January 1, 2003, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" all document retention policies and is not appropriately limited temporally; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce any written document retention policy regarding Google corporate documents.

## REQUEST FOR PRODUCTION NO. 83:

All charts, summaries or calculations of the contents of any voluminous writings, recordings or photographs as defined by Fed. R. Evid. 1001, which cannot conveniently be examined in court, and which Google or its attorneys plan or expect to offer or may offer as evidence at the trial of this lawsuit pursuant to Fed. R. Evid. 1006 or any other law.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Google objects to this Request on the grounds that it is premature under the Federal Rules

of Civil Procedure and the Court's scheduling order.

## REQUEST FOR PRODUCTION NO. 84:

The contents of voluminous writings, recordings or photographs which Google or its attorneys may present in the form of such summaries, charts or photographs as described in the preceding Request.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Google objects to this Request on the grounds that it is premature under the Federal Rules

of Civil Procedure and the Court's scheduling order.

## REQUEST FOR PRODUCTION NO. 85:

All documents sufficient to show how Google determines which Sponsored Links it presents to a user when one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks are used as a search term or as part of a search query.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Google objects to this Request on the grounds that it (i) is overbroad, oppressive, and

unduly burdensome in that it requests documents relating to all Sponsored Links relating to all

queries with Rosetta Stone Marks and lacks appropriate temporal limitation; (ii) seeks

information about the technical operation of Google's advertising programs that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; and (iii) seeks highly confidential trade secret information.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents sufficient to generally describe the process for determining which Sponsored Links to present when an alleged Rosetta Stone Mark is entered as a search query.

## REQUEST FOR PRODUCTION NO. 86:

All documents that identify or describe the manner in which a particular website is selected or listed as a Sponsored Link when a user enters a search using Trademarks Owned By Third Parties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it relates to trademarks other than the alleged Rosetta Stone trademarks and is not appropriately limited as to time; and (iii) seeks information, including source code, about the technical operation of Google's advertising programs that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence and is highly confidential.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents sufficient to generally describe the process for determining which Sponsored Links to present when Trademarks Owned By Third Parties are entered as a search queries.

**REQUEST FOR PRODUCTION NO. 87:**

All documents sufficient to show how Google determines which search terms to suggest through its Google Suggest or Query Suggestions function, as described at http://www.google.com/support/websearch/bin/answer[.]py?hl=en&answer=106230, when a user enters or begins to enter a search query including one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, or any fraction thereof which Google or its programming relate to one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is unreasonably broad in scope and vague and ambiguous as to "any fraction thereof" ; (iii) is

overbroad, oppressive, and unduly burdensome because it seeks technical information and

information relating to search query suggestions, which do not relate to Google's advertising

programs and lacks an appropriate temporal limitation, and is therefore neither relevant to the

claim or defense of any party nor reasonably calculated to lead to the discovery of admissible

evidence; and (iv) seeks information that is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 88:**

All documents used by Google or its programming to broad match search queries containing one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks to Keywords which are not Rosetta Stone Marks or Terms Similar To Rosetta Stone Marks, including, but not limited to, data tables.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Google objects to this Request on the grounds that it (i) is overbroad, oppressive, and

unduly burdensome in that it relates to all documents used to perform a technical function and

lacks an appropriate temporal limitation; (ii) seeks technical information that is neither relevant

to the claim or defense of any party nor reasonably calculated to lead to the discovery of

admissible evidence (iii) seeks information that is not reasonably accessible to Google; and (iv) seeks highly confidential trade secret information.

**REQUEST FOR PRODUCTION NO. 89:**

All documents used by Google or its programming to broad match search queries not containing Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks to Keywords which are or contain one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, including, but not limited to, data tables.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Google objects to this Request on the grounds that it (i) is overbroad, oppressive, and unduly burdensome in that it relates to all documents used to perform a technical function and lacks an appropriate temporal limitation; (ii) seeks technical information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence (iii) seeks information that is not reasonably accessible to Google; and (iv) seeks highly confidential trade secret information.

**REQUEST FOR PRODUCTION NO. 90:**

All documents related to algorithms, processes, mechanisms or techniques used by Google or its programming to identify Keywords that it suggests, offers, provides or otherwise makes known to Google Customers as part of any optimization or other service provided to Google Customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Google objects to this Request on the grounds that it (i) is overly broad, oppressive, and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (ii) seeks technical information that is neither relevant to the claim

or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence and includes highly confidential trade secrets; (iii) is vague and ambiguous with regards to "any optimization or other service"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 91:

All documents related to algorithms, processes, mechanisms or techniques used by Google or its programming to identify words or phrases as part of the "Did You Mean" functionality of Google's web site.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Google objects to this Request on the grounds that it (i) is overly broad, oppressive, and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (ii) seeks technical information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence and includes highly confidential trade secrets; (iii) is vague and ambiguous with regards to "any optimization or other service"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

## REQUEST FOR PRODUCTION NO. 92:

All agreements, including drafts thereof, that reference the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Google objects to this Request on the grounds that (i) it is duplicative of other requests; (ii) is overly broad and unduly burdensome and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to Google's advertising programs, including documents relating to Google's license(s) relating to Rosetta Stone products and service and lacks an appropriate temporal limitation; (iii) as used in context, "agreements" is vague and ambiguous; and (iv) it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce agreements with Rosetta Stone concerning Google's search and advertising services and products.

GOOGLE, INC.
By counsel

Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire (Admitted *Pro Hac Vice*)
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **Defendant Google Inc.'s**

**Responses to Plaintiff Rosetta Stone LTD.'s First Request for Production of Documents**

was transmitted via electronic-mail and first-class mail, this 17th day of November, 2009, to:

Terence P. Ross, Esquire
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
tross@gibsondunn.com
*Counsel for Plaintiff Rosetta Stone Ltd.*

Margret M. Caruso