# Exhibit 4

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| ROSETTA STONE LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.<br><br>    Defendant. | CIVIL ACTION NO. 1:09cv736 (GBL / TCB) |

## DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF ROSETTA STONE LTD.'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Google Inc. ("Google"), by and through its attorneys, hereby responds to plaintiff Rosetta Stone, Ltd.'s ("Rosetta Stone") Second Request for the Production of Documents from Defendant Google as follows:

### Preliminary Statement

Google has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet completed its preparation for trial. Consequently, Google reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Google's responses are based on facts and documents that Google has identified to date, they do not preclude Google from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Google's partial response to any of Rosetta Stone's Second Request for the Production of Documents ("Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

**Objections Applicable to Rosetta Stone's Instructions, Definitions, And All Requests**

Google objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of Google's response to each and every individual request:

1.    Google objects to the Requests on the grounds that they seek to impose obligations upon Google not required by the Federal Rules of Civil Procedure.

2.    Google objects to the Requests on the ground that they call for information that is not relevant to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent they call for the production of documents created or received by Google before July 10, 2004. Google's production of documents in response to these requests will be limited to documents created or received by Google on or after July 10, 2004, except for certain documents relating to use of Rosetta Stone marks and Rosetta Stone's participation in Google's advertising programs.

3.    Google objects to the Requests on the ground that, individually and taken as a whole, they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic, and in seeking the production of documents created or received by Google before July 10, 2004. Google's production of documents in response to these requests will be limited to documents created or received by Google on or after July 10, 2004, except for certain documents relating to use of Rosetta Stone marks and Rosetta Stone's participation in Google's advertising programs.

4.    Google objects to the Requests to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege.

5. Google objects to the Requests (with the exception of those requests calling for certain publically available documents related to experts) on the grounds that they call for the production of confidential, proprietary and/or trade secret information of Google and/or others. Google will not produce such confidential and proprietary documents except pursuant to and in reliance upon a protective order that includes a provision for review of certain highly confidential documents only by attorneys.

6. Google objects to the Requests on the grounds that they call for the production of documents and tangible things not in Google's possession, custody or control.

7. Google objects to the Requests on the grounds that they seek information protected by the right to privacy under state and/or federal laws.

8. Google objects to the Instructions, Definitions and Requests as overly broad, unduly burdensome, cumulative and duplicative to the extent that they seek the production of "any," "each" or "all" documents of a specified type or nature, when a limited number of such documents will provide the requested information.

9. Google objects to the definition of "Terms Similar To The Rosetta Stone Marks" on the basis that the phrase "all terms similar to" is vague and overbroad and that it would be unduly burdensome first to identify a set of words within the universe of "Terms Similar To The Rosetta Stone Marks" and then to search for documents containing each such word or combination of words. Google further objects on the grounds that "Terms Similar To The Rosetta Stone Marks" includes terms that are not confusingly similar to Rosetta Stone's alleged trademarks as a matter of trademark law and the definition is thereby overbroad and unlikely to lead to the discovery of admissible evidence. Google's production of documents in response to these requests will be limited to the Rosetta Stone Marks identified in Rosetta Stone's complaint.

10. Google objects to the definition of "Rosetta Stone's Competitors" as vague and overbroad.

11. Google objects to the definition of "Google" to the extent the definition purports to include Google's outside counsel. In response to these requests, Google will not produce documents solely in the possession, custody, or control of its outside counsel.

12. Google objects to the definition of "Google Customer" to the extent it includes customers yet unknown to Google.

13. Google objects to the definition of "Google's Advertising Programs" to the extent that the phrase "all of Google's advertising programs and business solutions" is vague and overbroad, particularly to the extent that it includes non-advertising services. In responding to requests for data relating to Google Advertising Programs, Google will produce reasonably accessible data related to AdWords, and such data as Google collects and makes available to advertising customers of Google Custom Search, and Google Site Search, subject to the additional specific objections set forth below.

14. Google objects to the definition of "Keyword" on the basis that the phrases "or its programming" and "or any other message or service that causes Google to earn any consideration, directly or indirectly" are vague and overbroad.

15. Google objects to the definition of "Sponsored Link" on the basis that the phrases "or other message" and "or other Internet programming" are vague and overbroad. Google will interpret "Sponsored Link" to mean advertisements that are created by third-party advertisers who offer to pay for the opportunity to have their advertisements displayed above or next to organic search results when a user enters certain words or phrases in Google's search engine.

16.     By attempting to respond to the Requests as it reasonably understands them, Google in no way accedes to the Definitions set forth by Rosetta Stone. Nothing contained herein shall be construed as an admission or acknowledgment by Google as to the accuracy of any of the Definitions.

17.     Google's responses to these Requests shall not constitute an admission of any implication, statement or conclusion implied or stated in any Request.

18.     Google's responses to these Requests shall not constitute an admission or representation that any documents relating to the Requests exist.

19.     Google objects to Rosetta Stone's Instructions 5 and 6 concerning production to the extent that they conflict with an Electronically Stored Information Protocol to be agreed to by the parties and on the grounds that they are unduly burdensome and not likely to lead to the discovery of admissible evidence.

20.     Any response Google may provide to the Discovery Requests is not intended to be a waiver of any objections set forth herein but is provided in reliance upon these objections.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 93:**

All expert reports relating to damages prepared in connection with the lawsuit, *American Airlines Inc. v Google Inc.*, No. 4:07-CV-487-A (N.D. Texas), including any exhibits thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; (iii) seeks expert reports regarding parties and facts not involved in the current litigation or related to it; (iv) seeks information protected by a confidentiality agreement entered into by the parties in that case; (v) seeks information not in Google's possession, custody, or control; and (vi) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show all royalties paid by Google to any third party for use of a trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it requests "all" royalties paid to "any" third party for use of a trademark for any purpose; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate temporal restrictions; and (iii) requests disclosure of confidential agreements with third parties.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product documents that show any royalties paid by Google to any third party for use of a trademark as it discovers as a result of its reasonable efforts to locate such documents .

## REQUEST FOR PRODUCTION NO. 95:

All documents relating to royalties paid by Google to any third party for use of a trademark in connection with Google's Advertising Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" royalties paid to "any third party" for use of any trademark; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal restrictions; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 96:

Documents sufficient to show all payments made by Google to any third party as a result of the filing of a lawsuit against Google in which it was alleged that Google's Advertising Programs, in whole or part, violated the Lanham Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Google objects to this Request on the grounds that it is vague and ambiguous as to "all payments made by Google to any third party as a result of the filing of a lawsuit." If this Request is for payments made pursuant to settlement agreements, Google objects on the further grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy; (ii) is oppressive, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not relating to the alleged Rosetta Stone trademarks and lacks an appropriate temporal limitation; and (iii) requests disclosure of confidential agreements with third parties.

**REQUEST FOR PRODUCTION NO. 97:**

Documents sufficient to show the click-through rates for Sponsored Links (other than those placed by Rosetta Stone) triggered by a Keyword that is a Rosetta Stone Mark or Terms Similar To The Rosetta Stone Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Google objects to this Request on the grounds that it is duplicative of other requests,

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents that are reasonably available to Google that show the click-through rates for Sponsored Links that were triggered by an alleged Rosetta Stone trademark used as a keyword.

**REQUEST FOR PRODUCTION NO. 98:**

All documents relating to click-through rates achieved when a Sponsored Link is triggered by a Keyword that is a trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" click-through rates without specifying appropriate subject matter and temporal limitations; (ii) is duplicative of other requests; (iii) is oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the use of trademarks as keywords other than the alleged Rosetta Stone trademarks; (iv) is vague and ambiguous, and seeks documents the identity of which is not known to Google, with regards to the phrase "Keyword that is a trademark"; (v) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (vi) seeks documents that are not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 99:**

All documents relating to click-through rates achieved when a Sponsored Link is triggered by a Keyword that is a trademark of a competitor to the entity placing the Sponsored Link.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" click-through rates without specifying appropriate subject matter and

temporal limitations; (ii) is duplicative of other requests; (iii) is oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the use of trademarks as keywords other than the alleged Rosetta Stone trademarks; (iv) is oppressive and unduly burdensome in that Google does not know the full extent of all trademarks and the identity of all competitors of every trademark owner; (v) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (vi) seeks documents that are not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 100:**

All documents relating to the relationship between the placement of a Sponsored Link on the results page and the likelihood that the Sponsored Link will be clicked on by a web user.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to "all" documents without appropriate subject matter or temporal limitations; and makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request; (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; (iii) is duplicative of other requests; (iv) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (v) seeks information that is not reasonably accessible to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents reflecting analysis or study of the

general relationship between the placement of a Sponsored Link on the results page and the likelihood that the Sponsored Link will be clicked on by a web user, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

## **REQUEST FOR PRODUCTION NO. 101:**

Documents sufficient to show the following:

a. The total monthly number of search queries for the terms, "rosetta stone," "rosettastone," "rosettastone.com," and "www.rosettastone.com";

b. The total monthly number of such search queries identified in subpart (a) in which Sponsored Links were displayed in response to the search query;

c. The total monthly number of such search queries identified in subpart (a) in which Sponsored Links placed by any person other than Rosetta Stone were displayed in response to the search query;

d. The total monthly number of such search queries identified in subpart (a) in which Sponsored Links placed by Rosetta Stone were displayed in response to the search query;

e. The total monthly number of click-throughs on Sponsored Links identified in subpart (c) and, as a separate number, those identified in subpart (d); and

f. The cost per click for the click-throughs identified in subpart (e).

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it asks for six subcategories of information, including information that Google does not have or maintain and/or is not reasonably accessible to Google; and (iii) requests information that is as accessible to Rosetta Stone as it is to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 102:

Documents sufficient to identify all advertising campaigns in which a Rosetta Stone Mark was designated as a Keyword, including as a Broad Match Keyword, and the identity of the person placing the order for each such campaign.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to campaigns that included keywords that used an alleged Rosetta Stone mark but that never resulted in an impression triggered by those keywords; and (iii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents for advertising campaigns in which use of an alleged Rosetta Stone mark as a keyword resulted in an impression that it discovers as a result of Google's reasonable efforts to locate such documents.

## REQUEST FOR PRODUCTION NO. 103:

Documents sufficient to show the total number of impressions delivered for each of the advertising campaigns identified in Request 102.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; and (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to impressions that were not generated by the use of an alleged Rosetta Stone mark as a keyword.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents for impressions resulting from the use of an alleged Rosetta Stone mark as a keyword that Google discovers as a result of its reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 104:**

Documents sufficient to show the total number of click-throughs resulting from the impressions delivered for each of the advertising campaigns identified in Request 102.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to click-throughs from impressions that were not generated by the use of an alleged Rosetta Stone mark as a keyword; and (iii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents for click-

throughs resulting from impressions resulting from the use of an alleged Rosetta Stone mark as a keyword that Google discovers as a result of its reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 105:**

Documents sufficient to show the cost per click for the click-throughs resulting from the impressions delivered for each of the advertising campaigns identified in Request 102.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; and (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to cost per click for click-throughs from impressions that were not generated by the use of an alleged Rosetta Stone mark as a keyword.

Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents for cost per click for click-throughs resulting from impressions resulting from the use of an alleged Rosetta Stone mark as a keyword that Google discovers as a result of its reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 106:**

All documents relating to communications between Google and eBay concerning the unauthorized use of eBay's trademarks as Keywords and in Sponsored Links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Google objects to this Request on the grounds that it (i) overly broad, unduly

burdensome, and is neither relevant to the claim or defense of any party nor reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks documents

relating to communications regarding trademarks other than the alleged Rosetta Stone

trademarks; (ii) is overly broad and unduly burdensome in that it makes improper use of the

omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the

Request and lacks appropriate temporal limitations; and (iii) seeks information protected by the

attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 107:**

Documents sufficient to identify the top 500 Keywords ranked by gross revenue

generated for Google for each month since January 1, 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests;

(ii) is overly broad and unduly burdensome in that it requests information from prior to July 23,

2004; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to

lead to the discovery of admissible evidence, particularly in that it seeks documents relating to

trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that

Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 108:**

Documents sufficient to identify the top 500 Keywords ranked by total impressions

delivered for each month since January 1, 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 109:**

Documents sufficient to identify the top 500 Keywords ranked by click-throughs delivered for each month since January 1, 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 110:**

Documents sufficient to identify the top 200 Keywords that are trademarks ranked by gross revenue generated for Google for each month since January 1, 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004 and in that Google does not know the identity of all trademarks; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 111:**

Documents sufficient to identify the top 200 Keywords that are trademarks ranked by total impressions delivered for each month since January 1, 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004 and in that Google does not know the identity of all trademarks; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 112:**

Documents sufficient to identify the top 200 Keywords that are trademarks ranked by click-throughs delivered for each month since January 1, 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004 and in that Google does not know the identity of all trademarks; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google.

**REQUEST FOR PRODUCTION NO. 113:**

To the extent that any Rosetta Stone Mark is not included in the rankings produced in response to Requests 107-112, documents sufficient to show where each such Rosetta Stone Mark is ranked.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; (iii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iv) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; and (v) is overly broad and unduly burdensome in seeking over 3800 data points.

**REQUEST FOR PRODUCTION NO. 114:**

All documents relating to a Trademark Experiment(s) conducted in 2003 or 2004 to test out a new advertising policy by Google relating to the use of trademarks as Keywords and/or in Sponsored Links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome to the extent it seeks documents focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of analysis or reporting of the effect on consumers of the layout, design, and wording of results pages generally; (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; (iii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" a Trademark Experiment(s) without specifying appropriate subject matter limitations; and (iv) is vague and ambiguous with regards to the term "Trademark Experiment(s)".

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents reflecting studies or experiments on the effect of a potential new advertising policy that was considered in 2003 and/or 2004 relating to the use of trademarks as keywords and/or in Sponsored Links, or consisting of reporting, analysis, or other commentary about such studies, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

**REQUEST FOR PRODUCTION NO. 115:**

All e-mails in which Google suggested to a third party, other than Rosetta Stone, the use

of any Rosetta Stone Mark or Terms Similar To The Rosetta Stone Marks as a keyword or in a

Sponsored Link.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Subject to and without waiving its objections, Google responds that it will produce such

non-privileged, non-attorney work product responsive documents it discovers as a result of

Google's reasonable efforts to locate such documents.

GOOGLE INC.
By counsel

Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire (Admitted *Pro Hac Vice*)
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*