
**Exhibit 5**

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
_____

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500

www.gibsondunn.com

BBorden@gibsondunn.com

December 14, 2009

| | |
|---|---|
| Direct Dial | Client Matter No. |
| (202) 887-3502 | T 79772-00001 |
| Fax No. | |
| (202) 530-9687 | |

VIA ELECTRONIC MAIL

Margret Caruso, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Re: *Rosetta Stone Ltd. v. Google Inc. – Agreed Upon Clarifications and Modifications of the Parties' Discovery Requests*

Dear Margret:

  I am writing to memorialize the results of several telephonic conferences you and I held over the last two weeks regarding Google's First Set of Requests for Production of Documents, Google's First Set of Interrogatories, and Rosetta Stone's First and Second Set of Requests for the Production of Documents. I appreciate the cooperative and reasonable nature of our conferences, and look forward to continuing to work with you throughout the discovery period in this matter.

  There are numerous Requests that have been served in this matter to date. This letter seeks to accurately memorialize the results of our conferences. If you believe that this letter does not accurately describe our understanding, please let me know at your earliest convenience.

**General Limitations of the Scope of Responsive Documents**

  In our conference sessions, we agreed that, except for specifically identified Requests, neither Rosetta Stone nor Google is interested in receiving a voluminous collection of documents containing only insignificant minutiae that, while arguably responsive to a Request, is not worth the expenditure of resources to review or produce. We have agreed to proceed with the review and production drawing good faith scope limitations as guided by our conference sessions. We

agree that after an evaluation of the initially produced documents, either party may seek additional discovery based upon information contained in the initial productions.

**Google's First Set of Requests for the Production of Documents**

*Date Range of Responsive Documents*

As a general issue, other than Request numbers 42–44, Google's Requests are not limited to a specific time period. As we discussed in our conferences, naturally Rosetta Stone has more documents in recent periods than in earlier ones. For those Requests that you have identified as having no specific date limitation, Rosetta Stone will produce responsive documents it identifies after a reasonable search. For the Requests identified below, we have agreed upon the date limitations described; all remaining Requests have no limitation period.

- July 10, 2004 – October 23, 2009: Requests 23, 38, 40, 41.

- January 1, 2004 – October 23, 2009: Requests 42 – 44.

- July 10, 2003 – October 23, 2009: Request 45.

- January 1, 2002 – October 23, 2009: Requests 19, 20 and 22 (though for Request 22, to the extent we have information on the cost by channel of Rosetta Stone's own advertising (not that of resellers), prior to 2002 we will produce that information).

- January 1, 2000 – October 23, 2009: Requests 34 and 35. These Requests relate to any loss of business by Rosetta Stone because of Google's advertising programs. You stated that you are seeking documents back to 2000 in order to support Google's *laches* defense.

*General Scope Limitations:*

It is my understanding that Google is seeking documents containing significant information (i.e., "non-minutiae documents") for the following Google Requests: 1–6, 9–12, 15, 17–28, 30–33, and 36–48.

*Specific Requests*

On November 6, 2009, Rosetta Stone served its Objections to Google's First Set of Requests for Production. Each Request to which Rosetta Stone objected is addressed below, as well as other Requests that we have clarified during our conferences:

Request 3: Rosetta Stone will produce any non-protected academic or other studies it commissioned or otherwise caused to be conducted regarding consumer confusion related to sponsored links not attributable to Rosetta Stone.

Request 8: Rosetta Stone will produce responsive documents relating to Google's advertising products and services, but not other Google products or services.

Request 12: Rosetta Stone will primarily produce screenshots of sponsored links that appeared on Google's results pages in response to searches related to Rosetta Stone's Marks. It will also produce other documents, such as email, that are responsive to this Request. Rosetta Stone is not claiming that the links identified in the screenshots or other documents describe or identify each and every sponsored link that has led to confusion.

Request 13: Rosetta Stone is providing two lists of Rosetta Stone's Marks and terms similar thereto as Attachments 1 and 2 to this letter. It will not produce any other documents responsive to this request, other than those that may be responsive to other Requests.

Request 15: Rosetta Stone will produce a sample of paid advertising links that appeared on Google and other search engines. It will also produce documents sufficient to show the amounts Rosetta Stone paid for search engine advertising on a periodic basis to Google and other search engines, the keywords Rosetta Stone intended to trigger the impression of a paid advertising link, and any analysis or reports of the return on investment of those paid advertising links.

Request 16: Interrogatory 18 of Google's First Set of Interrogatories sought information identical to this Request. Rosetta Stone's answer to Interrogatory 18 identified one type of paid advertising link that contained a trademark not owned by Rosetta Stone, namely a link that contained the text, "Now Accepting PayPal," that appeared for a few weeks in November and December 2008. Rosetta Stone will produce any documents responsive to Request 16 that it identifies in the course of its reasonable investigation, but does not believe any documents unrelated to the PayPal link will be produced.

Request 17: Rosetta Stone will produce contracts, license agreements, and other agreements with persons or entities that address whether and how those persons or entities may use a Rosetta Stone Mark in their on-line advertising or marketing materials.

Request 21: Rosetta Stone will produce a list of domain names and/or website that it owns or controls and that incorporates a Rosetta Stone Mark.

Request 22: Rosetta Stone will produce documents, as they are held in the normal course of business, sufficient to show the amounts it spent on advertising periodically by channel (e.g., TV, publications, radio, and internet) that will identify the name of the media advertised in or with, type of media, and dates of advertising. It will also produce documents sufficient to show

the contractual relationships between Rosetta Stone and major resellers (e.g., Amazon.com, Barnes & Noble), particularly regarding any restrictions Rosetta Stone places on resellers regarding their advertising on Google.

Request 23: Rosetta Stone will produce documents sufficient to identify the consumer group(s) to which it targets advertising and marketing efforts.

Request 26: Rosetta Stone will produce non-protected documents filed with the U.S. Patent and Trademark Office regarding its Marks.

Request 31: Rosetta Stone will produce non-protected studies, reports or analyses regarding Rosetta Stone's Marks. It will also produce any trademark-related searches performed by professional entities on behalf of Rosetta Stone.

Request 32: Rosetta Stone will produce documents sufficient to identify the persons or entities that are related to the documents produced in response to Request 31.

Request 33: Rosetta Stone will produce documents responsive to this request.

Requests 34, 35, and 51: Rosetta Stone continues to object to these Requests as premature, but will produce responsive documents at the time directed by the Court.

Request 38: As we discussed, Rosetta Stone does not have any significant source of revenue other than from that associated with the sale of its goods and services bearing a Rosetta Stone Mark. Therefore, no documents will be produced responsive to this Request.

Requests 43–45: Rosetta Stone will produce documents sufficient to show the information requested to the extent Rosetta Stone holds these records in the normal course, i.e., Rosetta Stone does not usually gather or hold financial and sales data on a weekly basis.

**Google's First Set of Interrogatories**

Interrogatory 8: You clarified that you are seeking facts concerning Rosetta Stone's interaction with third parties related to Google's advertising programs. For example, a description of Rosetta Stone's interactions with other trademark holders regarding Google's advertising programs, and Rosetta Stone's efforts to protect its trademarks from unauthorized use in Google's advertising programs. Based on this understanding, Rosetta Stone will respond to Interrogatory 8 in the near future.

**Rosetta Stones First and Second Set of Requests for Production**

*Date range of Responsive Documents*

Google generally objects to documents created prior to July 10, 2004, the statutory limitation period for federal trademark-related claims. During our conference sessions, Google agreed to produce documents prior to July 10, 2004 for Requests 1 and 11.

*Google's Objection Related to the Rosetta Stone Marks and Similar Terms*

As we agreed, Rosetta Stone has compiled two lists of terms and phrases (attached hereto as Attachments 1 and 2). Attachment 1 is a narrow list of terms that are Rosetta Stone Marks with a limited number of modifiers to be applied to those terms. Attachment 2 is a broader list of terms that are Rosetta Stone Marks as well as misspellings and other modifications.

Rosetta Stone proposes that the narrow set of terms in Attachment 1 be applied by Google in identifying and producing documents in response to Requests 45, 47, 48, 50–53, 87, 89, and 113. Rosetta Stone proposes that the broad set of terms in Attachment 2 be applied to Requests 8, 17–22, 33, 35, 42–44, 49, 54, 55, 56–58, 62, 65, 85, and 88.

I note that Google has objected to the scope of some of the above Requests, as discussed more fully below.

*Google's Objection to References to Language Education Companies, the Language Education Field, Language Education Products and/or Services and Competitors of Rosetta Stone*

As noted more fully below, Google has agreed to produce documents sufficient to identify every person or entity that has purchased a Rosetta Stone Mark or term similar thereto. Rosetta Stone agrees that it will evaluate the list of persons and entities and propose those whom it believes are language education companies, or who are in the language education field, who provide language education products or services and/or who are competitors to Rosetta Stone. Once the parties agree upon the contents of this list, Google will apply the terms on that list to Requests 5, 59, 62 and 63 (to the extent any other objection by Google regarding those Requests is by then resolved).

*Specific Requests with Agreed Upon Limitations*

Requests 2–4: Google will produce responsive documents created by Google as well as third parties.

Request 7: Google will produce responsive documents. I acknowledge that Google has expressed a concern that materials provided to or created by Google's Board of Directors and/or Senior Management may contain highly sensitive information that is non-responsive to Rosetta Stone's Requests, and that may be intermingled with information that is responsive. Despite the fact that we anticipate that a protective order will be in place that adequately protects this type of information, both parties are still concerned that producing this information carries some risk.

Rosetta Stone agrees to consider a proposal by the parties to develop a redaction protocol to protect highly sensitive non-responsive information intermingled with responsive information in Board and Senior Management materials that may be used by both parties.

Request 9: Google will produce responsive documents regarding Google's advertising products and services but will not produce communications with Rosetta Stone regarding other issues such as licensing of Rosetta Stone software to Google.

Requests 16, 25, 31–36, 41, 46, 60, 61, 82, 85–86, and 100: During our conference sessions we discussed each of these Requests. We agreed that Google will produce documents generally responsive to these Requests. Rosetta Stone will then evaluate the scope of the production and seek additional discovery as necessary.

Requests 30 and 37: Rosetta Stone agrees to suspend these Requests for now, and will inform you when and whether it will seek documents responsive to them at a later date.

Request 38: As we discussed, Rosetta Stone is seeking documents concerning Google's relationship to EnglishCentral, as described in this Request. Rosetta Stone believes this information is relevant in that EnglishCentral is likely a direct competitor to Rosetta Stone, and Google's relationship to it may have an impact on how Google has interacted with Rosetta Stone in relation to the issues in this litigation. You stated that you would consider our basis for relevance and propose a scope to Google's production in response to this Request.

Request 59: Rosetta Stone seeks information on whether Google takes into account whether an entity uses Google Checkout when it determines how and whether to display that entity's sponsored link. You asked whether Rosetta Stone would accept some sort of stipulation that Google does not give any weight to the fact that an entity uses Google Checkout when determining how and whether to display that entity's sponsored link. Rosetta Stone is amenable to this proposal, depending on the final form of the stipulation.

Request 81: You stated that no documents concerning the destruction or other loss of data or documents exists, and that Google will not be producing documents responsive to this request.

***Specific Requests Relating to Data Potentially Requiring Engineering Solutions or Additional Technical Information to Determine Feasibility***

There are several Requests we have mutually identified, to which, as I understand it, Google has not initially objected, depending upon the technical feasibility of producing the data sought. I understand that Google may object to requests that are not technically feasible or unduly burdensome. You stated that you would discuss these Requests with Google and its engineers and propose a protocol for moving forward, to the extent possible, on the following Requests: 44, 45, 47–49, 51–53, 55–58, 87–91, 97, and 101 – 105.

Request 50: You stated that it is technologically difficult for Google, beyond a period of perhaps up to 18 months, to pick a point in time and determine a set of 50 Keywords/AdWords that were most frequently presented to a potential advertiser when that advertiser has chosen a Rosetta Stone Mark as a Keyword/AdWord. You stated that you would provide more information on how far back in time Google can, with specificity, determine such a set of Keywords. Depending on that information, we will propose certain dates (both before and after the commencement of this litigation, and on both weekends and weekdays). Google will use these dates to respond to this Request.

*Specific Requests to which Google has Partially Objected as to Scope*

Google has agreed to produce documents in response to certain of Rosetta Stone's Requests, but has objected to the scope of the Requests. Rosetta Stone will likely seek some measure of relief from the Court regarding the following Requests:

Requests 5, 62, and 63: As noted, Rosetta Stone has provided a list of its Marks and terms similar to its marks. Rosetta Stone will also await the production by Google of documents sufficient to identify "language education companies." I understand, however, that Google continues to object to providing documents responsive to this Request to the extent it seeks documents relating to non-Rosetta Stone Marks or terms similar thereto.

Requests 6, 12, 18–23, and 29: Google has agreed to produce documents generally concerning the use of trademarks and specifically relating to Rosetta Stone Marks or terms similar thereto, but continues to object to producing documents relating specifically to non-Rosetta Stone Marks.

Requests 76–78: Google will produce documents in response to these Requests concerning studies, surveys and other such documents except to the extent such documents were created by experts in relation to this or other litigation.

**Specific Requests to which Google has Objected Entirely**

Google continues to object the certain of Rosetta Stone's Requests on the grounds that they are entirely irrelevant. These Requests relate to information about third parties and/or to other litigation. The specific Requests are numbers 10, 13–15, 67–69, 79, 93, 96, 98, 99, 106–113. I note that for Requests 106–113, Google also objects on the grounds described in relation to Request 50 above, regarding the technical feasibility of determining a set of Keywords/AdWords at specific distant points of time in the past. However, you have indicated that even if this feasibility objection was overcome, Google's relevance objection would stand. Rosetta Stone intends to seek relief from the Court regarding these Requests.

If you have any questions regarding this letter, or would like to discuss any of these limitations further, please reach me at the number above.

                                          Sincerely,

                                          Bennett B. Borden

cc:    Michael Wu, Esq.
       Terence P. Ross, Esq.

## Attachment 1: Set of Narrow Search Terms

The Rosetta Stone Marks, irrespective of capitalization: "Rosetta Stone"; "Global Traveler"; "Rosetta Stone Language & Learning Success"; "Language Library"; "Dynamic Immersion"; "The Fastest Way To Learn A Language. Guaranteed"; "RosettaStone.com"; "Rosetta World"; "Adaptive Recall"; "Contextual Formation"; "Sharedtalk"; "Audio Companion"; and "Totale".

And phrases encompassing the Rosetta Stone Marks.

**Attachment 2: Set of Broad Search Terms**

The Rosetta Stone Marks, irrespective of capitalization: "Rosetta Stone"; "Global Traveler"; "Rosetta Stone Language & Learning Success"; "Language Library"; "Dynamic Immersion"; "The Fastest Way To Learn A Language. Guaranteed"; "RosettaStone.com"; "Rosetta World"; "Adaptive Recall"; "Contextual Formation"; "Sharedtalk"; "Audio Companion"; and "Totale".

And the following general categories of variations upon the Rosetta Stone Marks are confusingly similar to the Rosetta Stone Marks:

(1) any terms or phrases that incorporate one or more of the Rosetta Stone Marks;

(2) plural versions of singular terms;

(3) singular versions of plural terms;

(4) misspellings and typographical variations on the Rosetta Stone Marks;

(5) any terms or phrases containing "Rosetta" and "language," "language learning" or a name of a language;

(6) any terms or phrases containing "Stone" and "language," "language learning," or a name of a language;

(7) any terms or phrases containing "Totale" and "language," "language learning" or a name of a language; and

   (8)  names, phrases or word combinations that appear superficially similar to the Rosetta Stone Marks, such as one of the Rosetta Stone Marks with spaces between the letters (*e.g.*, R O S E T T A   S T O N E); and

   (9)  any terms or phrases containing ".net," ".org," or ".info" and any of the foregoing.

These categories include but are not limited to the following:

  rosettastone; www.rosettastone.com; ww.rosettastone.com; roseta stone; rosetastone; rosetastone.com; www.rosetastone.com; ww.rosetastone.com; rosetta stones; roseta stones; rosetastones; rosetastones.com; www.rosetastones.com; ww.rosetastones.com; rosetta language; rosetta languages; roseta stone language; roseta stone languages; rosetta spanish; rosettastonespanish; roseta stone spanish; rosetastonespanish; rosetta english; rosetta french; totale italian; german rosetta; stone japanese; stone chinese; totale arabic; stone russian; hebrew stone; globaltraveler; globaltraveler.com; www.globaltraveler.com; global travelers; rosetta stone language and learning success; rosettastonelanguageandlearning success.com; www.rosettastonelanguageandlearning success.com; language library; languagelibrary; languagelibrary.com; www.languagelibrary.com; language libraries; languagelibraries; dynamicimmersion; dynamicimmersion.com; www.dynamicimmersion.com; dynamic emmersion; dynamicemersion; thefastestwaytolearnalanguageguaranteed; thefastestwaytolearna languageguaranteed.com; www.thefastestwaytolearnalanguage.com; rosettaworld; rosettaworlds; rosettaworld.org; www.rosettaworlds.com; rosetaworld; rosetaworlds; rosetaworld.com; adaptiverecall; adaptiverecalls; adaptiverecall.net;

www.adaptiverecall.com; adoptiverecall; contexturalformation; contexturalformations; contextualformation; contexturalformation.com; www.contexturalformation.com; sharedtalks; sharedtalking; sharedtalk.com; www.sharedtalk.com; share talks; sharetalks; sharetalks.com; www.sharetalks.com; audiocompanion; audiocompanions; audiocompanion.com; www.audiocompanion.com; audiocompanions.com; www.audiocompanions.com.