# Exhibit 6

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W. Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com

BBorden@gibsondunn.com

January 5, 2010

Direct Dial                                                                                           Client No.
(202) 887-3502                                                                                    T 79772-00001
Fax No.
(202) 530-9687

VIA ELECTRONIC MAIL

Margret Caruso, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Re: *Rosetta Stone Ltd. v. Google Inc.* – Agreed Upon Clarifications and Modifications of the Parties' Discovery Requests

Dear Margret:

I am writing to memorialize the results of an email communication and follow-up teleconference between your associate, Cheryl Galvin, and I yesterday. There were two issues we identified with Google's initial production. First, we identified 108 Excel files that were produced as tiff images with accompanying metadata, instead of being produced in native format as we previously agreed. Ms. Galvin indicated that you intended to produce these Excel files in native format, but that your data vendor failed to do so. You reproduced those excel files in native format last night. We have received them and are processing them now. Thank you for rectifying this issue.

Second, we have identified more than 100 files that were produced as tiffed text files but that were originally emails. Producing an email as a tiffed text file renders it more difficult to process and review because it lacks the email header information required to do so. Ms. Galvin confirmed that these emails were produced out of a document database of previously collected documents, and that they exist as tiffed text files in that database. Ms. Galvin also indicated that it is likely that most if not all of those emails will be produced again in Google's next production, which you anticipate to be delivered at the end of this week or early next week. Thank you for explaining why these emails were produced as they were. We look forward to

your next production wherein we hope this issue will be resolved. Ms. Galvin indicated that because Google's subsequent productions will be from native sources, these issues will not recur.

The final concern I would like to raise relates to the extremely tight scheduling deadlines in this matter, and how they might be impacted by the course of discovery. A protective order was entered on December 14, 2009 governing the production of documents in this matter. Rosetta Stone was ready to produce its first tranche of about 21,000 documents on December 15, 2009. But, because we agreed to produce to each other simultaneously, both parties did not produce until December 23, 2009, when Google was first ready to do so. Google's first production was of about 5,000 documents (about 1,300 of which were duplicates).

As noted, you have indicated Google's next production will occur at the end of this week or early next week (between January 8 and 12, 2009). Even if Google's production occurs between these dates, it will be difficult for Rosetta Stone to work within the current discovery schedule. This is especially true if Google's document production will not be substantially completed with the next production. Currently, discovery closes February 12, 2010, and interrogatories and requests for admissions, the contents of which will be informed by the documents Google produces, are due 30 days before the end of discovery, or January 12, 2009. We are fast approaching that deadline. I believe it would be helpful to gain an understanding of the scope of Google's next production and what, if anything, will remain to be produced afterwards, and how that might impact the schedule in this matter.

Please let me know if you have any questions. I look forward to resolving any outstanding issues with alacrity.

Most sincerely,

Bennett B. Borden

cc: Michael Wu, Esq.
Terence P. Ross, Esq.