Rosetta Stone LTD v. Google Inc. Doc. 39 Att. 5

EXHIBIT D

Dockets.Justia.com

**From:** Ross, Terence [TRoss@crowell.com]
**Sent:** Saturday, January 09, 2010 3:04 PM
**To:** Margret Caruso
**Cc:** Borden, Bennett B.; Hosid, Jared; Frieden, Jonathan; Cheryl Galvin
**Subject:** RE: Rosetta Stone's Motion to Compel

Margret;

I must say, I am very surprised to receive this e-mail. I understand that demanding clients sometimes want their counsel to send off letters/e-mails such as this, but I believe we all have an obligation to resist such pressures. I certainly don't see the sense of you spinning the revisionist history of the parties' dealings on discovery set out in your e-mail given that I lived through it and know what really happened. So, rather than take up a lot of time responding point by point, let me simply say at the outset that your description below has serious factual flaws and leave it at that. You know perfectly well that we have repeatedly met and conferred with you on document production issues -- ten times to be exact, more than I can recall in any other case I have ever handled. And, we made clear to you at the end of December that, absent resolution, we would bring a motion to compel as soon as possible in the new year. Indeed, our December 14, 2009 letter on this subject, at page 7, says that we will seek relief from the court on your refusal to produce. Bennett tried again on January 4th to resolve the dispute and did not succeed. Contrary to your assertion, we have repeatedly explained to you the relevance of our document requests. Indeed, I recall a conversation in December in which I explained to you the relevance of pre-2004 documents. But more to the point, the burden is on the party resisting discovery to show why a specific request should not be produced, and you have wholly failed to explain your position on the relevance objections you have made. Moreover, I told you we would bring a motion Friday in our Tuesday TC and my notes form that call reflect this. Specifically, I said that the expert extension could not be done by mere agreement, but had to be submitted to the court. I then suggested it be part of the motion to compel we were bringing on Friday. We then discussed the 30 day extension with specific reference to the document production problems. You said you had to get back to me. You did get back to me on the thirty-day extension, but you never got back to me on the expert extension, so it was not included in the motion (which by the way still needs to be taken care of). As for setting a hearing date, the rules dictate the date for non-dispositive motions, such as this. If you refer to the Alexandria Division-Specific Rules, you will note on page 2 that all non-dispositive motions are set for the following Friday's hearings. Moreover, I find it hard to believe that with two law firms representing Google, with hundreds of attorneys between them, that no attorney is available to appear on the 15th for the hearing on this motion. Finally, let me address what appears to be some concern that Google is being presented as having agreed to be sanctioned. That is incorrect. Although I could have sought the extension as a sanction, I specifically did not do so because you agreed in advance. Therefore, I used Local Rule 37(F) instead, which is not a sanction. I understand that discovery glitches happen. That said, the refusal to produce documents responsive to more than a quarter of our requests is not a glitch, but a purposeful effort to withhold relevant information. Moreover, I have real trouble understanding why documents promised to us since mid-December still have not been produced when the producing party is by its own boast the most technologically sophisticated company in the world. I think an extension is perfectly appropriate.

Our relations to date on this matter have been perfectly civil. I hope we can continue in that manner without any further communications of the sort below occurring again.

Terry

---

**From:** Margret Caruso [mailto:margretcaruso@quinnemanuel.com]
**Sent:** Friday, January 08, 2010 10:14 PM
**To:** Ross, Terence
**Cc:** Borden, Bennett B.; Hosid, Jared; Frieden, Jonathan; Cheryl Galvin
**Subject:** Rosetta Stone's Motion to Compel

Terry,

I tried call you as soon as I received your motion, but was unable to reach you. It is my understanding that counsel are expected to confer with each other in advance of setting a hearing date. You did not do this - even though we have been communicating with each other throughout the week, including today. Counsel for Google is not available for a hearing on the 15th. Please contact me and/or Jon at your earliest opportunity to discuss a different date. I am available on the January 22 and February 12 and will check with Jon on these dates, too.

We will file a response to your motion, but I wanted to point out to you that some of your representations simply do not reflect the facts. Perhaps this is due to the fact that you have not been directly involved in meet and confer efforts, and there was a "telephone game" type error of miscommunication. But it is not accurate to say that Google failed to respond to either the December letter (which Cheryl and I communicated with Bennett about in December) or the letter from Tuesday asking for the timing of our next production (about which I called Jared Hosid yesterday and spoke to him this morning). More fundamentally, it is false that Google "refused to elaborate on its objections." In fact, Cheryl and I spent hours discussing Google's objections with Bennett and trying to reach reasonable resolutions. Further, during those calls Bennett admitted that he was not able to articulate as well as he wanted to the relevance justification for the categories of documents Rosetta Stone is now seeking to compel, and repeatedly said that he would send a written explanation of relevance for Google to consider. At a minimum, I expected to receive that explanation before a motion was filed. I encourage you to confirm the facts with your colleagues.

Miscommunication with colleagues cannot not explain the final paragraph of your memorandum, however. There, Rosetta Stone seeks a 30-day extension under Local Rule 37(f) and represents that "Rosetta Stone has raised this issue with opposing counsel and Google does not oppose such an extension." You presented to me Rosetta Stone's need for more time in the context of seeking our agreement to file a joint motion to extend time. You raised this as an issue arising from your agreement that Google's expert disclosures would take place on January 20, and as a result of the push-back of that week, the length of time it took to the parties to negotiate the protective order, and Google's production timing – which you emphasized that you were not blaming anyone for. During none of our calls or other communications did you say anything about needing more time to serve additional discovery after a motion to compel – or mention that you would be filing one this week.

**Margret Caruso**
*Partner,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5101
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100
E-mail: margretcaruso@quinnemanuel.com
Web: www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.