# EXHIBIT E

Dockets.Justia.com

WRITER'S DIRECT DIAL NO.
**(650) 801-5101**

WRITER'S INTERNET ADDRESS
**margretcaruso@quinnemanuel.com**

January 8, 2010

<u>**VIA E-MAIL**</u>

Bennett Borden
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5306

Re: <u>Rosetta Stone Ltd. v. Google Inc.</u>

Dear Bennett:

I write in response to your letter dated December 14, 2009. I, too, appreciate the cooperative nature of our conferences regarding Google's First Set of Requests for Production of Documents, Google's First Set of Interrogatories, and Rosetta Stone's First and Second Set of Requests for the Production of Documents, and hope that this continues throughout discovery. This letter seeks to clarify our understanding of the results of our conferences where our understanding differs from your letter.

*Google's First Set of Requests for the Production of Documents*

<u>General Scope Limitations:</u> We need to clarify you statement that Google is seeking only documents containing "significant" (i.e., non-"minutiae" documents) for the following Google Requests: 1-6, 9-12, 17 and 26. Google is seeking all documents that are meaningfully responsive to those requests, including, for example, reports about agreements that Rosetta Stone has with entities that advertise through Google, presentations about Google's alleged willful conduct, emails commenting on alleged consumer confusion about advertisements that are displayed following entry of an alleged Rosetta Stone trademark in a search query. Google expects to receive all emails or other internal or external communications responsive to these

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street. 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 250 South Wacker Drive. Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG ,United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 ,Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

requests, as well as all memoranda, presentations, and other documents responsive to these requests.

Requests 34, 35 and 51:
While Google agrees that these requests may have been premature when served to the extent that expert financial analysis is responsive, surely numerous responsive documents exist as part of Rosetta Stone's business operations, including, for example, emails, reports, investor communications, Powerpoint presentations, and notes of meetings that reflect or concern the opinions or analysis of Rosetta Stone, its employees, and/or its consultants, relating to reasons for increases and declines in sales, revenue, profits, and/or activity on Rosetta Stone's website. Moreover, given that Rosetta Stone has produced the report of its damages expert, the prematurity objection seems moot. Please confirm that Rosetta Stone will be producing all responsive documents.

***Google's First Set of Interrogatories:***

Interrogatory 8: Your December 14th letter reiterates that Rosetta Stone will respond to Interrogatory 8, which was propounded on October 23, 2009, "in the near future." Please confirm that you will respond to this interrogatory by January 13, 2010.

Interrogatories 3-5, 9, 10, 13-18: Your responses to these interrogatories stated that you would refer Google, under Federal Rules of Civil Procedure Rule 33(d), to documents to be produced. Now that document production has commenced, please supplement these responses with the Bates numbers of the specific documents that are referenced in these interrgoatories.

***Rosetta Stone's First and Second Set of Requests for Production***

*Google's Objection Related to the Rosetta Stone Marks and Similar Terms*:

Google objects to the list of "similar terms" as being overly broad and burdensome. Although it may be possible for Google to use the list of similar terms in responding to some of the requests, including 83 additional terms for each of the listed Requests is very burdensome. In addition, Google will not include any additional terms based on the general categories listed in Attachment 2, as suggested by the language stating that the categories "include but are not limited to the following." It was my understanding from our discussions that Rosetta Stone would provide an all-inclusive list of "similar terms." The list of terms that Google will use as "similar terms" is set out in Exhibit A, attached.

Google will include the terms listed in Exhibit A when responding to Requests 8, 17, 33, 42-44, 54-56, 97, 101 and 102-105, subject to Google's other expressed limitations in responding to those Requests.

*Google's Objection to References to Language Education Companies, the Language Education Field, Language Education Products and/or Services and Competitors of Rosetta Stone*

After receipt of Rosetta Stone's list of companies in the language education field that have advertised on Google using an alleged Rosetta Stone mark as a keyword, Google agrees to perform additional queries to search for documents responsive to Request 63, and 62, to the extent there are fewer than 10 companies identified. Google's standing objections to Requests 5 and 59 are discussed below.

*Specific Requests with Agreed Upon Limitations*:

Requests 2-4: In our discussions, the only third-party documents you identified as within the scope of the requests were non-privileged documents relating to opinions or advice of counsel on which Google relied, or privileged documents, if Google intended to waive privilege. Based on this understanding, no such documents are known by Google to exist or have been discovered as part of Google's investigation.

Request 34: For the reasons set forth in Google's objections and responses, no documents are responsive to this Request.

Request 38: Google confirms that EnglishCentral, Inc. has not received any preferential treatment in Google's advertising programs as result of any investment by Google Ventures. Nor is any anticipated. As such, documents responsive solely to this Request are not related, or relevant, to this action.

Request 50: Google will provide the top 50 related keywords identified to advertisers that selected the alleged Rosetta Stone trademark on June 1, 2009, June 20, 2009, September 1, 2009, and September 10, 2009. However, your letter request for a greatly expanded "sample" that includes this information for each of the first Monday and third Saturday of the first month of each quarter back to July 2004 is overly burdensome, especially given the marginal relevance of this information and the unlikelihood that this information will be materially different over time. Gathering information for a single request going back three years will take approximately three days. Without a further showing of Rosetta Stone's need for this information, Google will not undertake these 20 additional queries.

Request 59: Google will stipulate that it does not give any weight to the fact that an entity uses Google Checkout when determining whether and where to display advertising.

Request 81: During our discussions, you explained that this garbled and virtually undecipherable request was seeking documents retained in a designated corporate location or other easily-identifiable repository relating to the institutional destruction or other loss of documents or data that might include otherwise responsive documents. As I told you in a later discussion, no such documents exist.

*Specific Requests Relating to Data Potentially Requiring Engineering Solutions or Additional Technical Information to Determine Feasibility*:

Request 49: Google will not produce documents responsive to this unduly burdensome Request. Information about "related keywords" and information about Sponsored Links are maintained in separate databases. Collecting the requested information would require not only numerous manual data pulls, but also the development of new software code to synchronize independent databases. Given the limited relevance of information relating to keywords that are not alleged to be trademarks owned by Rosetta Stone (or even similar to those marks), the heavy engineering burden of responding to this request far outweighs its relevance.

Requests 48, 51, 55-57, 101-105: For each Sponsored Link displayed as a result of an advertiser's bid on a keyword consisting of or containing any of Rosetta Stone's registered trademarks, as well as the list of additional similar terms discussed above, Google will produce, to the extent available, the name of the advertiser, the contents of the Sponsored Link, the number of impressions, the click-through rate, the average cost per click, total cost, keyword, and type of keyword (e.g., exact, phrase, etc.), the url linked to the Sponsored Link, along with certain other identifying information. Google will not provide costs and expenses for each Sponsored Link, as it does not calculate that information for each individual link. The other information sought, including number of monthly search queries for "rosetta stone" "rosettastone" "rosettastone.com" and "www.rosettastone.com" is overly burdensome.

Requests 52-53, 87, 91: Google will provide information generally describing the operation of its keyword tool and "Did you mean?" function. Google is continuing to explore the feasibility of providing a list of terms that will prompt these tools to identify one of the alleged Rosetta Stone trademarks. During our discussions, you represented that Rosetta Stone would not insist, at least at this point in time, of the production of Google's highly proprietary and trade secret algorithms.

Request 58: Because the information sought by this request is dynamic, and even for a single day cannot be captured by a bulk query, but only through the manual running of thousands of reports, this request is extraordinarily burdensome. As a good faith compromise, however, Google is willing to provide information responsive to this Request that is accessible through a Google advertiser's AdWords account, such as quality score and landing page information, for 10 advertisers for a single day of Rosetta Stone's choosing in 2009. Google will not provide information responsive to this Request that is only available through advertisers' separate Google Analytics accounts. That information belongs to third-party advertisers, who customized their websites to facilitate the collection of very granular, sensitive information. Indeed, within Google this highly confidential information is accessible only by a very limited number of qualified Google technicians.

Request 90: Google will provide training materials reflecting Google's rules for optimization used by its customer service representatives.

*Specific Requests to which Google has Objected Entirely*

Regarding documents relating to third party trademarks, we continue to await Rosetta Stone's articulation of how information relating to trademarks that are not allegedly owned by Rosetta Stone are relevant, or likely to lead to the discovery of admissible evidence. In our discussions, you said this would be included in a letter to us before seeking relief from the Court.

In addition to its objections regarding third party trademarks, Google objects to Requests 98 and 99 (in addition to Requests 106-113), as being technically infeasible.

Google is still attempting to determine the technical feasibility of Requests 44, 45 and 47, and we hope to get back to you on them by the middle of next week.

*Other issues*

As we have discussed, certain non-responsive information relating to Google's future product development (that is not at issue in this action) is contained in responsive documents. You recognized that this information is extraordinarily confidential, and agreed that Google could redact it with a notation to be agreed upon. We propose, for the sake of brevity, "REDACTED – FUTURE PRODUCT." In addition, Google does not intend to produce any documents that relate entirely to international advertising given the U.S. scope of this action.

Finally, we need to discuss the issue of privilege logs, which are currently due on January 15. As you know, from our first call, we have contemplated taking a different approach consistent with modern trends that is somewhat different from comprehensive, traditional logs. I spoke with Jared Hosid at Crowell this morning about this, and he and are scheduled to discuss more specific proposals next Thursday. I do not have a clear sense of whether you need to be on that discussion or not as the division of labor between the firms seems a bit murky to me, but we are planning to speak at 2:30 p.m. EST.


Very truly yours,

/s/

Margret Caruso

cc: Terry Ross, Esq.

5

EXHIBIT A

1. "Rosetta" in combination with any other word or words

2. R o s e t t a S t o n e

3. "Roseta" in combination with any other word or words

4. "Rose etta stone"

5. "Rosetta sttone"

6. Stone + Russian

7. Stone + Chinese

8. Stone + Japanese

9. Stone + Hebrew

10. Languagelibrary

11. Language libraries

12. Languagelibraries

13. Dynamicimmersion

14. Dynamic emmersion

15. Dynamicemmersion

16. Dynamicemersion

17. Dynamic emersion

18. Thefastestwaytolearnalanguageguaranteed

19. Adaptiverecall

20. Contexturalformation

21. sharedtalking