Rosetta Stone LTD v. Google Inc. Doc. 39 Att. 7

EXHIBIT F

Dockets.Justia.com

| | |
|---|---|
| **From:** | Borden, Bennett B. [BBorden@gibsondunn.com] |
| **Sent:** | Saturday, January 09, 2010 9:45 AM |
| **To:** | Margret Caruso; Ross, Terence |
| **Cc:** | jhosid@crowell.com; Frieden, Jonathan; Cheryl Galvin |
| **Subject:** | RE: Rosetta Stone's Motion to Compel |

Good morning, Margret:

As I indicated to Ms. Galvin, Crowell & Moring will largely take over this matter moving forward, and so I will defer to Terry to address most of the issues you have raised in your email below, especially because I was not involved with the conversations you reference. There is one issue I feel I need to clarify, however.

It is true that during our earliest meet and confer sessions, I indicated to you that because I did not draft Rosetta Stone's request for productions (RFPs), there were a small number of RFPs for which I did not know the specific reasoning behind requesting the information, and thus the relevance argument behind them. However, my notes from our later meet and confer sessions are quite clear that I provided relevance arguments for all of Rosetta Stone's RFPs, and those arguments are the same that appear in the motion to compel. At one point we did discuss the possibility that my letter to you of December 14 would include relevance arguments, but after reviewing my notes, I felt those arguments had been adequately provided to you. Moreover, the motion to compel should have come as no surprise to you, as during our meet and confer sessions, and in my December 14 letter, I made clear that for those RFPs to which Google objected, Rosetta Stone would seek relief from the Court. We have a genuine disagreement as to the proper scope of some of Rosetta Stone's RFPs, and guidance from the Court regarding them will speed along the discovery process, and allow both parties to focus on the merits of the matter.

Warm regards,


**Bennett B. Borden**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
bborden@gibsondunn.com
T: (202) 887-3502
F: (202) 530-9687

---

**From:** Margret Caruso [mailto:margretcaruso@quinnemanuel.com]
**Sent:** Friday, January 08, 2010 10:14 PM
**To:** Ross, Terence
**Cc:** Borden, Bennett B.; jhosid@crowell.com; Frieden, Jonathan; Cheryl Galvin
**Subject:** Rosetta Stone's Motion to Compel

Terry,

I tried call you as soon as I received your motion, but was unable to reach you. It is my understanding that counsel are expected to confer with each other in advance of setting a hearing date. You did not do this - even though we have been communicating with each other throughout the week, including today. Counsel for Google is not available for a hearing on the 15th. Please contact me and/or Jon at your earliest opportunity to discuss a different date. I am available on the January 22 and February 12 and will check with Jon on these dates, too.

We will file a response to your motion, but I wanted to point out to you that some of your representations simply do not reflect the facts. Perhaps this is due to the fact that you have not been directly involved in meet and confer efforts, and there was a "telephone game" type error of miscommunication. But it is not accurate to say that Google failed to respond to either the December letter (which Cheryl and I communicated with Bennett about in December) or the letter from Tuesday asking for the timing of our next production (about which I called Jared Hosid yesterday and spoke to him this morning). More fundamentally, it is false that Google "refused to elaborate on its objections." In fact, Cheryl and I spent hours discussing Google's objections with Bennett and trying to reach reasonable resolutions. Further, during those calls Bennett admitted that he was not able to articulate as well as he wanted to the relevance justification for the categories of documents Rosetta Stone is now seeking to compel, and repeatedly said that he would send a written explanation of relevance for Google to consider. At a minimum, I expected to receive that explanation before a motion was filed. I encourage you to confirm the facts with your colleagues.

Miscommunication with colleagues cannot not explain the final paragraph of your memorandum, however. There, Rosetta Stone seeks a 30-day extension under Local Rule 37(f) and represents that "Rosetta Stone has raised this issue with opposing counsel and Google does not oppose such an extension." You presented to me Rosetta Stone's need for more time in the context of seeking our agreement to file a joint motion to extend time. You raised this as an issue arising from your agreement that Google's expert disclosures would take place on January 20, and as a result of the push-back of that week, the length of time it took to the parties to negotiate the protective order, and Google's production timing – which you emphasized that you were not blaming anyone for. During none of our calls or other communications did you say anything about needing more time to serve additional discovery after a motion to compel – or mention that you would be filing one this week.

**Margret Caruso**
*Partner,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5101
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100
E-mail: margretcaruso@quinnemanuel.com
Web: www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
================================================================