EXHIBIT 2

Dockets.Justia.com

| REQUEST | OBJECTION | REASONING |
|---|---|---|
| 5 | Google objects to this Request on the grounds that it (i) is vague, overly broad, unduly burdensome and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as to "other designated search terms," "other messages" and "language education companies" and in that it seeks the production of documents related to trademarks other than the alleged Rosetta Stone trademarks and lacks an appropriate temporal limitation; and (ii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. Billions of searches are run on Google every day, and hundreds of millions of ads are served every month. Needless to say, sorting through this enormous amount of data for documents responsive to Plaintiff's numerous and extremely broad requests is burdensome and takes time. However, Google objects to documents relating to other trademark owners, including trademark complaints of third parties. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |
| All documents relating to Google's communications with current or past Google Customers or with users of Google's Internet search engine, website, or other Internet-related services relating to the sale, marketing, promotion, offering, designation, use, or inclusion of one or more trademarks of language education companies, including but not limited to the Rosetta Stone Marks, as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs. | Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to communications with Google's advertising customers regarding Rosetta Stone's alleged trademarks and Google's advertising programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | |

| | | |
|---|---|---|
| 6.<br><br>All documents relating to Google's analysis of the use of trademarks as Keywords in paid advertisements, including but not limited to data provided by or communicated to third party consultants, data or analysis generated by or stored in third party software, data or analysis generated by or stored in software developed by Google. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" an analysis of the use of trademarks as keywords without specifying appropriate subject matter and temporal limitations; (ii) is duplicative of other requests; (iii) is oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the use of specific trademarks as keywords other than the alleged Rosetta Stone trademarks; (iv) is vague and ambiguous with regards to the phrase "Keywords in paid advertisements; and (v) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege."<br><br>Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to any analysis Google has conducted of the use of the alleged Rosetta Stone trademarks, or trademarks generally, as keywords, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | To the extent Google has any non-privileged responsive documents it created relating to the use of trademarks as Keywords generally, they are in the process of being provided. However, documents relating to analysis that is specific to trademark's analysis of third parties, Google objects to requests. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| | | |
|---|---|---|
| 7. All documents relating to any senior executive or board meeting, including but not limited to Board of Directors meetings, Executive Management Group meetings, and GPS meetings at which Google's trademark policy or any lawsuit related to that policy was discussed. Such documents shall include, but not be limited to, minutes, notes or reports of meetings. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" any executive or board meeting and GPS meetings at which . . . any lawsuit related to that policy was discussed" without specifying appropriate subject matter and temporal limitations; (ii) does not define "GPS meetings"; and (iii) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google will produce non-privileged, non-attorney work product documents reflecting discussions of Google's trademark policies at senior executive or board meetings, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | To the extent Google has any non-privileged responsive documents reflecting discussions of Google's trademark policies, it already agreed to produce them.<br><br>However, documents relating to analysis that is specific to trademark's complaints of third parties, Google objects to requests. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| | | |
|---|---|---|
| 8. All documents relating to the sale, marketing, promotion, offering, designation, use, or inclusion of one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, as Keywords or other designated search terms in Google's Advertising Programs or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome, vague and ambiguous, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal limitations and with regards to "other designated search terms," "similar to"; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to advertisements where the alleged Rosetta Stone trademarks were used as keywords or in the advertisement text, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. Billions of searches are run on Google every day, and hundreds of millions of ads are served every month. Needless to say, sorting through this enormous amount of data for documents responsive to Plaintiff's numerous and extremely broad requests is burdensome and takes time. |

4

9. All documents relating to communications between Google and Rosetta Stone.

Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" communications between Google and Rosetta Stone without specifying an appropriate subject matter limitation. Specifically it request "all communications," not just those relevant to this action, including communications between Google and Rosetta Stone relating to Google's license of Rosetta Stone's products, which are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence and will not be produced; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce documents related to its communications with Rosetta Stone related to Google's search and advertising services and products.

Google has already agreed, and is in the process of producing thousands of documents relating to communications between Google and Rosetta Stone that relate to Google's search and advertising services and products, going back to at least 2002.

5

| 10. | |
|---|---|
| All documents relating to communications between Google and any third party complaining, objecting to or criticizing Google's sale, marketing, promotion, offering, designation, use, or inclusion of such party's trademarks as a Keyword or other designated search term in Google's Advertising Programs or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including cease and desist letters received by Google from any owner or purported owner of any trademark and any responses to such cease and desist letters, as well as allegations that the use of trademarks would or had caused consumer confusion. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

12.

All documents relating to "standing requests" from it (i) is duplicative of other requests; (ii) is overly trademark owners to Google asking to prevent those trademark owners' trademarks from being used in the text or title of a Sponsored Link, including but not limited to all documents relating to: (a) the statement of Google's spokesperson to the Washington Examiner as published on October 18, 2007, to the effect that Google's "Trademark Complaint Form" is "both a way for trademark owners to file a complaint about an existing ad and a way for them to place a 'standing request'"; (b) copies of all such "standing requests" and Google's responses thereto; (c) all steps that Google has taken to honor such "standing requests"; (d) all ways that Google has communicated to trademark owners the option of making such "standing requests"; and (e) whether or not Google has considered treating the Rosetta Stone Marks as subject to such a "standing request."

Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it lacks appropriate subject matter and temporal limitations, it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" any trademark, rather than those that are the subject of this litigation; and it includes "all documents relating to" each of the five sub-categories of information; (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (iv) seeks information not in Google's custody or control.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to the Request that concern trademarks generally or Rosetta Stone's alleged trademarks, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks.

7

| 13. All documents relating to settlement agreements or any other documents memorializing settlement arrangements between Google and a third party relating to Google's sale, marketing, promotion, offering, designation, use, or inclusion of the third party's trademark(s) as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including but not limited to the settlement agreement in *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007). | Google objects to this Request on the grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy, (ii) is oppressive, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to settlement agreements and arrangements regarding trademarks other than the alleged Rosetta Stone trademarks and lacks an appropriate temporal limitation, (iii) is vague and ambiguous with regards to "other designated search terms" and "other messages", (iv) requests disclosure of confidential agreements with third parties; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. In addition, such documents are protected by Federal R. Evid. 408. Prior settlement agreements do not prove, "and by virtue of Rule 408 [are] not relevant to, the strength of the claims asserted" in the previous suits against Google. *Collister Alley Music, Inc v. Warner Bros. Records, Inc.*, 1997 WL 198081 at *1 (S.D.N.Y. April 22, 1997). |

| | | |
|---|---|---|
| 14 | Google objects to this Request on the grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to settlement agreements and arrangements regarding trademarks other than the alleged Rosetta Stone trademarks; (iii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (iv) requests disclosure of confidential agreements with third parties; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types of advertisers, different consumer expectations—have no bearing on this litigation. In addition, such documents are protected by Federal. R. Evid. 408. Prior settlement agreements do not prove, "and by virtue of Rule 408 [are] not relevant to, the strength of the claims asserted" in the previous suits against Google. *Collister Alley Music, Inc. v. Warner Bros. Records, Inc.*, 1997 WL 198081 at *1 (S.D.N.Y. April 22, 1997). |

All documents related to any negotiations, agreements, settlements, arrangements or communications with RE/MAX International, Inc. or any of its subsidiaries, affiliates or franchisees related to the use of RE/MAX's trademarks (or those of its subsidiaries, affiliates or franchisees) in Google's Advertising Programs.

| | | |
|---|---|---|
| 15.<br><br>All documents related to any negotiations, agreements, settlements, arrangements or communications with Time Warner, Inc. or any of its subsidiaries, affiliates or franchisees (including but not limited to AOL LLC) related to the use of Time Warner's trademarks (or those of its subsidiaries, affiliates or franchisees) in Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *related to*" the subject matter of the Request without appropriate subject matter or temporal limitations; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. In addition, such documents are protected by Federal R. Evid. 408. Prior settlement agreements do not prove, "and by virtue of Rule 408 [are] not relevant to, the strength of the claims asserted" in the previous suits against Google. *Collister Alley Music, Inc. v. Warner Bros. Records, Inc.*, 1997 WL 198081 at *1 (S.D.N.Y. April 22, 1997). |

| | | |
|---|---|---|
| 17. All documents relating to the use of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, in any lists of "More Specific Keywords," "Similar Keywords" or any other suggestions of terms, phrases or words to be sold, marketed, promoted, offered, designated, used, or included as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is unduly burdensome and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it asks for "all" documents regarding use of the alleged Rosetta Stone trademarks; (iii) is vague and ambiguous, and with regards to "other designated search terms" and "other messages"; (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents, if any. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. Billions of searches are run on Google every day, and hundreds of millions of ads are served every month. Needless to say, sorting through this enormous amount of data for documents responsive to Plaintiff's numerous and extremely broad requests is burdensome and takes time. |

| 18. | | |
| --- | --- | --- |
| All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to the possibility of removing Trademarks Owned By Third Parties, including but not limited to the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, from any lists or sets of words, terms, or phrases available to be used, included, or designated as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; (iv) is vague and ambiguous with regards to "other designated search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to this Request in relation to its preventing third parties from using Rosetta Stone's alleged trademarks or trademarks generally as keywords or ad text, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally.

Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| 19. | | |
|---|---|---|
| All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to the possibility of limiting the sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties, including but not limited to the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, in Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter or temporal limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents, if any, responsive to this Request regarding Rosetta Stone's alleged trademarks or trademarks generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| 20.<br>All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to the possibility of prohibiting advertisers or potential advertisers from bidding on, purchasing or otherwise using the Trademarks Owned By Third Parties as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter and temporal limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; (iv) is vague and ambiguous with regards to "other designated search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to this Request regarding trademarks generally and Rosetta Stone's alleged trademarks, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally.<br><br>Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| 21. All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to any financial implications to Google, including but not limited to any increase or decrease in the value of Google's stock or stock options, related to the sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties, including but not limited to the Rosetta Stone Marks and Terms Similar To The Rosetta Stone Marks, as a part of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents relating to" the subject matter of the Request and lacks appropriate subject matter or temporal limitations; (iii) is vague and ambiguous and overly broad and unduly burdensome as to the phrase "any financial implication"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents commenting on any effect on revenue of the use of trademarks generally, or of Rosetta Stone's alleged trademarks, in connection with Google's advertising programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| 22.<br>All documents relating to any analysis, review, consideration, deliberations, debate, or other communications by or on behalf of Google with respect to any financial implications to Google, including but not limited to any increase or decrease in the value of Google's stock or stock options, if Google were to cease all sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties, including but not limited to the Rosetta Stone Marks and Terms Similar To The Rosetta Stone Marks, as a part of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (iii) is vague and ambiguous and overly broad and unduly burdensome as to the phrase "any financial implication"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.<br>Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents relating to Google's consideration of the effect on revenue if no use of trademarks generally, or of Rosetta Stone's alleged trademarks, were permitted in connection with Google's advertising programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally.<br>Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case.<br>Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| 23. | | |
|---|---|---|
| All documents relating to any Google polices, guidelines, procedures, or other guidance relating to the sale, marketing, promotion, offering, designation, use, or inclusion of Trademarks Owned By Third Parties as Keywords or other designated search terms in Google's Advertising Programs, or in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including all documents relating to any change in, amendment to or modification of such polices, guidelines, procedures or other guidance and the reasons for such changes, amendments or modifications. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request, lacks appropriate temporal and subject matter limitations; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks at issue in this action; (iv) is vague and overbroad with regards to "other designated search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents responsive to this Request regarding the alleged Rosetta Stone trademark or trademarks generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

26.
Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, concerning the use of the term "Sponsored Link" as for, on behalf of, or to the benefit of Google opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs.

Google objects to this Request on the grounds that it (i) is vague and ambiguous regarding the phrase "Studies . . . concerning the use of the term 'Sponsored Link'"; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent the phrase "all Studies . . . concerning the use of the term 'Sponsored Link'" includes studies focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of to studies undertaken to determine if the term "Sponsored Link" provides any benefit or effect as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs—and lacks an appropriate temporal restriction; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Google responds that it will produce documents sufficient to show the results or conclusions of non-privileged, non-attorney work product studies undertaken for the purpose of determining if the term "Sponsored Link" provides any benefit or effect as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents.

Google had already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. Google has also agreed to produce all non-privileged documents that describe studies, experiments and analyses that have been conducted that relate to trademarks in advertising and/or to the coloring and layout of Sponsored Links, and to produce documents describing how its advertising programs work.

However, Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." See *Lone Star supra*. As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation.

18

| 27. Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning ways in which Internet users distinguish between Sponsored Links and natural (organic) search results, including but not limited to Studies that test the effect of any language, colors, design elements, placement, or disclaimers on such Sponsored Links and natural (organic) search results. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to "all" studies without appropriate subject matter or temporal limitations; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent the phrase "all Studies . . . concerning . . ." includes studies focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of studies undertaken to determine generally how Internet users distinguish between Sponsored Links and natural (organic) search results; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.<br><br>Subject to and without waiving the foregoing objections, Google responds that it will produce documents sufficient to show results of non-privileged, non-attorney work product studies undertaken to determine generally the ways that Internet users distinguish between Sponsored Links and natural search results, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google had already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. Google has also agreed to produce all non-privileged documents that describe studies, experiments and analyses that have been conducted that relate to trademarks in advertising and/or to the coloring and layout of Sponsored Links, and to produce documents describing how its advertising programs work.<br><br>However, Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." See *Lone Star supra*. As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| 28. | | |
|---|---|---|
| All documents analyzing or reporting on the effect on consumers of the layout, design or wording of the results page that a consumer sees after conducting a Google search, including without limitation the selection of the fonts, the colors, the placement of ads and the use of Sponsored Links to denote paid advertisements. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome to the extent it seeks documents focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—instead of analysis or reporting of the effect on consumers of the layout, design, and wording of results pages generally—and lacks an appropriate temporal limitation; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product analysis or reporting on the effect of the layout, design or wording of the results page on consumers generally, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google had already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. Google has also agreed to produce all non-privileged documents that describe studies, experiments and analyses that have been conducted that relate to trademarks in advertising and/or to the coloring and layout of Sponsored Links, and to produce documents describing how its advertising programs work. However, Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." See *Lone Star supra*. As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| | | |
|---|---|---|
| 29.<br><br>Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of any trademark as a Keyword in one of Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome to the extent it seeks documents focused on specific trademarks that are not the alleged Rosetta Stone trademarks at issue in this action—as opposed to studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of trademarks generally or any alleged Rosetta Stone trademark as keywords in Google's advertising programs—and lacks an appropriate temporal limitation; and (ii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.<br><br>Notwithstanding and without waiving these specific objections or the General Objections, Google responds that it will produce documents sufficient to show the results of general, non-privileged, non-attorney work product studies relating to the general use of trademarks, or the use of the alleged Rosetta Stone trademarks, as keywords in Google advertising programs, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally.<br><br>Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case.<br><br>Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |
| 42.<br><br>All documents relating to every instance in which any of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, has been sold, marketed, promoted, offered, designated, used, or included as a Keyword or other designated search term in any of Google's Advertising Programs, including but not limited to agreements, proposals, the advertisements or "Sponsored Links" triggered by or containing the Rosetta Stone Marks or by Terms Similar To The Rosetta Stone Marks and any screenshots of such advertisements or "Sponsored Links." | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter limitations; (iii) is vague and overbroad with regards to "other designated search terms"; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.<br><br>Subject to and without waiving the foregoing objections, Google responds that it will produce such non-privileged, non-attorney work product responsive documents it discovers as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. |

| | | |
|---|---|---|
| 43.<br>All documents relating to every instance in which any of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks, has been marketed, promoted, offered, designated, used, or included in the text of Sponsored Links or other messages published as a part of Google's Advertising Programs, including agreements and proposals. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "*relating to*" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate subject matter limitations; and (iii) seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege.<br>Subject to and without waiving the foregoing objections, Google responds that it will produce communications and agreements relating to ads that contain one of Rosetta Stone's alleged trademarks and have appeared as Sponsored Links in response to a given Keyword that consists of or contains one of Rosetta Stone's alleged trademarks. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. |
| 54.<br>All documents that show every Sponsored Link or other message published as a part of Google's Advertising Programs, in the form it was published, that was triggered by a Keyword or other designated search term that incorporates one or more of the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests "all" documents that show "every" Sponsored Link with no appropriate temporal limitations; (iii) seeks documents that are not reasonably accessible to Google; (iv) is vague and ambiguous with regards to "other designated search terms" and "other messages"; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.<br>Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents that show Sponsored Links that were triggered by an alleged Rosetta Stone trademark used as a keyword. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. |

| | | |
|---|---|---|
| 62.<br>All documents concerning all reporting on, advertising, marketing, optimizing or selling of Google's Advertising Programs to advertisers or potential advertisers in the language education field, whether or not the information concerns Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to "all" documents and contains no appropriate subject matter or temporal limitations, and Google does not know the identity of all language education products or services; and (iii) is vague and ambiguous with regards to "language education field" and "potential advertisers." | Google has agreed to produce documents responsive to this request after receipt of Rosetta Stone's list of companies in the language education field that have advertised on Google using an alleged Rosetta Stone mark as a keyword, to the extent there are fewer than 10 companies identified. |
| 63.<br>All documents concerning all Studies, analyses, reports or presentations prepared by or for Google relating to companies that Google considers to be within the language education field or that sell language learning products and/or services, including but not limited to Compete Studies and Quarterly Reviews. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it relates to "all" documents "concerning" the subject matter of the Request. Google does not know the identity of all language education products or services, and it lacks appropriate subject matter and temporal limitations; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent responsive documents are based on information not created for, or used in connection with, any of Google's advertising programs; (iii) is vague and ambiguous with regards to "language education field"; and (iv) seeks information that is not in Google's possession, including the identity of potential customers. | Google has agreed to produce documents responsive to this request after receipt of Rosetta Stone's list of companies in the language education field that have advertised on Google using an alleged Rosetta Stone mark as a keyword, to the extent there are fewer than 10 companies identified. |
| 67.<br>All transcripts of depositions and the exhibits thereto, in *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007). | Google objects to this Request on the grounds that it (i) is overly broad in that it requests all transcripts of all depositions; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; (iii) seeks information protected under the Confidentiality Agreement entered into by the parties in that case; and (iv) seeks transcripts (and exhibits thereto) regarding parties and facts not involved or related to the current litigation. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| | | |
|---|---|---|
| 68.<br>All expert reports, consumer or user confusion studies, and all documents relating to such reports or studies prepared in connection with *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007). | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all" documents "*relating to*" the subject matter of the Request and lacks appropriate temporal and subject matter limitations; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; (iii) seeks information protected under the Confidentiality Agreement entered into by the parties in that case; (iv) seeks expert reports regarding parties and facts not involved in the current litigation or related to it; and (v) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |
| 69.<br>Copies of all requests to and responses to requests for admission by Google in *American Airlines, Inc. v. Google Inc.*, Case No. 4:07-cv-00487-A (N.D. Tex.) (filed Aug. 16, 2007). | Google objects to this Request on the grounds that it (i) is overly broad and without proper subject matter limitations; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; and (iii) seeks discovery regarding parties and facts not involved in the current litigation or related to it. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| 76. All documents relating to consumer or user understanding or perception of Google's Sponsored Links, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions. | Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome, as it seeks information about every Sponsored Link and is not limited to documents relating to this case; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent such documents relate to specific trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action and lacks appropriate subject matter and temporal limitations; and (iv) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents consisting of studies generally relating to consumer or user understanding or perception of Google's Sponsored Links other than those conducted by experts retained by Google in connection with litigation, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

25

| | |
|---|---|
| 77.<br><br>All documents relating to consumer or user confusion related in any way to Google's Sponsored Links, Google's Advertising Program and/or the use of Keywords in search engines, including surveys conducted by or for Google relating to the sale, marketing, promotion, offering, designation, use, or inclusion of Keywords by Google in any way. This Request specifically includes draft surveys and survey results relating to the potential for likelihood of consumer confusion arising out of the sale, marketing, promotion, offering, designation, use, or inclusion of trademarks as Keywords or designated search terms in Google's Advertising Programs. | Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome and neither Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc.* v. *Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |
| | relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information about consumer confusion—not caused or even arguably caused—by the use of trademarks other than the alleged Rosetta Stone trademarks at issue in this action and lacks an appropriate temporal limitation; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged, non-attorney work product documents consisting of studies generally relating to consumer confusion resulting from Google's advertising programs other than those conducted by experts retained by Google in connection with litigation, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally. |

| 78. All documents relating to consumers' ability, or lack thereof, to recognize Google's Sponsored Links as paid advertisements, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions. | Google objects to this Request on the grounds that it (i) is premature under the Federal Rules of Civil Procedure and the Court's scheduling order; (ii) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent such documents relate to specific Sponsored Links other than those relating to the alleged Rosetta Stone trademarks at issue in this action or Sponsored Links generally; and (iii) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Google responds that it will produce documents consisting of studies relating to consumers' ability, or lack thereof, generally to recognize Google's Sponsored Links as paid advertisements other than those conducted by experts retained by Google in connection with litigation, if any such documents exist and are discovered as a result of Google's reasonable efforts to locate such documents. | Google has already agreed to produce documents relating to Rosetta Stone's alleged trademarks or trademarks generally. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

27

| 79. All documents, including but not limited to those maintained in the Trakken system, that relate to consumer confusion (either showing confusion or lack of confusion) with, criticism of, or suggestions for improvement for: Sponsored Links, the relationship of Sponsored Links to natural search results, the layout of the paid and unpaid search results page, the use of the terms "Sponsored Links" or the relationship between the consumer's search query and the paid results presented by Google. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to confusion relating to the alleged Rosetta Stone trademarks at issue in this action and lacks appropriate temporal limitations; and (ii) seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege. | Google has already agreed to produce all documents relating to Rosetta Stone's alleged trademarks. Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. Moreover, the burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. |

| | | |
|---|---|---|
| 92.<br><br>All agreements, including drafts thereof, that reference the Rosetta Stone Marks or Terms Similar To The Rosetta Stone Marks. | Google objects to this Request on the grounds that (i) it is duplicative of other requests; (ii) is overly broad and unduly burdensome and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to Google's advertising programs, including documents relating to Google's license(s) relating to Rosetta Stone products and service and lacks an appropriate temporal limitation; (iii) as used in context, "agreements" is vague and ambiguous; and (iv) it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.<br><br>Subject to and without waiving the foregoing objections, Google responds that it will produce agreements with Rosetta Stone concerning Google's search and advertising services and products. | Google has already agreed to produce all documents that relate to Rosetta Stone's alleged trademarks and Google's advertising programs. |
| 93.<br><br>All expert reports relating to damages prepared in connection with the lawsuit, *American Airlines Inc. v Google Inc.*, No. 4:07-CV-487-A (N.D. Texas), including any exhibits thereto. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as it concerns trademarks and facts other than those relating to the alleged Rosetta Stone trademarks at issue in this action; (iii) seeks expert reports regarding parties and facts not involved in the current litigation or related to it; (iv) seeks information protected by a confidentiality agreement entered into by the parties in that case; (v) seeks information not in Google's possession, custody, or control; and (vi) seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| | | |
|---|---|---|
| 96.<br>Documents sufficient to show all payments made by Google to any third party as a result of the filing of a lawsuit against Google in which it was alleged that Google's Advertising Programs, in whole or part, violated the Lanham Act. | Google objects to this Request on the grounds that it is vague and ambiguous as to "all payments made by Google to any third party as a result of the filing of a lawsuit." If this Request is for payments made pursuant to settlement agreements, Google objects on the further grounds that it (i) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly given Federal Rules of Evidence Rule 408's prohibition on admitting evidence relating to compromise and offers to compromise and public policy; (ii) is oppressive, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not relating to the alleged Rosetta Stone trademarks and lacks an appropriate temporal limitation; and (iii) requests disclosure of confidential agreements with third parties. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. In addition, such documents are protected by Federal R. Evid. 408. Prior settlement agreements do not prove, "and by virtue of Rule 408 [are] not relevant to, the strength of the claims asserted" in the previous suits against Google. *Collister Alley Music, Inc. v. Warner Bros. Records, Inc.*, 1997 WL 198081 at *1 (S.D.N.Y. April 22, 1997). |

| | | |
|---|---|---|
| 98. All documents relating to click-through rates achieved when a Sponsored Link is triggered by a Keyword that is a trademark. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" click-through rates without specifying appropriate subject matter and temporal limitations; (ii) is duplicative of other requests; (iii) is oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the use of trademarks as keywords other than the alleged Rosetta Stone trademarks; (iv) is vague and ambiguous, and seeks documents the identity of which is not known to Google, with regards to the phrase "Keyword that is a trademark"; (v) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (vi) seeks documents that are not reasonably accessible to Google. | Google serves hundreds of millions of ads every month for hundreds of thousands of advertisers. Yet Rosetta Stone expects Google to search the keywords that trigger all of these ads—for a period of 97 months—and determine which are trademarked terms—presumably using the U.S. Patent and Trademark Office to determine the identity of all U.S. registered trademarks. This is not a feasible undertaking for purposes of discovery, particularly given the lack of relevance of the information sought.

Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc.* v. *Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| | | |
|---|---|---|
| 99.<br><br>All documents relating to click-through rates achieved when a Sponsored Link is triggered by a Keyword that is a trademark of a competitor to the entity placing the Sponsored Link. | Google objects to this Request on the grounds that it (i) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" click-through rates without specifying appropriate subject matter and temporal limitations; (ii) is duplicative of other requests; (iii) is oppressive, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the use of trademarks as keywords other than the alleged Rosetta Stone trademarks; (iv) is oppressive and unduly burdensome in that Google does not know the full extent of all trademarks and the identity of all competitors of every trademark owner; (v) seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (vi) seeks documents that are not reasonably accessible to Google. | Google serves hundreds of millions of ads every month for hundreds of thousands of advertisers. Yet Rosetta Stone expects Google to search the keywords that trigger all of these ads—for a period of 97 months—and determine (1) which are trademarked terms—presumably using the U.S. Patent and Trademark Office to determine the identity of all U.S. registered trademarks—and then (2) which of advertisers compete in some way with any of the owners of every trademarked keyword. This is not a feasible undertaking for purposes of discovery, particularly given the lack of relevance of the information sought.<br><br>Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |

| | | |
|---|---|---|
| 106.<br>All documents relating to communications between Google and eBay concerning the unauthorized use of eBay's trademarks as Keywords and in Sponsored Links. | Google objects to this Request on the grounds that it (i) overly broad, unduly burdensome, and is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to communications regarding trademarks other than the alleged Rosetta Stone trademarks; (ii) is overly broad and unduly burdensome in that it makes improper use of the omnibus phrase "relating to" in asking for "all documents *relating to*" the subject matter of the Request and lacks appropriate temporal limitations; and (iii) seeks information protected by the attorney–client privilege, attorney work-product doctrine, or other applicable privilege. | Documents that relate to other trademark owners' accusations against Google, including emails, cease and desist letters, complaints, and discovery responses are irrelevant to the current case. Trademark infringement actions depend on the likelihood of confusion between a senior user's mark and a junior user's use, and "determining the likelihood of confusion is an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). As such, cases in which the "facts and circumstances" were different than the current case—different trademarks were at issue, different advertisements, different products, different types and identities of advertisers, different consumer expectations—have no bearing on this litigation. |
| 107.<br>Documents sufficient to identify the top 500 Keywords ranked by gross revenue generated for Google for each month since January 1, 2002. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google. | The burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. Plaintiff offers no explanation as to how the top 200 trademark keywords or the top 500 overall keywords have any bearing whatsoever on the alleged infringement of Rosetta Stone's trademarks, or how they may lead to the discovery of admissible evidence. During one meet and confer session, Plaintiff's counsel conceded that the only potential use for such information was for his firm to discover other companies that may have a complaint with Google. Plaintiff has pointed to no justification that relates to the claims at issue in this case or their need for such documents to prosecute the case. |

| | | |
|---|---|---|
| 108.<br><br>Documents sufficient to identify the top 500 Keywords ranked by total impressions delivered for each month since January 1, 2002. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google. | The burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. Plaintiff offers no explanation as to how the top 200 trademark keywords or the top 500 overall keywords have any bearing whatsoever on the alleged infringement of Rosetta Stone's trademarks, or how they may lead to the discovery of admissible evidence. During one meet and confer session, Plaintiff's counsel conceded that the only potential use for such information was for his firm to discover other companies that may have a complaint with Google. Plaintiff has pointed to no justification that relates to the claims at issue in this case or their need for such documents to prosecute the case. |
| 109.<br><br>Documents sufficient to identify the top 500 Keywords ranked by click-throughs delivered for each month since January 1, 2002. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google. | The burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. Plaintiff offers no explanation as to how the top 200 trademark keywords or the top 500 overall keywords have any bearing whatsoever on the alleged infringement of Rosetta Stone's trademarks, or how they may lead to the discovery of admissible evidence. During one meet and confer session, Plaintiff's counsel conceded that the only potential use for such information was for his firm to discover other companies that may have a complaint with Google. Plaintiff has pointed to no justification that relates to the claims at issue in this case or their need for such documents to prosecute the case. |

| | | |
|---|---|---|
| 110.<br>Documents sufficient to identify the top 200<br>Keywords that are trademarks ranked by gross<br>revenue generated for Google for each month since<br>January 1, 2002. | Google objects to this Request on the grounds that<br>it (i) is duplicative of other requests; (ii) is overly<br>broad and unduly burdensome in that it requests<br>information from prior to July 23, 2004 and in that<br>Google does not know the identity of all<br>trademarks; (iii) is neither relevant to the claim or<br>defense of any party nor reasonably calculated to<br>lead to the discovery of admissible evidence,<br>particularly in that it seeks documents relating to<br>trademarks other than the alleged Rosetta Stone<br>trademarks; and (iv) requests information that<br>Google does not have or maintain and/or is not<br>reasonably accessible to Google. | The burden of these requests is in no way<br>outweighed by the fact that these documents have<br>nothing to do with the use of Rosetta Stone's<br>alleged trademarks. Plaintiff offers no explanation<br>as to how the top 200 trademark keywords or the<br>top 500 overall keywords have any bearing<br>whatsoever on the alleged infringement of Rosetta<br>Stone's trademarks, or how they may lead to the<br>discovery of admissible evidence. During one meet<br>and confer session, Plaintiff's counsel conceded<br>that the only potential use for such information was<br>for his firm to discover other companies that may<br>have a complaint with Google. Plaintiff has<br>pointed to no justification that relates to the claims<br>at issue in this case or their need for such<br>documents to prosecute the case. |
| 111.<br>Documents sufficient to identify the top 200<br>Keywords that are trademarks ranked by total<br>impressions delivered for each month since January<br>1, 2002. | Google objects to this Request on the grounds that<br>it (i) is duplicative of other requests; (ii) is overly<br>broad and unduly burdensome in that it requests<br>information from prior to July 23, 2004 and in that<br>Google does not know the identity of all<br>trademarks; (iii) is neither relevant to the claim or<br>defense of any party nor reasonably calculated to<br>lead to the discovery of admissible evidence,<br>particularly in that it seeks documents relating to<br>trademarks other than the alleged Rosetta Stone<br>trademarks; and (iv) requests information that<br>Google does not have or maintain and/or is not<br>reasonably accessible to Google. | The burden of these requests is in no way<br>outweighed by the fact that these documents have<br>nothing to do with the use of Rosetta Stone's<br>alleged trademarks. Plaintiff offers no explanation<br>as to how the top 200 trademark keywords or the<br>top 500 overall keywords have any bearing<br>whatsoever on the alleged infringement of Rosetta<br>Stone's trademarks, or how they may lead to the<br>discovery of admissible evidence. During one meet<br>and confer session, Plaintiff's counsel conceded<br>that the only potential use for such information was<br>for his firm to discover other companies that may<br>have a complaint with Google. Plaintiff has<br>pointed to no justification that relates to the claims<br>at issue in this case or their need for such<br>documents to prosecute the case. |

| | | |
|---|---|---|
| 112.<br>Documents sufficient to identify the top 200 Keywords that are trademarks ranked by click-throughs delivered for each month since January 1, 2002. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004 and in that Google does not know the identity of all trademarks; (iii) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks documents relating to trademarks other than the alleged Rosetta Stone trademarks; and (iv) requests information that Google does not have or maintain and/or is not reasonably accessible to Google. | The burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. Plaintiff offers no explanation as to how the top 200 trademark keywords or the top 500 overall keywords have any bearing whatsoever on the alleged infringement of Rosetta Stone's trademarks, or how they may lead to the discovery of admissible evidence. During one meet and confer session, Plaintiff's counsel conceded that the only potential use for such information was for his firm to discover other companies that may have a complaint with Google. Plaintiff has pointed to no justification that relates to the claims at issue in this case or their need for such documents to prosecute the case. |
| 113.<br>To the extent that any Rosetta Stone Mark is not included in the rankings produced in response to Requests 107-112, documents sufficient to show where each such Rosetta Stone Mark is ranked. | Google objects to this Request on the grounds that it (i) is duplicative of other requests; (ii) requests information that Google does not have or maintain and/or is not reasonably accessible to Google; (iii) is overly broad and unduly burdensome in that it requests information from prior to July 23, 2004; (iv) is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; and (v) is overly broad and unduly burdensome in seeking over 3800 data points. | The burden of these requests is in no way outweighed by the fact that these documents have nothing to do with the use of Rosetta Stone's alleged trademarks. Plaintiff offers no explanation as to how the top 200 trademark keywords or the top 500 overall keywords have any bearing whatsoever on the alleged infringement of Rosetta Stone's trademarks, or how they may lead to the discovery of admissible evidence. During one meet and confer session, Plaintiff's counsel conceded that the only potential use for such information was for his firm to discover other companies that may have a complaint with Google. Plaintiff has pointed to no justification that relates to the claims at issue in this case or their need for such documents to prosecute the case. |