IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| ROSETTA STONE LTD. | | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 1:09cv736 (GBL / TCB) |
| GOOGLE INC. | | |
| Defendant. | | |

## DEFENDANT GOOGLE INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Google Inc. ("Google") hereby submits this supplemental memorandum of law in opposition to Plaintiff Rosetta Stone Ltd.'s ("Rosetta Stone") Motion to Compel Production of Documents.

## Factual Background

During the parties' meet and confer call on January 19, 2010, Rosetta Stone conceded that, as stated in Google's motion, Google had previously agreed to provide it with the vast majority of documents it moved to compel. Indeed, Rosetta Stone admitted that certain of the requests it moved on appeared to have been included "in error." Having compelled Google to expend considerable time and effort in responding to Rosetta Stone's original motion, having refused Google's repeated requests to reset the hearing for a later date, and having required Google's counsel to fly across the country and back last week for no purpose, Rosetta Stone has now agreed that the Court need no longer consider its original motion to compel documents in response to document requests 8, 9, 17, 42, 43, 54, 62, 63, 92, 98, 99, and 107-112.

## Argument

According to Rosetta Stone, the document requests that remain at issue on its motion are 5-7, 10, 12-15, 18-23, 26-29, 67-69, 76-79, 93, 96, 106 and 113. Every one of these requests involves trademarks of third parties that are not even identified in Rosetta Stone's complaint and are irrelevant to the fundamental issue in this action: whether third party advertising through Google's advertising programs infringes Rosetta Stone's alleged trademarks.

Even before Rosetta Stone filed its motion, Google had agreed to produce documents responsive to the vast majority of the 115 requests for production served by Rosetta Stone (to which Rosetta Stone has now added an additional 28 requests). Concerning the requests for which Rosetta Stone now seeks to compel production, the non-privileged documents that Google

has produced, and is continuing to produce, include numerous categories of documents that are not specific to Rosetta Stone's alleged trademarks, such as:

- Google's trademark policies;

- the reasons for those trademark policies and modifications to them;

- general analyses of the effects, financial and otherwise, of including or not including trademarks as keywords in Google's advertising programs;

- studies, surveys, and experiments that relate generally to trademarks in Google's advertising programs and/or to the coloring and layout of Sponsored Links.

Such documents are responsive to requests 6, 18-23, 26-29 and 76-78.

Although Google has consistently agreed to produce such documents related to trademarks generally, and expressed its position repeatedly, Rosetta Stone's lead trial lawyer seems to have only grasped the full breadth of the documents Google was producing during the parties' meet and confer call yesterday. Nonetheless, Rosetta Stone, perhaps in an effort to save face, is continuing to demand that Google produce complaints, legal pleadings, and studies and analyses that relate specifically to the trademarks of third parties. As Google outlined in its original opposition (pages 8 to 11), such documents have no relevance to the current litigation and would be burdensome to identify, collect, and review. Moreover, they would inevitably lead to additional irrelevant and wasteful discovery.

Rosetta Stone's trademark action, like all other trademark actions, raises "an 'inherently factual' issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 933 (4th Cir. 1995). Facts relating to other trademarks—trademarks with differing levels of strength, related to different goods and services, used in different market places, with different competitors, carrying different fair use implications, associated with different advertising—do not have any tendency to prove or disprove Rosetta Stone's assertion that the use of its marks in advertising through Google's

advertising programs is likely to cause consumers confronted with the advertisements and search

results at issue in the case to be confused.

For the same reasons that facts relating to complaints of infringement relating to other

trademarks is irrelevant, Google's state of mind or knowledge with respect to any such

complaints or allegation of infringement regarding third party trademarks is also irrelevant to the

facts in dispute in this action. Tellingly, numerous courts have held that a defendant's continued

use of a *plaintiff's* trademark after having "knowledge" of a plaintiff's trademark, through receipt

of a cease and desist letter from *the plaintiff* is not probative of bad faith.[1] Here, the documents

that Rosetta Stone seeks do not even relate to the trademarks at issue. As such, they have no

bearing on willfulness. This is particularly true given that no court has ever found Google liable

for trademark infringement. Indeed, this Court—the only one to have actually ruled on Google's

liability for trademark infringement in connection with its advertising programs—granted

judgment as a matter of law in Google's favor on the issue of whether "the mere use by Google

of the GEICO trademark as a search term or keyword, even in the context of Google's

advertising program, violates either the Lanham Act or Virginia common law." *GEICO v.*

*Google Inc.* 2005 WL 1903128 *1 (E.D. Va. Aug. 8, 2005).

---

[1] *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 405 F. Supp. 2d 680, 697 (E.D. Va. 2005); *see also SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 189 (3d Cir. 1999), *held superseded on other grounds by statute*, 15 U.S.C. § 1117(a), 1999 amendment (failure to stop use of a mark after receiving a cease and desist letter "does not demonstrate willful infringement"); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993), *held superseded on other grounds by statute*, 15 U.S.C. § 1117(a), 1999 amendment ("[A] knowing use in the belief that there is no confusion is not bad faith"); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 525 (S.D.N.Y. 2008) (failing to abandon use of a trademark after receiving a cease and desist letter is insufficient to support an allegation of bad faith); *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 427 (S.D.N.Y. 2008) (same); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1096 (C.D. Cal. 2003) ("[T]he failure to stop using a mark after receiving a cease and desist letter does not show willful infringement"); McCarthy on Trademarks § 23:120 ("[A] defendant may well have considered that plaintiff's contention was legally wrong and continued use until a court stated otherwise.").

Rosetta Stone's insistence on receiving all documents relating to unidentified third-party trademarks or how Rosetta Stone's facts compare to those relating to other trademarks also poses a significant and undue burden. For example, Request 113 asks Google to produce, for 97 separate months, the rank of 13 different alleged Rosetta Stone trademarks compared to all other keywords and all other trademark keywords by gross revenue, by total impressions, and by click-throughs. Even assuming that Google could identify every single registered and common law trademark that is being used as a keyword, which is not possible, this Request 113 would requires Google to conduct more than 65,000 queries. Rosetta Stone has offered no relevance justification that would offset such a burden.

Rather than attempting to obtain documents from other, unrelated cases, Rosetta Stone should instead focus on the tens of thousands of documents Google is producing that actually relate to the alleged Rosetta Stone marks and its trademark policies generally, including documents showing all companies who have bid on the alleged Rosetta Stone trademarks, their click-through rates, cost per click, number of impressions, content of the advertisement, and URL and all non-privileged correspondence Google has had with anyone regarding the alleged Rosetta Stone marks, as well as the documents generally relating to trademarks described above. These are the documents that are actually necessary to prosecute this case.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that Plaintiff's Motion to Compel Production of Documents be denied.

Dated: January 20, 2010

4

Respectfully Submitted,

GOOGLE INC.
By counsel

_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia  22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire (Admitted *Pro Hac Vice)*
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of January, 2010, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

Terence P.  Ross, Esquire (VSB No. 26408)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
tross@gibsondunn.com
*Counsel for Plaintiff Rosetta Stone Ltd.*


_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia  22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com
*Counsel for Defendant Google Inc.*