## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| ROSETTA STONE LTD.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | CIVIL ACTION  NO. 1:09cv736 (GBL / TCB) |

## GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF ITS THREE HIGHEST-RANKING EXECUTIVES

Defendant Google Inc. ("Google") respectfully moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to preclude Rosetta Stone Ltd. ("Rosetta Stone") from taking the depositions of its three highest-level executives, Google's Co-Founders and Co-Presidents Sergey Brin and Larry Page, and its CEO Eric Schmidt—none of whom has any unique knowledge relevant to the disputed issues in this trademark infringement action.

## INTRODUCTION AND RELEVANT BACKGROUND

In 1998, Larry Page and Sergey Brin incorporated the company Google Inc. while working out of a friend's garage developing an advertising-funded search engine. Now, more than 10 years later, Google operates a popular search engine and employs approximately 20,000 people. Larry Page is President, Products. Sergey Brin is President, Technology. Along with Eric Schmidt, Chairman of the Board and Chief Executive Officer, they are Google's top executives.

In this action, Rosetta Stone alleges that its trademarks are infringed through Google's advertising program. That program funds Google's search engine, which in turn provides consumers with free Internet search results and business owners with lucrative free listings. Rosetta Stone's Complaint particularly focuses on Google's decision in 2004 to provide more useful advertisements by permitting advertisers to select trademarks as keywords to trigger their advertisements. That change enabled Internet searchers to more quickly locate commercial results relating to their search queries, facilitating consumers' comparative shopping by price, product, and features.

In 2009, Google modified its trademark policy to "allow some ads to show with a trademark in ad text if the ad is from a reseller or from an informational site." (Google website page, attached to the Declaration of Margret M. Caruso ("Caruso Decl."), attached hereto as Exhibit 1, as Ex. A). However, if Google discovers that an advertiser "is using the trademark in

1

the ad text in a manner which is competitive, critical, or negative," it "will require the advertiser to remove the trademark and prevent them from using it in similar ad text in the future." *Id.* Under this policy, as in the "bricks and mortar" world, trademarks can be used to refer to genuine products, just as Best Buy's television ads feature Sony televisions and Wal-Mart's newspaper flyers promote Colgate toothpaste. Referencing these products by name helps consumers identify what is available. However, Rosetta Stone takes the position that on the Internet *no ads* other than its own should appear if a user searches for Rosetta Stone— irrespective of whether that an ad links to an authorized reseller of genuine Rosetta Stone products, such as Amazon.com, or to a site relating to the historical Rosetta Stone artifact, and irrespective of whether a consumer is searching for information about the historical artifact, the Plaintiff, the best prices on the Plaintiff's products, or competitors of the Plaintiff.

In connection with its lawsuit, Rosetta Stone has noticed a Rule 30(b)(6) deposition of Google on 21 separate topics and seeks to depose 18 Google employees. (Notice of Deposition of Google Inc. and Feb. 4, 2010 Letter from J. Spaziano to M. Caruso, attached to Caruso Decl. as Ex. B). Notwithstanding Google's commitment to make available numerous witnesses, including those with the most personal knowledge of Google's trademark policies and practices, Rosetta Stone insists on deposing Google's top three executives: Sergey Brin, Larry Page, and Eric Schmidt—none of whom were identified in either party's initial disclosures or interrogatory responses as having discoverable knowledge about this case. Rosetta Stone contends that it needs these depositions because Google's top three executives "are likely to have relevant information regarding the factors considered by Google in adopting the policies and the risks associated therewith, which would be relevant to both liability and damages." (Feb. 10, 2010 Letter from J. Spaziano to M. Caruso, attached to Caruso Decl. as Ex. C).

On its face, it is implausible that the company's top executives would have more

information about any decision than those advising them. Rosetta Stone's theory is contrary to

the way large companies work, and its approach is contrary to the Federal Rules of Civil

Procedure and well-established precedent relating to when high-level executives can and should

be deposed. Rosetta Stone's efforts to harass and annoy Google by noticing these depositions

and compelling it to file this motion should not be rewarded, and Google's motion for a

protective order preventing these depositions from occurring, at least until an appropriate

foundation has been laid, should be granted.

## ARGUMENT

## DEPOSITIONS OF GOOGLE'S THREE
## HIGHEST-LEVEL EXECUTIVES SHOULD NOT PROCEED

Rosetta Stone should be prevented from deposing Google's three highest-ranking

executives because they have no unique personal knowledge relevant to this case and Rosetta

Stone can pursue any relevant discovery through less burdensome means. Under these

circumstances, the depositions would be unduly burdensome and harassing.

A.    **A Top-Level Corporate Executive Should Not Be Deposed Unless No Less
      Burdensome Means Exists For Obtaining The Information Sought And The
      Executive Has Unique and Relevant Personal Knowledge.**

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may issue a

protective order to protect a person from "annoyance, embarrassment, oppression, or undue

burden or expense," including forbidding the discovery requested. Fed. R. Civ. P. 26(c). Courts

have recognized that high-level executives in large and well-known corporations are "singularly

unique and important individual[s] who can be easily subjected to unwarranted harassment and

abuse." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985) (limiting discovery of Lee

Iacocca to written interrogatories). For that reason, in considering the depositions of such high-

level executives, or "apex" witnesses, "a court must consider the likelihood of harassment and the potential disruption of the executive's business." *Deluca v. Bank of Tokyo-Mitsubishi UFJ*, 2007 WL 2589534, *2 (S.D.N.Y. Aug. 30, 2007) (granting defendant's motion for a protective order preventing the deposition of the defendant's top-ranking officer in the United States).

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Consistent with that mandate, courts have routinely prevented the depositions of high-level executives in lawsuits against their corporations unless two conditions are met: (1) the executive to be deposed has unique personal knowledge that is relevant to the case; and (2) the party seeking the deposition first tried unsuccessfully to obtain the information sought from the executive deposition by other, less burdensome means. *E.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order barring deposition of IBM's chairman); *Lewelling v. Farmers Ins.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirming protective order where chairman and CEO lacked personal knowledge); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (upholding the district court's denial of the plaintiff's request to depose the corporate defendant's president and requiring the plaintiff to first depose lower-level employees to obtain all necessary information).[1]

---

[1]  *See also, e.g., Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2010 WL 235023, *2 (N.D. Tex. Jan. 19, 2010) (granting motion for protective order to prevent deposition of company president); Order from *PA Advisors, LLC v. Google, Inc. et. al*, Civil Action No. 2:07-cv-480-DF (E.D. Tex. Aug. 28, 2009) (attached to Caruso Decl. as Ex. D) (granting motion for protective order to prevent deposition of Google co-founder and co-President Sergey Brin unless a 30(b)(6) deposition is inadequate); *Stelor Prods., Inc. v. Google Inc.*, 2008 WL 4218107, *4 (S.D. Fla. Sept. 15, 2008) (granting motion for protective order to prevent depositions of Google co-founders and co-Presidents Sergey Brin and Larry Page unless a 30(b)(6) deposition is inadequate); *Gauthier v. Union Pac. R.R. Co.*, 2008 WL 2467016, *4 (E.D. Tex. Jun. 18, 2008) (granting motion to quash depositions of four current and former executives unless a 30(b)(6) (footnote continued)

The Fourth Circuit has also upheld a district court's grant of a protective order preventing the deposition of a high-level executive. In *Sharma v. Lockheed Engineering & Management Services Co.*, the plaintiff attempted to depose the president of Lockheed. 1988 WL 118154, *2 (4th Cir. Nov. 7, 1988). The district court granted the defendant's motion for a protective order preventing the deposition. *Id.* Affirming the district court's order, the Fourth Circuit determined that not only did Lockheed's president not have unique personal knowledge, but that indirect information that the plaintiff might have obtained from him could have been more easily obtained from other sources. *Id.* at *3.

Two recent opinions concerning executive depositions are particularly instructive here: *Stelor Productions, Inc. v. Google Inc.*, 2008 WL 4218107, *4 (S.D. Fla. Sept. 15, 2008), and *PA Advisors v. Google*, Civil Action No. 2:07-cv-480-DF (E.D. Tex. Aug. 28, 2009) (Order, attached to Caruso Decl. as Ex. D). *Stelor Productions* was a trademark infringement action against Google relating to the name "Google." In it, the plaintiff sought the deposition testimony of Larry Page and Sergey Brin concerning "Google's trademark registration, its trademark search process, the circumstances and timing surrounding the trademark application and registration," and other facts relating to Google's knowledge about the Google trademark. 2008 WL 4218107, *2. The plaintiff argued that "Brin and Page are the only two individuals who can answer these inquiries because they were the only two members of Google when it was trademarked and because Page signed documents filed with the trademark office." *Id.*; *see also id.* at * 4. The *Stelor* court did not reject the plaintiff's argument that the information sought was relevant or that Page and Brin had unique relevant knowledge, but it determined that "in light of the fact that

_____

deposition is inadequate); *Deluca*, 2007 WL 2589534 at *4 (granting motion for protective order to prevent deposition of executive officer).

5

Brin and Page are Google's founders and top executives, it makes sense to require plaintiff to seek the information from other sources." *Id.* at *4. Accordingly, the court required the plaintiff to depose a 30(b)(6) witness, and only if that witness could not answer plaintiff's questions would the court allow very limited depositions of Messrs. Page and Brin. *Id.* at **4-5.

The court in *PA Advisors, LLC v. Google Inc. et. al* reached a similar conclusion regarding a plaintiff's attempt to depose Mr. Brin a few months ago. In that patent action, the plaintiff contended that the inventor of its patent had sent Mr. Brin an email informing him of the patent at issue. (Order, attached to Caruso Decl. as Ex. D, p.5). The plaintiff took the position that "Mr. Brin is the only individual [who] can testify as to what actions he took following his receipt of [the inventor's] e[-]mail." *Id.* The court granted Google's motion to quash the deposition pending deposition of a 30(b)(6) witness on the topic at issue, noting "Defendant has shown that Mr. Brin is President of Technology for Defendant Google, Inc., which has over 20,000 employees worldwide, and the Court finds that a deposition of Mr. Brin would likely cause significant disruption to Defendant's operations." *Id.* at 5-6.

### B. Messrs. Page, Brin and Schmidt Have No Unique Personal Knowledge Related To This Case And The Information Sought Is Available Through Less Burdensome Means.

Rosetta Stone seeks to depose not just one, but all three of Google's highest-level executives: its two Co-Founders and Co-Presidents and its Chief Executive Officer and Chairman of the Board. Rosetta Stone has not presented any evidence that these executives have any unique personal knowledge regarding Google's alleged trademark infringement. The only topics that Rosetta Stone has alleged that they have personal knowledge of are their approval of Google's trademark policies and "the factors considered by Google in adopting the [advertising trademark] policies and the risks associated therewith." (Feb. 10 Letter from J. Spaziano to M. Caruso, attached to Caruso Decl. as Ex. C). The fact of Google's adoption of its 2004 and 2009

trademark policies is publicly available and undisputed. Indeed, in furtherance of its position, Rosetta Stone emphasizes that the trademark policies "resulted in a public disclosure regarding their risks." *Id.* Given the public disclosures regarding the changes in Google's trademark policies and Rosetta Stone's ability to inquire further on such issues through Google's 30(b)(6) and individual witnesses, there is no basis for also questioning Google's top three executives on the topic. With far less evidence of unique knowledge or need than what was held insufficient to require Larry Page and Sergey Brin's depositions in *Stelor Productions* and *PA Advisors,* Rosetta Stone's depositions should be similarly barred.

Furthermore, it is unlikely that Rosetta Stone could develop any evidence that Google's adoption of its trademark policies in 2004 and 2009 was based on the unique knowledge of its founders and CEO. Google has agreed to make available for deposition other high-ranking employees (and a former high-ranking employee) who can testify about Google's trademark policies in connection with its advertising programs, as well as all non-privileged factors Google considered in adopting those policies. These witnesses included Terri Chen, Senior Trademark Counsel; Rose Hagan, former Managing Trademark Counsel; and Alana Karen, Director, Online Sales and Operations. The scope of their knowledge not only entirely overlaps that of Messrs. Page, Brin and Schmidt on the issues Rosetta Stone identified, but it also exceeds it. Messrs. Page, Brin and Schmidt have no involvement in the day-to-day operations of Google's advertising programs or any trademark disputes brought by trademark owners against Google's advertising programs.

In addition, Rosetta Stone's depositions would be extremely disruptive to the schedules of Messrs. Page, Brin and Schmidt, and burdensome and harassing to them and Google. *See Deluca,* 2007 WL 2589534, at *2 ("[A] court must consider the likelihood of harassment and the

potential disruption of the executive's business."). Rosetta Stone should not be allowed to harass Google's three highest-ranking officers by deposing them in a case about which they have no unique personal knowledge and where Rosetta Stone has not exhausted less burdensome means of discovery. Further, permitting the depositions to proceed would deny Google and its top executives Rule 26(c)'s protection from "annoyance, embarrassment, oppression, or undue burden or expense" and contravene Rule 1's mandate of construing the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

## Conclusion

For the foregoing reasons, Google respectfully moves for a protective order to preclude the depositions of Larry Page, Sergey Brin, and Eric Schmidt.


Dated: February 12, 2010


                                                    Respectfully Submitted,

                                                    GOOGLE INC.
                                                    By counsel


_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire (Admitted *Pro Hac Vice)*
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of February, 2010, I will electronically file

the foregoing with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:

> Warren T. Allen II
> Clifford M. Sloan
> Jennifer L. Spaziano
> Skadden, Arps, Slate, Meagher, & Flom, LLP
> 1440 New York Avenue, N.W.
> Washington, D.C.  20005-2111
> warren.allen@skadden.com
> cliff.sloan@skadden.com
> jen.spaziano@skadden.com
> *Counsel for Plaintiff Rosetta Stone Ltd.*

> _____/s/_____
> Jonathan D. Frieden, Esquire (VSB No. 41452)
> Stephen A. Cobb, Esquire (VSB No. 75876)
> ODIN, FELDMAN & PITTLEMAN, P.C.
> 9302 Lee Highway, Suite 1100
> Fairfax, Virginia  22031
> (703) 218-2100
> (703) 218-2160 (facsimile)
> jonathan.frieden@ofplaw.com
> stephen.cobb@ofplaw.com
> *Counsel for Defendant Google Inc.*