# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |
|---|---|
| ROSETTA STONE LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GOOGLE INC., ) <br> ) <br> Defendant. ) <br> ) | **Case No. 1:09-cv-00736 (GBL/TCB)** |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL

Rosetta Stone Ltd. ("Rosetta Stone"), by and through undersigned counsel, respectfully submits this Memorandum in support of its Motion to Seal its Opposition to Google Inc.'s Motion for Protective Order and the Declaration of Jennifer L. Spaziano in Support Thereof. The Motion has been noticed on the public docket as a sealing motion. The Sealing Order is appropriate and necessary to protect confidential information produced by Google in the course of this litigation.

1.  On December 14, 2009, this Court entered an Agreed Protective Order in the above captioned case. (Docket No. 28.) This Agreed Protective Order permits parties in this case to designated certain documents, testimony and other discovery material as "Confidential," "Confidential Attorneys' Eyes Only" and "Restricted Confidential—Source Code." The Order further provides that any material so designated "shall not be disclosed to any person" not otherwise specifically enumerated in the Order. To that end, Paragraph 3 of the Agreed Protective Order provides that if a receiving party seeks to file protected information with the Court, that party shall give the designating party written notice of its intention to do the same and

the designating party shall have five business days in which to file with the Court a motion to have the proposed filing under seal.

2. On February 12, 2010, Google filed a Motion for a Protective Order to preclude certain depositions noticed by Rosetta Stone. Rosetta Stone's opposition to that Motion is due on February 17, 2010 – less than five business days after the filing of the motion. In its opposition, Rosetta Stone identifies and quotes from documents designated by Google as "Protected" in accordance with the Agreed Protective Order. These documents include internal Google presentations, internal Google communications and a transcript of a deposition taken in another matter, which had been designated as confidential pursuant to a protective order in that matter. Because there is not sufficient time to comply with the provisions of the Agreed Protective Order and allow Google the opportunity to file this Motion to Seal, Rosetta Stone is filing this Motion consistent with the spirit of the Agreed Protective Order.

3. In determining whether to grant a motion to seal, courts begin with the assumption that the documents at issue are judicial records subject to public access. They then engage in a balancing test to determine if the interest in sealing or maintaining the seal on such documents outweighs the public's interest in access to them. In conducting this balancing test, courts have placed the burden upon the party which seeks to overcome the presumption of public access to show some significant interest that outweighs public access. The courts have applied a three-part test in deciding whether to seal such documents, as follows: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting the decision to seal the documents and for rejecting alternatives. *See, e.g.*, *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *Stone v. University of Maryland*

*Medical System Corporation*, 855 F.2d 178, 182 (4th Cir. 1988); *In re Knight Publishing Company*, 743 F.2d 231, 235-36 (4th Cir. 1984). *See also*, *United States ex rel. Coughlin v. IBM*, 992 F. Supp. 137, 141 (N. D. N. Y. 1998) (balancing "need for and harm risked by the disclosure sought by Relators"); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995) (court has discretion to maintain seal on pre-intervention documents after "balancing [the requesting party's] need for the sealed documents and the harm to the government risked by disclosure").

4. Google contends that the "Protected" material at issue relates to business practices that are confidential and proprietary, the public disclosure of which would be harmful to its business interests. Reasonable public notice of the sealing of these documents has been given through the filings in this case. No less restrictive method would adequately preserve the confidential and proprietary nature of the information at issue. Rosetta Stone has publicly filed redacted versions of both its Opposition to Google's Motion for Protective Order and the Declaration of Jennifer L. Spaziano in Support Thereof.

5. The Agreed Protective Order addresses the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing: "Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the person to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved."

For the foregoing reasons, Rosetta Stone respectfully requests that the Court grant its Motion to Seal and enter the attached Order.

Respectfully submitted,

| February 17, 2010 | /s/ |
| Date | Warren T. Allen II (Va. Bar No. 72691) |

Attorney for Rosetta Stone Ltd.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7126
Facsimile: (202) 661-9121
Warren.Allen@skadden.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to the following:

Jonathan D. Frieden
ODIN, FELDMAN & PETTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
jonathan.frieden@ofplaw.com

*Counsel for Defendant, Google Inc.*

Respectfully submitted,

February 17, 2010
Date

/s/
Warren T. Allen II (Va. Bar No. 72691)
Attorney for Rosetta Stone Ltd.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7126
Facsimile: (202) 661-9121
Warren.Allen@skadden.com