Rosetta Stone LTD v. Google Inc.

Doc. 60 Att. 11

# Exhibit J

Dockets.Justia.com

Case5:03-cv-05340-JF Document142 Filed07/13/06 Page1 of 7

Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY, LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Counter-Defendants. | Case No. C 03-5340-JF (RS)<br><br>**DEFENDANT AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006**<br><br>Date: TBD<br>Time: TBD.<br>Courtroom: 4<br>Hon. Richard Seeborg |

**PUBLIC VERSION**

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No.: C-03-5340-JF (RS)
DEFENDANT AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S NOTICE OF MOTION & MOTION TO COMPEL

DM_US\8366072.v1

Case5:03-cv-05340-JF Document142 Filed07/13/06 Page2 of 7

PLEASE TAKE NOTICE that as soon as counsel may be heard, Defendant/Counter-Plaintiff American Blind and Wallpaper Factory, Inc. ("American Blind") will and hereby does move this Court for an order compelling Plaintiff/Counter-Defendant Google Inc. ("Google") to respond to all discovery issued by American Blind that is timely served given the current discovery cutoff date of August 26, 2006.

The motion will be based on this Notice and Motion, the accompanying exhibits, the pleadings and papers on file in this action, the arguments of counsel, and upon such other evidence as may be presented at the hearing on this matter.

## I. BACKGROUND

During the two months prior to the originally scheduled close of discovery, American Blind underwent a battle for control of the company and then a change of management and ownership of the company. (*See generally* Dkt. No. 137 ("Greenspon Decl.").) As a result, several of the employees who were assisting with discovery either left the company or were completely consumed with addressing urgent company business. Upon application of American Blind, Judge Fogel recognized that these facts justified a 60-day extension of all case management dates, including the discovery cutoff date. (*See* Dkt. No. 133.) Judge Fogel noted that:

> the extension of case management dates is intended only to allow the parties to complete discovery that is within the previously established scope of discovery. If during the remaining period of discovery a party believes that additional discovery is necessary, the parties should attempt resolve the matter between themselves. However, if an agreement cannot be reached, permission to conduct additional discovery shall be sought from Magistrate Judge Seeborg.

(*Id.*; *see also* Plater Declaration ("Plater Decl.") Ex. A (transcript of hearing).)

Unfortunately, the recent change of ownership at American Blind severely disrupted its ability not only to respond to discovery (as recognized by Judge Fogel) but also to propound discovery. After Judge Fogel's ruling, American Blind issued the following discovery to Google: First Set of Requests for Admission, Notice of Deposition of Larry Page and Notice of Deposition of Sergey Brin. (Plater Decl., Ex, B, C, D.) Google objected and refused to respond to any of the

Case No.: C-03-5340-JF (RS) - 1 -
DEFENDANT AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S NOTICE OF MOTION & MOTION TO COMPEL- PUBLIC VERSION
DM_US\8366072.v1

newly issued discovery from American Blind on the sole ground of untimeliness. (Plater Decl. Ex. E, F.) As instructed by Judge Fogel, prior to filing this motion, American Blind corresponded with Google on several occasions in an attempt to resolve the dispute. (Plater Decl. Ex. G, H, I) However, the parties were unable to reach an agreement. American Blind now seeks an order compelling Google to respond to this discovery and any other discovery American Blind may serve that is timely given the current discovery cutoff date of August 26, 2006.

## II. ARGUMENT

The question posed by this motion is whether American Blind's new management and ownership, now fully aware of and engaged in this litigation, should be allowed to utilize the additional time Judge Fogel granted for the completion of discovery to take minimal discovery based upon information American Blind learned during its change of management and ownership, when (as Judge Fogel noted), the company was understandably preoccupied. Given the new discovery cutoff date of August 26, 2006, there is no prejudice at all to Google to respond to this discovery — Google will not be forced to respond on shortened time, and the additional discovery will not disrupt the rest of the present schedule. Moreover, the additional discovery served thus far (3 requests for admissions and two deposition notices) is minimal. American Blind should be allowed to take this recently served discovery, and Google should be compelled to respond to it.

### A. The Brin and Page Depositions are Necessitated by Facts Disclosed in Google's 30(b)(6) Depositions, During American Blind's Ownership Change.

As stated above, during the two months leading up to the original close of discovery, American Blind's sole focus was on the continuing operations and successful transition of the company's management and ownership. During that time period, American Blind could not adequately digest discovery requests, or information gleaned from its own discovery. Once American Blind was once again able to turn its attention to this litigation, it realized that the depositions of Sergey Brin and Larry Page were critical to this case.

Although American Blind placed Messrs. Brin and Page on its Initial Disclosures early in this case (Plater Decl. Ex. K), it did not seek their deposition, recognizing the general rule that top

executives at a company are not generally subject to deposition unless they have specific knowledge relevant to the case.[1] In Google's 30(b)(6) depositions held April 12, 2006 and May 18, 2006 (thus occurring during the time American Blind was preoccupied with its management change), Google's representatives noted that



. (*See* Plater Decl., Ex. M at 98:5-99:13; *see also* Plater Decl., Ex. L at 122:12-123:12.) These are crucial issues in this case, which centers around Google's trademark policy, and American Blind should be allowed to discovery this specific knowledge known by Messrs. Brin and Page.

Given the ownership and management change, American Blind's new management was not able to sit down and discuss this case with counsel until close to the original discovery cutoff date. It was not until that point that American Blind was able to review the information in the April and May depositions and determine that Messrs. Brin and Page have information that was necessary for American Blind's defense. The deposition notices were issued on June 26, 2006 (which, in any event, was prior to the original close of discovery).

In addition to the Brin and Page depositions, American Blind wishes to maintain the flexibility to take depositions of additional witnesses or serve additional written discovery should it become necessary. Two more depositions of Google personnel remain (apart from Messrs Page and Brin).[2] American Blind may uncover information in these previously-noticed depositions that suggests additional witnesses need to be deposed or additional discovery needs to be served. This is common discovery practice — additional discovery is issued based on the continuing stream of information that comes in during the completion of fact discovery.[3] This Court should permit

1 Because Google has solely objected to these depositions on timeliness grounds, American Blind does not address this issue here. Should Google later seek a protective order on the grounds that Messrs. Brin and Page are not subject to deposition in this case, American Blind will address the issue at that time.

2 Notably, the remaining depositions of Google's witnesses have not proceeded due to Google's counsel's insistence that American Blind's witnesses be deposed before Google will produce its remaining witnesses.

3 Google likewise still has to take the depositions of five American Blind's representatives, which may or may not disclose new information or avenues that Google would need to pursue. Of course, should the Court rule that Google must respond to all timely

American Blind to serve any additional discovery and take additional depositions so long as all discovery is completed by the discovery cutoff date of August 26, 2006.

**B. The Requests For Admission Are Minimal And Will Cause No Prejudice To Google If Compelled To Answer Them.**

Instead of answering the three simple requests contained in American Blind's First Set of Requests For Admission, Google objected and forced American Blind to seek the Court's intervention to obtain this limited discovery. These requests raise no new issues and thus would not require Google to undertake any new efforts to address them. Moreover, answering these three requests would cause no prejudice to Google. The requests state as follows:

> **Request No. 1:** Admit that Google has produced all settlement agreements confidential or otherwise between Google and any third party(s) regarding any claims arising out of Google's sale of keywords as part of its AdWords Program and/or any claims that allege that Google has engaged in trademark infringement, including but not limited to those arising as a result of Google's sale of keywords as part of its AdWords Program.
>
> **Request No. 2:** Admit that Google has produced to American Blind all responsive, non-privileged documents requested in American Blind's First Set of Requests for Production of Documents and Things from Google.
>
> **Request No. 3:** Admit that, as of the date of answering this request, Google continues to sell keywords as part of its AdWords Program that incorporate the American Blind Marks.

(Plater Decl. Ex. B.)

Requests Nos. 1 and 2 address Google's compliance with discovery issued prior to the extension of fact discovery. American Blind must know whether it is in possession of all of the requested discovery to which it is entitled. Because Google has failed to respond to American Blind's correspondence regarding matters contained in the requests for admission, American Blind sought to confirm the status of Google's compliance with discovery through its First Set of Requests For Admission. Notably, on June 23, 2006, the date of the hearing on the motion to extend the scheduling order, Google was still producing documents to American Blind. And as

---

discovery, American Blind would apply that ruling in a reciprocal manner to allow Google additional discovery should it deem it necessary.

recently as July 11, 2006, Google has indicated, anecdotally, that it has in fact not produced all requested documents, such as all relevant settlement agreements. (Plater Decl. Ex. J.) With Google still producing documents and having not confirmed that it has completed its production, it is extremely prejudicial to American Blind to be foreclosed from issuing new discovery to Google that is timely given the August 26, 2006 close of fact discovery.

Moreover, Google will suffer no prejudice to its case or any defense maintained if it is required to answer the requests for admission. The first two requests pertain to Google's discovery compliance. The third request simply seeks confirmation that Google continues to maintain the same trademark policy as it did as when it filed its Complaint and American Blind filed its Answer and Counterclaim. The subject matters of these requests are consistent with the scope of the initial discovery period and do not open up any new issues which might expose Google to any new defense or claim.

Finally, answering these three requests will not substantially detract from the time Google would otherwise devote to other matters in this case. Requests for admission, by their very nature, are the least onerous of discovery requests for the respondent. Google need only state "admitted" or "denied."

## III. CONCLUSION

American Blind has issued limited additional discovery (3 requests for admissions and two deposition notices) since the fact discovery cutoff was extended to August 26, 2006. Google will not be prejudiced if this and other additional discovery is allowed that is timely given the new cutoff date; conversely, given the circumstances, American Blind would be prejudiced by being unable to obtain all relevant discovery. In granting an extension of time to complete fact discovery, Judge Fogel implicitly found that American Blind had demonstrated good cause for an extension. This Court should likewise find that American Blind has established good cause for issuing additional discovery under these circumstances and order Google to respond to this discovery.

///

///

Case5:03-cv-05340-JF Document142 Filed07/13/06 Page7 of 7

WHEREFORE, American Blind and Wallpaper Factory Respectfully requests that the Court grant its Motion to Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date Of August 26, 2006.

Dated: July 13, 2006

HOWREY, LLP

By: ________________________

ROBERT N. PHILLIPS
ETHAN B. ANDELMAN

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER FACTORY, INC.

Case No.: C-03-5340-JF (RS)

- 6 -

DEFENDANT AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S NOTICE OF MOTION & MOTION TO COMPEL- PUBLIC VERSION

DM_US\8366072.v1