# Exhibit L

Dockets.Justia.com

United States District Court

For the Northern District of California

1

2                                        *E-FILED 9/6/06*

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6                              SAN JOSE DIVISION

7    GOOGLE INC.,                              NO. C 03-5340 JF (RS)

8                 Plaintiff,                   **ORDER GRANTING IN PART
9         v.                                   AND DENYING IN PART
                                               MOTION TO COMPEL**
10   AMERICAN BLIND & WALLPAPER FACTORY,
     INC.,

11

12               Defendant.
                                          /
13

14                                 INTRODUCTION

15        Fact discovery in this action was scheduled to close on July 27, 2006.  The presiding judge

16   extended that date by sixty days, but only for the purpose of completing discovery already in

17   progress.  Defendant American Blind & Wallpaper Factory, Inc. originally sought to have the

18   present motion heard on shortened time, so that it could be decided prior to the extended discovery

19   cut off.  Because American Blind characterized the relief it was seeking as an order to compel

20   compliance with timely-served discovery requests, the Court denied the request for an order

21   shortening time, citing Local Civil Rule 26-2, which permits motions to compel as to outstanding

22   discovery requests to be filed up to seven days after the discovery cut off.  The relief American

23   Blind *actually* seeks more properly should have been characterized as leave to conduct additional

24   discovery outside the scope of the presiding judge's order, notwithstanding the original cut off.

25        As such, American Blind's motion is timely in that there is no limitation on when a party

26   may seek leave to conduct additional discovery despite discovery having closed.  Nevertheless,

27   American Blind has failed to show good cause to reopen discovery except with respect to one of the

28   depositions it seeks to take.  The motion will be granted as to that deposition but otherwise will be

                                             1

1  denied.

2

3                                  BACKGROUND[1]

4          In June of this year, American Blind brought a motion before the presiding judge to extend

5  all of the case management deadlines in this action by 90 days, based primarily on an argument that

6  a change in management of American Blind had hindered its ability to prepare for trial.  At the

7  hearing, the presiding judge stated that the change in management "justifies some additional

8  extension of time" but that he was inclined only to extend the dates by 60 days rather than the 90

9  days requested.  June 23, 2006 hearing transcript at 2:11-16.

10         At that point in the hearing, counsel for plaintiff Google, Inc. stated that while Google did

11 not object to an extension of time to complete *existing* discovery matters, it did not want the

12 schedule "reopened for new discovery by either side as a result." *Id*. at 2:22-3:1.  The presiding

13 judge responded: "The point is to allow the parties to complete discovery, not to do new discovery.

14 And having said that, if there is something that comes up in completing the pending discovery that

15 leads either party to think there's something further they need to do, then you should go to Judge

16 Seeborg . . . . So the blanket order is simply the time to complete *discovery that's already underway*

17 *. . . . If you want to initiate something that's not already in the pipeline, then you need to go to the*

18 *magistrate judge and show good cause.*" *Id*. at 3:5-20 (emphasis added).

19         After the presiding judge made this oral ruling, counsel for American Blind argued that

20 additional discovery might be necessary based on documents that were purportedly continuing to

21 "trickle in." *Id*. at 3:21-4:3.  The presiding judge declined to opine in advance as to whether any

22 such additional discovery would be warranted: "[T]ry to work it out.  That's always the first thing to

23 do.  And if you can't, then ask Judge Seeborg for relief. I just think otherwise I'm buying a pig in a

24 poke.  I have no idea what else you want to do.  So all I'm doing is extending the framework by 60

25 days and, if you need to do anything further within that, then just ask the magistrate . . . ."

26 *Id*. at 4:6-14.

27 _____

28       [1] The general factual background of this action has been described in prior orders and will
not be repeated here.

United States District Court
For the Northern District of California

1    The presiding judge thereafter issued a written order providing, "As the Court indicated to

2  counsel during oral argument, the extension of case management dates is intended only to allow the

3  parties to complete discovery that is *within the previously established scope of discovery*. If . . . a

4  party believes additional discovery is necessary, the parties should attempt to resolve the matter

5  between themselves. However, if an agreement cannot be reached, permission to conduct additional

6  discovery shall be sought from Magistrate Judge Seeborg." Order filed June 23, 2006 at 2:8-13

7  (emphasis added).

8    In what appears to have been subjective good faith, American Blind attached special

9  significance to the presiding judge's use of the phrase "previously established scope of discovery" in

10  the written order. American Blind understood that phrase as giving it the right to propound *new*

11  written discovery requests and to serve *new* deposition notices without seeking an agreement from

12  Google or leave from this Court, as long as the new requests were within the "scope" of prior

13  discovery issues.

14    Accordingly, in the days that followed the issuance of the presiding judge's written order,

15  American Blind served a set of requests for admission and deposition notices for Google founders

16  Sergey Brin and Larry Page. After this motion was filed, American Blind served six additional

17  deposition notices "to preserve its right to take these depositions in the event the court grants this

18  motion." Reply Brief at 10:24-11:1. All of these discovery requests were served after the original

19  close of discovery but within the 60-day "extension" granted by the presiding judge. Google has

20  refused to produce any of the witnesses or to respond to the requests for admission. On reply,

21  American Blind concedes that it does not intend to depose Sergey Brin.

22

23    DISCUSSION

24    Although there is no reason to doubt that American Blind acted in good faith in interpreting

25  the presiding judge's order as it did, that interpretation was plainly incorrect. The presiding judge

26  was unequivocal that any new discovery requests could be served only by agreement of the parties

27  or by leave of this Court on a showing of good cause. Even though the presiding judge's written

28  order used the arguably broader phrase "previously established scope of discovery," it also

3

1  specifically referred to the judge's comments at oral argument, which, as shown by the excerpts

2  quoted above, expressly rejected American Blind's attempt to obtain advance permission to serve

3  any new discovery requests.

4         Unfortunately, the parties' differing interpretations of the presiding judge's order also led to

5  a breakdown in the meet and confer process that the presiding judge envisioned and that is always

6  expected.  Ideally, American Blind would have provided the discovery requests in dispute as

7  *proposed* discovery, and the parties could then have attempted to reach an agreement as to whether

8  any or all of it could go forward.  Because American Blind believed that it had a *right* to the

9  discovery and Google believed the opposite, there was little ground for compromise.

10        That being said, the real issue now before the Court is whether there is good cause to reopen

11 discovery to permit any of the discovery in dispute to go forward.  Based on its erroneous belief that

12 the discovery was timely served, American Blind has not even attempted to make a showing of good

13 cause with respect to the six deposition notices served after this motion was filed.  The motion is

14 therefore denied with respect to those deposition notices.  As noted above, American Blind has

15 withdrawn the deposition notice for Sergey Brin, so the motion is moot as to that notice.

16        As to the requests for admission, two of the three are "discovery about discovery" that seek

17 confirmation that Google has produced all documents responsive to certain requests.  The third

18 request for admission seeks confirmation that Google continues to engage in the conduct that

19 American Blind is challenging as wrongful in this action.  Although it would be a simple matter for

20 Google to respond to these requests, and perhaps in its interest to do so, American Blind has not

21 shown any reason that it could not have served these requests before the close of discovery, or any

22 compelling need that would otherwise justify reopening discovery.[2]  At the hearing, American Blind

23  ─────────────────────

24        [2] Additionally, the propriety of using requests for admission to gather information about
   discovery is questionable, at best.  "The purpose of Rule 36(a) is to expedite trial by establishing

25 certain material facts as true and thus narrowing the range of issues for trial."  *Asea, Inc. v. Southern
   Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).  The rule is not intended as a discovery

26 device but instead presupposes that the party propounding the requests knows the facts set forth or
   possesses the documents about which the party seeks a concession of genuineness.  *Safeco Ins. Co.*

27 *of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  A request for admission directed to an
   opponent's litigation strategy is improper.  *Honeywell v. Maytag*, 168 F.R.D. 502, 504 (M.D. Pa.

28 1996).  In light of the purposes to be served by RFAs, limiting their application to the claims and
   defenses in a case as opposed to the information regarding the litigation itself seems appropriate.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  agreed to withdraw at least the first two request for admissions, and did not press for any of them.

2  Accordingly, the motion will be denied as to these requests.

3  Finally, American Blind seeks to depose Larry Page regarding the involvement he had, if

4  any, in changes Google made to its trademark policies that are at issue in this action. American

5  Blind has made an adequate showing that good cause exists to permit such a deposition because,

6  among other things, Page's possible personal involvement in the policy changes did not come to full

7  light until August 10, 2006, when a Google witness designated under Rule 30 (b) (6) of the Federal

8  Rules of Civil Procedure disclosed that the policy change was the result of a concern that "I think . .

9  . came from Larry Page."

10  At the hearing, Google argued that there is no relevance to the reasons for, or circumstances

11  surrounding, the policy change; that the only question is whether Google's current policy infringes

12  American Blind's rights. It is likely that under Google's view of the facts and the law, the reasons

13  for the change are indeed irrelevant, given that it apparently contends that neither the former policy

14  nor the present policy give rise to liability. At this point in the proceedings, however, the merits of

15  the parties' respective legal positions have not been determined, and it is possible that the

16  circumstances of the policy change, or things said or considered by Google personnel during that

17  process, would support American Blind's theories. Accordingly, the motion will be granted with

18  respect to the deposition of Larry Page. The deposition, however, shall be limited in scope to Page's

19  knowledge of and involvement in the policy change and shall be limited to three hours.[3]

20

21  [3] Google resists this deposition on procedural grounds, but also suggests that the deposition

22  of Page, a busy, high-level executive, would be inappropriate even if it had been timely noticed. A
party seeking to prevent a deposition carries a heavy burden to show why discovery should be

23  denied, however "courts are sometimes willing to protect high-level corporate officers from
depositions when the officer has no first hand knowledge of the facts of the case or where the

24  officer's testimony would be repetitive." *First United Methodist Church of San Jose v. Atlantic
Mutual Ins. Co.*, 1995 WL 566026, at *2 (N.D. Cal. 1995). Courts generally refuse to allow the

25  immediate deposition of a high level executive, often given the sobriquet "apex deponent," before
the testimony of lower level employees with more intimate knowledge of the case has been secured.

26  *See Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979) (granting protective order for executive
where plaintiff had sought to depose the president of the company before deposing lower level

27  executives); *Baine v. General Motors Corp*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting protective
order for Vice President of General Motors where plaintiff had failed first to depose lower level

28  employees). Here, American Blind is seeking to depose Page only *after* learning from Google's
designated 30 (b) (6) witnesses that he may have relevant first hand information.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONCLUSION

The motion is granted insofar as the deposition of Larry Page, not to exceed three hours, may be taken on the limited topic of his knowledge of and involvement in any changes to Google's trademark policies.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated: September 6, 2006

RICHARD SEEBORG
United States Magistrate Judge

United States District Court
For the Northern District of California

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Ethan B. Andelman     andelmane@howrey.com, gagnons@howrey.com

3  Dawn Beery    dbeery@kelleydrye.com

4  Susan Jean Greenspon     sgreenspon@kelleydrye.com, cplater@kelleydrye.com;
   vallen@kelleydrye.com; sdunlap@kelleydrye.com

5  Ravind Singh Grewal     rsg@kvn.com

6  Klaus Hemingway Hamm     khamm@kvn.com, efiling@kvn.com; wik@kvn.com

7  Ajay Krishnan     akrishnan@kvn.com, efiling@kvn.com; rthomas@kvn.com

8  Mark A. Lemley     mlemley@kvn.com, srosen@kvn.com

9  Michael H. Page    mhp@kvn.com, efiling@kvn.com; sjr@kvn.com; nsn@kvn.com

10  Robert Nathan Phillips     phillipsr@howrey.com, gagnons@howrey.com

11  David A. Rammelt     drammelt@kelleydrye.com, sdunlap@kelleydrye.com

12

13

14  Counsel are responsible for distributing copies of this document to co-counsel who have not
   registered for e-filing under the Court's CM/ECF program.

15

16  **Dated: 9/6/06**                    **Chambers of Judge Richard Seeborg**

17

18                                   **By:** _____/s/ BAK_____

19

20

21

22

23

24

25

26

27

28

C 03-5340 JF (RS)

7