IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

ROSETTA STONE LTD.

    Plaintiff,

v.

GOOGLE INC.

    Defendant.

CIVIL ACTION NO. 1:09cv736
(GBL / TCB)

**DEFENDANT GOOGLE INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COUNT VII
OF ROSETTA STONE'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

                                                                                         **Page**

INTRODUCTION AND RELEVANT BACKGROUND FACTS ................................................. 1

ARGUMENT ........................................................................................................................ 2

COUNT VII SHOULD BE DISMISSED ............................................................................ 2

      A.      The Communications Decency Act Requires Dismissal of Rosetta Stone's Seventh Cause of Action. ............................................................................. 2

      B.      Rosetta Stone's Claim For Unjust Enrichment is Barred By the Applicable Statute of Limitations. ............................................................................... 4

      C.      Rosetta Stone Failed to Allege The Elements of A Claim For Unjust Enrichment Under Virginia Law. .................................................................. 5

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Acorn Structures, Inc. v. Swantz,*
　846 F.2d 923 (4th Cir. 1988) ..................................................................................................6

*Belcher v. Kirkwood*,
　238 Va. 430 (1989) ................................................................................................................4

*Carafano v. Metrosplash.com, Inc.,*
　339 F.3d 1119 (9th Cir. 2002) ................................................................................................3

*Firestone v. Wiley,*
　485 F. Supp. 2d 694 (E.D. Va. 2007) .....................................................................................5

*GIV, LLC v. IBM*,
　2007 WL 1231443 (E.D. Va. 2007)........................................................................................5

*Goddard v. Google, Inc.,*
　640 F. Supp. 2d 1193 (N.D. Cal. 2009) ..................................................................................3

*Harbour Gate Owners' Association v. Berg*,
　232 Va. 98 (1986) ...................................................................................................................4

*Jurin v. Google Inc.,*
　2010 WL 727226 (E.D. Cal. March 1, 2010) .....................................................................3, 4

*Langdon v. Google,*
　474 F. Supp. 2d 622 (D. Del. 2007) ........................................................................................3

*Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc.,*
　591 F.3d 250 (4th Cir. 2009) ..............................................................................................2, 3

*Nedrich v. Jones*,
　245 Va. 465 (1993) ................................................................................................................6

*Parker v. Google, Inc.,*
　422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd,* 242 Fed.Appx 833, 838 (3rd Cir. 2007) ...............3

*Rosetta Stone Ltd. v. Google Inc.,*
　Civ. No. 1:09cv736 (Sept. 18, 2009) ..........................................................................1, 2, 3, 4

*Schmidt v. Household Finance Corp.,*
　276 Va. 108 (2008) ................................................................................................................6

*Tabler v. Litton Loan Servicing, LP,*
　2009 WL 2476532 (E.D. Va. 2009).........................................................................................6

*Tao of Systems Integration, Inc. v. Analytical Services & Materials,*
   299 F.Supp.2d 565 (E.D. Va. 2004) ...................................................................................4, 5

*Wahi v. Charleston Area Med. Ctr. Inc.*,
   562 F.3d 599 (4th Cir. 2009) ...............................................................................................3

## **Statutes**

47 U.S.C. §230..............................................................................................................1, 2, 3

Virginia Code Section 18.2-499 ................................................................................................4

Defendant Google Inc. ("Google") hereby respectfully submits this Memorandum In Support Of Its Motion To Dismiss the Seventh Cause of Action of Plaintiff Rosetta Stone Limited's ("Rosetta Stone") First Amended Complaint ("Amended Complaint" or "Complaint").

## INTRODUCTION AND RELEVANT BACKGROUND FACTS

Rosetta Stone filed its Amended Complaint on March 5, 2010. Although it added a new count for unjust enrichment under Virginia law (Complaint ¶¶ 121-124), Rosetta Stone did not add any new factual allegations. *See* Rosetta Stone's Memorandum In Support Of Plaintiff's Unopposed Motion For Leave To File A First Amended Complaint at 6-7, *Rosetta Stone Ltd. v. Google Inc.*, Civ.No. 1:09cv736 (March 3, 2010). Rosetta Stone's new count is thus based on the same factual allegations of the original complaint—the same allegations that this Court previously found warranted dismissal of one of Rosetta Stone's original state law claims as barred by the Communications Decency Act. *See* Transcript of Motion Hearing at 29-31, *Rosetta Stone Ltd. v. Google Inc.*, Civ. No. 1:09cv736 (Sept. 18, 2009). Rosetta Stone's new state law count must similarly be dismissed under the CDA.

Even without this immunity, however, Count VII must be dismissed because it is barred by the applicable statute of limitations and it fails to allege the required elements of an unjust enrichment cause of action under Virginia law. The purported unjust enrichment claim accrued outside of the three year statute of limitations. Further, Rosetta Stone's allegations based on payments that Google receives for clicked-through advertising created by Rosetta Stone and third parties cannot support a stand-alone claim for unjust enrichment. Neither Rosetta Stone's allegation that Google has knowingly derived "higher payments from Rosetta Stone" than Rosetta Stone wanted to pay, nor its allegation that others paid Google for the display of advertising that Rosetta Stone did not like, (Complaint ¶¶ 122-24), satisfy the requisite elements.

# ARGUMENT

# COUNT VII SHOULD BE DISMISSED

A. **The Communications Decency Act Requires Dismissal of Rosetta Stone's Seventh Cause of Action.**

Rosetta Stone's alleged cause of action for unjust enrichment under Virginia law is barred by the Communications Decency Act of 1996 ("CDA"), which prevents interactive computer service providers from liability arising from their publication of content created by third parties. The heart of Rosetta Stone's purported claim relates to payments Google received for the display of Sponsored Links—payments that Google is entitled to only for advertising that is displayed and clicked on. *Id.* ¶¶ 36-37, 63; *see also* Transcript of Motion Hearing at 30, *Rosetta Stone Ltd. v. Google Inc.*, Civ. No. 1:09cv736 (Sept. 18, 2009). Rosetta Stone complains that such payments are wrongfully retained by Google because (i) Google charges Rosetta Stone more money than Rosetta Stone would like to pay for the Rosetta Stone advertising and (ii) Google receives payments for third-party advertising that Rosetta Stone dislikes. *Id.* ¶¶ 122-24. Because this theory of liability is based on content created by parties other than Google, it cannot give rise to liability under the CDA.

The CDA promotes the continued development of the Internet by providing complete immunity to each "provider or user of an interactive computer service" from liability premised on "information provided by another content provider." 47 U.S.C. §§ 230(c)(1), (e). In support of that goal, the CDA "bar[s] state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties." *Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (citation omitted). "[S]o long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection

2

process." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2002). As this Court previously held in this action, Google is an immune "interactive computer service provider." Transcript of Motion Hearing at 29-31, *Rosetta Stone Ltd. v. Google Inc.*, Civ.No. 1:09cv736 (Sept. 18, 2009).[1]

Rosetta Stone attempts to plead around the robust protections of the CDA by alleging that Google "sold, and continues to sell, Rosetta Stone's trademarks" to third parties. Complaint ¶ 122. However, this argumentative allegation is contradicted by factual allegations elsewhere in Rosetta Stone's Complaint conceding that third-party advertisers, not Google, select the keywords that trigger and the content posted in the Sponsored Links.[2] *Id.* ¶¶ 36, 57. Moreover, Google receives no money from the mere act of a third-party advertiser selecting Rosetta Stone's trademarks as a keyword, which ultimately triggers the display of a Sponsored Link. Google only earns revenue once a search engine user chooses to click on an advertisement created by the advertiser. Complaint ¶¶ 36-37, 63. As this Court recognized, Google passively displays "formatted advertising" based on the content chosen by third-party advertisers. Transcript of Motion Hearing at 30, *Rosetta Stone Ltd. v. Google Inc.*, Civ. No. 1:09cv736 (Sept. 18, 2009). In other words, Google "provides a space and a service and thereafter charges for its service"; it

---

[1] *See also Jurin v. Google Inc.*, 2010 WL 727226, at *5 (E.D. Cal. March 1, 2010) (dismissing claims against Google, including state law claim for unjust enrichment, under § 230); *Goddard v. Google, Inc.* 640 F. Supp. 2d 1193 (N.D. Cal. 2009) (dismissing claims with prejudice against Google under § 230); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006) ("[There is] no doubt that Google qualifies as an 'interactive computer service.'"), *aff'd,* 242 Fed.Appx 833, 838 (3rd Cir. 2007); *Langdon v. Google*, 474 F. Supp. 2d 622, 631 (D. Del. 2007) (dismissing claims against Google under § 230).

[2] Although facts alleged in the complaint must be accepted as true for purposes of a motion to dismiss, the Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *E.g. Nemet Chevrolet* 591 F.3d at 255 (*citing Wahi v. Charleston Area Med. Ctr. Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

does not "sell" trademarks. *Jurin*, 2010 WL 727226 at *4. Put differently, Google simply allows third-party advertisers "to post their digital fliers where they might be most readily received in the cyber-marketplace." *Id.* at *5.

Because Google is an interactive service provider and because third parties—not Google—select the keyword triggers and create the content of advertisements in Google's "Sponsored Links" section, Rosetta Stone's unjust enrichment claim to recover payments Google receives for that advertising is barred by the CDA and should be dismissed, just as its business conspiracy claim under Virginia Code Section 18.2-499 was dismissed. Transcript of Motion Hearing at 29-31, *Rosetta Stone Ltd. v. Google Inc.*, Civ. No. 1:09cv736 (Sept. 18, 2009).

### B. Rosetta Stone's Claim For Unjust Enrichment is Barred By the Applicable Statute of Limitations.

Even if not preempted by the CDA, Count VII is barred by Virginia's three year statute of limitations. *Tao of Systems Integration, Inc. v. Analytical Services & Materials*, 299 F.Supp.2d 565, 576 (E.D. Va. 2004) (holding that three year statute of limitations for claims on oral contracts also applies to unjust enrichment claims) (citing *Belcher v. Kirkwood*, 238 Va. 430, 433 (1989)). A cause of action for unjust enrichment accrues when the alleged unjust enrichment of the defendant actually occurs; that is, at the moment the expected compensation is not paid, not when a party "knew or should have known" of the unjust enrichment. *Tao*, 299 F.Supp.2d at 576 (unjust enrichment accrued the moment the defendants received a benefit from Tao without paying for its value). In other words, it "accrues when a wrongful act or breach of duty occurs, even though actual damage may not occur until a later date." *Harbour Gate Owners' Association v. Berg*, 232 Va. 98, 105 (1986).

The opinion in *GIV, LLC v. IBM*, 2007 WL 1231443 (E.D. Va. 2007), is instructive. There, the defendants were allegedly unjustly enriched by misappropriation and use of the

4

plaintiff's patents. The court found that, assuming misappropriation occurred, the unjust enrichment claim began to accrue when the defendant received and began using plaintiff's intellectual property and know-how without paying for its value. *GIV, LLC*, 2007 WL 1231443 at *3 (citing *Tao*, 299 F.Supp.2d at 576). Because the event *began* more than three years before the plaintiff filed the complaint, the court held the unjust enrichment claim barred, even though defendant's alleged wrongful use continued through the filing of the complaint. *Id.* at *1-4.

Like the *GIV* plaintiff, Rosetta Stone alleges that Google has been wrongfully using its intellectual property, here its trademarks, for more than three years prior to filing this action. Complaint ¶ 44. Thus, assuming that Rosetta Stone could otherwise maintain a claim for unjust enrichment, such a claim accrued when advertising using Rosetta Stone's trademarks was first clicked on in 2004 once the complained of policy went into effect. Because Rosetta Stone's purported claim accrued almost six years ago, it is barred by the applicable three year statute of limitations.

  **C.** **Rosetta Stone Failed to Allege The Elements of A Claim For Unjust Enrichment Under Virginia Law.**

Independently of the CDA and the statute of limitations, Count VII must be dismissed because Rosetta Stone has failed to plead the elements of unjust enrichment under Virginia law. Unlike a damages theory of recovery, a free standing claim for unjust enrichment under Virginia law requires satisfaction of three specific elements: "(1) a benefit conferred on the defendant by the plaintiff, (2) knowledge on the part of the defendant of the conferring of the benefit, and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Firestone v. Wiley*, 485 F.Supp.2d 694, 704 (E.D. Va. 2007) (citations omitted).

Rosetta Stone does not expressly identify what benefit it supposedly conferred on Google. And none is apparent from the face of Rosetta Stone's Complaint except for Rosetta Stone's voluntary payments to Google for advertising, (Complaint, ¶¶ 123-24)—which Rosetta Stone does not allege was not displayed. Further, Rosetta Stone's payments to Google that it now contends were too high, were made pursuant to Google's Terms of Use—a contract that Rosetta Stone has not alleged is invalid or unenforceable. Because it has a valid contract with Google covering the very payments it made, Rosetta Stone cannot maintain an unjust enrichment claim against Google. *Tabler v. Litton Loan Servicing, LP*, 2009 WL 2476532 at *4 (E.D. Va. 2009) (*citing Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988)) (dismissing unjust enrichment claim because it is quasi-contractual in nature and does not allow recovery where an express contract already governs the parties contractual relationship.)

Even assuming for the sake of argument that Rosetta Stone were able to identify an actionable benefit it conferred on Google, Rosetta Stone may not maintain an unjust enrichment claim without pleading sufficient facts to raise the implication that Google promised to pay for the benefit Rosetta Stone provided. *See Schmidt v. Household Finance Corp.*, 276 Va. 108, 116 (2008) (dismissing unjust enrichment claim because plaintiff did not allege facts to raise an implication that defendant promised to pay where allegation was that defendant lender retained money obtained in excess of an actual loan amount) (citing *Nedrich v. Jones*, 245 Va. 465, 476 (1993)). Having failed to allege the required elements of a claim for unjust enrichment under Virginia law, Rosetta Stone's Count VII must fail.

## **CONCLUSION**

Based on the foregoing reasons, the Court should dismiss Count VII of Rosetta Stone's First Amended Complaint.

Respectfully Submitted,

GOOGLE INC.

By counsel

_____/s/_____

Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia  22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

Margret M. Caruso, Esquire (Admitted *Pro Hac Vice*)
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com
*Counsel for Defendant Google Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of March, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following::

>Warren T. Allen II
>Clifford M. Sloan
>Jennifer L. Spaziano
>Skadden, Arps, Slate, Meagher, & Flom, LLP
>1440 New York Avenue, N.W.
>Washington, D.C. 20005-2111
>warren.allen@skadden.com
>cliff.sloan@skadden.com
>jen.spaziano@skadden.com
>*Counsel for Plaintiff Rosetta Stone Ltd.*

>                  /s/

>Jonathan D. Frieden, Esquire (VSB No. 41452)
>Stephen A. Cobb, Esquire (VSB No. 75876)
>ODIN, FELDMAN & PITTLEMAN, P.C.
>9302 Lee Highway, Suite 1100
>Fairfax, Virginia  22031
>(703) 218-2100
>(703) 218-2160 (facsimile)
>jonathan.frieden@ofplaw.com
>stephen.cobb@ofplaw.com

>Margret M. Caruso, Esquire (Admitted *Pro Hac Vice*)
>QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
>555 Twin Dolphin Drive, Fifth Floor
>Redwood Shores, California 94065
>(650) 801-5101
>(650) 801-5100 (facsimile)
>margretcaruso@quinnemanuel.com
>*Counsel for Defendant Google Inc*