**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

_____

ROSETTA STONE LTD.,            )
            )
      Plaintiff,        )
            )
      vs.           )      **Case No. 1:09-cv-00736 (GBL/TCB)**
            )
GOOGLE INC.,            )
            )
      Defendant.      )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO SEAL

Rosetta Stone Ltd. ("Rosetta Stone") and Google Inc. ("Google"), by and through respective undersigned counsel, respectfully submit this Memorandum in Support of their Joint Motion to Seal the following documents:

- Rosetta Stone's Memorandum of Law in Support of its Motion for Partial Summary Judgment as to Liability;

- Declarations of Jennifer L. Spaziano, Eric Eichmann, Van Leigh and Jason Calhoun in Support Thereof;

- Google's and Rosetta Stone's respective responsive and rebuttal briefs to Rosetta Stone's Motion for Partial Summary Judgment as to Liability, and any declarations in support of those responsive or rebuttal briefs;

- Google's Memorandum of Law in Support of its Motion for Summary Judgment;

- Declarations of Margret M. Caruso, Edward A. Blair, Bill Lloyd and Cory Louie in Support Thereof;

- Rosetta Stone's and Google's respective responsive and rebuttal briefs to Google's Motion for Summary Judgment, and any declarations in support of those responsive or rebuttal briefs;

- Google's Memorandum of Law in Support of its Motion to Exclude the Expert Report of Kent D. Van Liere, Ph.D.;

- Declaration of Cheryl A. Galvin in Support Thereof; and

- Rosetta Stone's and Google's respective responsive and rebuttal briefs to Google's Motion to Exclude the Expert Report of Kent D. Van Liere, Ph.D, and any declarations in support of those responsive or rebuttal briefs.

The Joint Motion has been noticed on the public docket as a sealing motion. The Sealing Order is appropriate and necessary to protect confidential information produced by Rosetta Stone and Google in the course of this litigation.

1.      On December 14, 2009, this Court entered an Agreed Protective Order in the above captioned case. (Docket No. 28.) This Agreed Protective Order permits parties in this case to designated certain documents, testimony and other discovery material as "Confidential," "Confidential Attorneys' Eyes Only" and "Restricted Confidential—Source Code" (collectively, "Protected Information"). The Order further provides that any material so designated "shall not be disclosed to any person" not otherwise specifically enumerated in the Order. To that end, Paragraph 3 of the Agreed Protective Order provides that if a receiving party seeks to file Protected Information with the Court, that party shall give the designating party written notice of its intention to do the same and the designating party shall have five business days in which to file with the Court a motion to have the proposed filing under seal.

2.      In its Memorandum of Law in Support of its Motion for Partial Summary Judgment as to Liability and the Declarations in Support Thereof, Rosetta Stone identifies and quotes from documents and testimony designated by Rosetta Stone and Google as Protected Information in accordance with the Agreed Protective Order. These documents and testimony include internal communications, sensitive financial data, and proprietary information, which had been designated as "Confidential" or "Confidential Attorneys' Eyes Only" pursuant to the Agreed Protective Order.

3.      In its Memoranda of Law and the Declarations in Support Thereof, Google also identifies and quotes from documents and testimony designated by Rosetta Stone and Google as Protected Information in accordance with the Agreed Protective Order.   These documents include internal communications, sensitive financial data, highly sensitive technical information, proprietary information and deposition testimony that has been designated "Confidential Attorneys' Eyes Only" pursuant to the Agreed Protective Order.

4.      Because there is not sufficient time to comply with the provisions of the Agreed Protective Order and allow the respective parties the opportunity to file separate motions to seal, Rosetta Stone and Google are filing this Joint Motion consistent with the spirit of the Agreed Protective Order.

5.      Nothing in this Motion shall prevent Rosetta Stone or Google from contending that any documents or information designated by the other as Protected Information have been improperly designated.

6.      In determining whether to grant a motion to seal, courts begin with the assumption that the documents at issue are judicial records subject to public access.   They then engage in a balancing test to determine if the interest in sealing or maintaining the seal on such documents outweighs the public's interest in access to them.   In conducting this balancing test, courts have placed the burden upon the party which seeks to overcome the presumption of public access to show some significant interest that outweighs public access.   The courts have applied a three-part test in deciding whether to seal such documents, as follows:  (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting the decision to seal the documents and for rejecting alternatives.  *See, e.g.*, *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *Stone v. University of Maryland*

*Medical System Corporation*, 855 F.2d 178, 182 (4th Cir. 1988); *In re Knight Publishing Company*, 743 F.2d 231, 235-36 (4th Cir. 1984). *See also*, *United States ex rel. Coughlin v. IBM*, 992 F. Supp. 137, 141 (N. D. N. Y. 1998) (balancing "need for and harm risked by the disclosure sought by Relators"); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995) (court has discretion to maintain seal on pre-intervention documents after "balancing [the requesting party's] need for the sealed documents and the harm to the government risked by disclosure").

      7.    The parties represent that the Protected Information at issue relates to business practices and internal communications that are confidential and proprietary, the public disclosure of which would be harmful to their business interests. Reasonable public notice of the sealing of these documents has been given through the filings in this case. No less restrictive method would adequately preserve the confidential and proprietary nature of the information at issue. Rosetta Stone and Google have publicly filed redacted versions of their respective Memoranda in Support and Declarations in Support Thereof.

      8.    The Agreed Protective Order addresses the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing: "Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the person to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved."

      For the foregoing reasons, Rosetta Stone and Google respectfully request that the Court grant their Joint Motion to Seal and enter the attached Order.

4

Respectfully submitted,

<table>
<tr><td>

_____March 26, 2010_____

Of Counsel:

Mitchell S. Ettinger
(*Pro hac vice*)
Clifford M. Sloan
(*Pro hac vice*)
Jennifer L. Spaziano
(*Pro hac vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000

</td><td>

/s/_____

Warren T. Allen II
Virginia Bar Number 72691
*Attorney for Plaintiff Rosetta Stone Ltd.*
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
(202) 371-7000
(202) 393-5760 (facsimile)
Warren.Allen@skadden.com

</td></tr>
</table>

*Counsel for Plaintiff Rosetta Stone Ltd.*

<table>
<tr><td>

_____March 26, 2010_____

Margret M. Caruso
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
(650) 801-5100 (facsimile)
margretcaruso@quinnemanuel.com

</td><td>

Jonathan D. Frieden (VSB No. 41452)
Odin, Feldman & Pettleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com

</td></tr>
</table>

*Counsel for Defendant Google Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to the following:

> Jonathan D. Frieden
> ODIN, FELDMAN & PETTLEMAN, P.C.
> 9302 Lee Highway, Suite 1100
> Fairfax, VA 22031
> jonathan.frieden@ofplaw.com
>
> *Counsel for Defendant Google Inc.*

Respectfully submitted,

<table>
<tr><td>March 26, 2010</td><td>/s/</td></tr>
<tr><td>Date</td><td>Warren T. Allen II</td></tr>
</table>

_____March 26, 2010_____          /s/_____
              Date                     Warren T. Allen II
                                       Virginia Bar Number 72691
                                       *Attorney for Plaintiff Rosetta Stone Ltd.*
                                       Skadden, Arps, Slate, Meagher & Flom LLP
                                       1440 New York Avenue, N.W.
                                       Washington, D.C. 20005-2111
                                       (202) 371-7000
                                       (202) 393-5760 (facsimile)
                                       Warren.Allen@skadden.com