IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSETTA STONE LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civ. Action No. 1:09-cv-00736(GBL/TCB) |
| ) | |
| GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
ROSETTA STONE LTD.'S MOTION FOR SANCTIONS

# FILED IN PART UNDER SEAL

Rosetta Stone Ltd. ("Rosetta Stone") respectfully submits this Memorandum of Law in Support of its Motion for Sanctions. For the reasons that follow, the motion should be granted.

## INTRODUCTION

On February 4, 2010, this Court ordered Google to produce documents responsive to a number of document requests served by Rosetta Stone (the "February 4 Order"). (Dkt. 54.) Of particular relevance here, the Court ordered Google to produce documents responsive to Rosetta Stone's Request No. 77, (Ex. 1 at 36:7-9), which called for:

> All documents relating to consumer or user confusion related in any way to Google's Sponsored Links, Google's Advertising Program and/or the use of Keywords in search engines, including surveys conducted by or for Google relating to the sale, marketing, promotion, offering, designation, use, or inclusion of Keywords by Google in any way. This Request specifically includes draft surveys and survey results relating to the potential for likelihood of consumer confusion arising out of the sale, marketing, promotion, offering, designation, use, or inclusion of trademarks as Keywords or designated search terms in Google's Advertising Programs.

(Ex. 2.) The only documents excluded from the scope of the Court's order were those maintained in Google's Trax system, which Google represented would be unduly burdensome to search. (*See* Ex. 1.)[1]

At the time of the February 4 Order, Google had produced ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ██ ████████████████████████████████████████ ████████████████████████████████████████

---

[1] Exhibits referenced herein are attached to the Declaration of Jennifer L. Spaziano in Support of Rosetta Stone's Motion for Sanctions.

By letter dated March 8, 2010, Rosetta Stone asked Google to confirm that it had produced "all documents, other than those maintained only in Google's Trax system, that are responsive to Request Nos. 18, 19, 20, 21, 22, 23, 76, 77, 78, 79 and 93." (Ex. 7.) By letter dated March 10, 2010, Google expressly confirmed, with respect to each of these requests, that it had "produced all non-privileged responsive documents that it has been able to locate after a reasonably diligent search. Google is not aware of other responsive material." (Ex. 8.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Nevertheless, on April 9, 2010, in support of its opposition to Rosetta Stone's motion for partial summary judgment, Google submitted to the Court ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Dkt. 151.) These three documents were attached to the declaration of Kris Brewer, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

As discussed above, these documents were not produced to Rosetta Stone during the course of discovery even though they were required to be produced under the February 4 Order and even though Google counsel expressly confirmed that Google had "produced all non-privileged responsive documents that it has been able to locate after a reasonably diligent

2

search." (Ex. 8.) Nor did Google produce documents bearing the Bates range GOOG-RS-0494057 through GOOG-RS-0494128.

In fact, Google did not produce documents within this bates range, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ until the afternoon of April 14, 2010, when counsel for Rosetta Stone advised counsel for Google of its intention to file this motion. (*See* Ex. 9.) Although Google's counsel advised that the failure to produce the documents in advance of the April 9, 2010 filing was due to inadvertent oversight, Google's counsel acknowledged that the documents were identified *after* the close of discovery and in connection with Google's preparation of its opposition to Rosetta Stone's motion for summary judgment. As discussed herein, irrespective of when these documents were intended to be produced to Rosetta Stone, Google's failure to identify these documents for production until Google wanted to use them to oppose Rosetta Stone's motion for summary judgment demonstrates Google's failure to comply with the February 4 Order with respect to Request No. 77, and raises serious questions about Google's compliance with its other discovery obligations in this case.

As a result of Google's violation of the February 4 Order, Rosetta Stone requests that the Court reject Google's attempt to dispute Undisputed Fact 20 and direct that Undisputed Fact 20 be taken as established for purposes of this action: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In addition, Rosetta Stone requests that the Court order Google to certify, under oath, that it has complied with the February 4 Order in all respects and to provide the details of all actions taken to comply with the Order. If Google is not able to so certify immediately, Rosetta Stone requests

all relief necessary to avoid prejudice to Rosetta Stone. Finally, Rosetta Stone seeks its reasonable expenses, including attorney's fees, caused by Google's failure to comply with the February 4 Order.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37(D), sanctions may be imposed where a party fails to comply with a discovery order entered by the Court. *See* Fed. R. Civ. P. 37(b)(2); E.D. VA. R. 37(D). Sanctions for failure to comply with a discovery order may include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### I. GOOGLE FAILED TO COMPLY WITH THE FEBRUARY 4 ORDER

Rosetta Stone has met the standard for imposing sanctions on Google. As noted above, on February 4, 2010, this Court ordered Google to produce "all documents relating to consumer or user confusion related in any way to Google's Sponsored Links, Google's Advertising

Program and/or the use of Keywords in search engines." (*See* Exs. 1 and 2.) The Court also ordered Google to produce:

(i) Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of the term "Sponsored Link" as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs (Request No. 26)

(ii) Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning ways in which Internet users distinguish between Sponsored Links and natural (organic) search results, including but not limited to Studies that test the effect of any language, colors, design elements, placement, or disclaimers on such Sponsored Links and natural (organic) search results (Request No. 27)

(iii) All documents analyzing or reporting on the effect on consumers of the layout, design or wording of the results page that a consumer sees after conducting a Google search, including without limitation the selection of the fonts, the colors, the placement of ads and the use of Sponsored Links to denote paid advertisement (Request No. 28)

(iv) Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of any trademark as a Keyword in one of Google's Advertising Programs (Request No. 29)

(v) All documents relating to consumer or user understanding or perception of Google's Sponsored Links, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions. (Request No. 76)

(vi) All documents relating to consumers' ability, or lack thereof, to recognize Google's Sponsored Links as paid advertisements, including but not limited to research or analysis conducted by or for Google on such understandings and perceptions. (Request No. 78)

(*Id.*) These requests go to the heart of Rosetta Stone's trademark infringement claims – consumer confusion arising from Google's use of trademarks as keyword triggers for Sponsored Links and Google's knowledge of the same. *See PETA v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).

5

Google does not contest the relevance of these documents. To the contrary, at the February 4, 2010 hearing, Google counsel expressly stated: "Right, and we agreed that that's relevant, general studies, and that's why we have agreed to produce them." (Ex. 1 at 41:13-15; *see also id.* at 14:15-22 ("It's important, I think, to understand when we say we're not using these third party-type documents it doesn't mean they're not getting any general studies, any general policy, reasoning, any policies. All of these things that Google has done with respect to trademarks generally speaking, it has agreed to provide and has provided mostly, still in the process of production.").)

Notwithstanding Google's recognition of the relevance of these documents, its assertion that these documents would be produced and the Court's order requiring that they be produced, Google produced very few documents responsive to Request Nos. 26-29 and 76-78. Many of the documents that Google did produce in response to these critical requests had been produced in connection with earlier litigations involving other parties as they bear exhibit labels from previously conducted depositions and multiple bates ranges. (*See, e.g.*, Exs. 3-6.) Such documents, moreover, were designated as "Confidential Attorney's Eyes Only," precluding their filing on the public record and limiting distribution within Rosetta Stone to a single in-house counsel. (*Id.*) Accordingly, Google considers these documents to be business sensitive and proprietary materials and presumably maintains them within its own files in a segregated manner to ensure their confidentiality.

The paucity and incomplete nature of Google's document production prompted Rosetta Stone to query whether Google had complied with the February 4 Order. First, on February 22, 2010, three days after the deadline for compliance with the Order, Rosetta Stone wrote to Google and identified perceived deficiencies in its production. (Ex. 10.) In response to that inquiry,

Google represented with respect to Request No. 77 (and many others) that "Google has produced documents responsive to the [requests], excluding those documents maintained only in Google's Trax system." (Ex. 11.) Unconvinced that Google had complied with the Court's order, on March 8, 2010, Rosetta Stone again wrote to Google to request confirmation that Google, in fact, had complied with the Court's discovery order:

> In addition to the above, please confirm that Google has produced all documents, other than those maintained in Google's Trax system, that are responsive to Request Nos. 18, 19, 20, 21, 22, 23, 76, 77, 78, 79 and 93. We have received only a nominal number of documents responsive to these requests overall and none prior to 2004. We remind Google that the Court's Order requires the production of all responsive documents, other than those maintained in Google's Trax system, going back to 2002. (02/04/10 Hearing Tr. at 36:9-10).

(Ex. 7.) On March 10, 2010, Google's counsel confirmed that all responsive documents had been produced:

> With respect to Request Nos. 18, 19, 20, 21, 22, 23, 76, 77, 78, 79 and 93, Google has produced all non-privileged responsive documents that it has been able to locate after a reasonably diligent search. Google is not aware of other responsive material.

(Ex. 8). Based upon this representation, Rosetta Stone concluded that it had no basis to pursue further the requests that had been the subject of the February 4 Order.

On March 26, 2010, Rosetta Stone filed its Motion for Partial Summary Judgment as to Liability. (Dkt. 103-111.) In its memorandum of law in support of its motion, Rosetta Stone referenced certain of the materials responsive to Requests Nos. 26-29 and 76-78. 

On April 9, 2010, Google filed its Opposition to Rosetta Stone's Motion for Partial Summary Judgment. (Dkt. 153.). Google included in its papers the Brewer declaration, █████████████████████████████████████████████████████████████████████████████████████████████████████ As noted above, not one of the documents attached to the Brewer declaration previously had been produced by Google in this litigation. ███████████████████████████████████████████████████

███████████ There thus can be no argument that the subject documents were responsive to the Court's order and should have been produced.

## II.     ROSETTA STONE HAS BEEN PREJUDICED BY GOOGLE'S CONDUCT

Google's failure to provide the subject documents has prejudiced Rosetta Stone because

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████
              ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

8

██████████████████████████████████████████████████
████████
     ████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████

Rosetta Stone should have had the Brewer documents –████████████████████
████████████████████████████████ – when it deposed Google's witnesses, including Google's Rule 30(b)(6) witnesses████████████████████████████ Instead, forced to conduct the depositions without knowledge of the specifics of████████ Rosetta Stone was unable to examine any of Google's witnesses about these highly relevant documents. Rosetta Stone also should have had these documents when drafting its Motion for Summary Judgment and its opposition to Google's Motion for Summary Judgment in order to provide context for██████████████████████████████████ And Rosetta Stone should have had these documents when it prepared its opposition to Google's motion to strike Rosetta Stone's expert witness to demonstrate that ████████████
█████████████████████
████████████ Unfortunately, Rosetta Stone did not have these documents during any of

9

these critical periods in this case because Google did not produce them, in violation of its discovery obligations and the February 4 Order.

III. **GOOGLE'S CONDUCT RAISES SERIOUS QUESTIONS REGARDING ITS COMPLIANCE WITH THE FEBRUARY 4 ORDER**

As noted above, Rosetta Stone has expressed concerns to Google regarding the sufficiency of Google's production and repeatedly has been assured that Google has complied with the February 4 Order. (*See* Exs. 7, 8, 10, 11.) The fact that Google readily identified additional documents responsive to the February 4 Order when it believed the documents advanced Google's position vis-a-vis summary judgment raises serious questions regarding Google's efforts to search for and produce other documents called for by the Order.

For example, as noted above, Request Nos. 26, 27, 28 and 29 called for documents relating to studies conducted by Google relating to consumer understanding of Sponsored Links. ██████████████████████████████████████████████████████████████ Rosetta Stone raised this issue in its March 8 letter and asked Google to "produce these documents as soon as possible or confirm that the studies did not relate in any way to Google's trademark policies. In addition, please confirm that all other responsive documents have been produced." (Ex. 7.) On March 10, 2010, Google responded:

██████████████████████████████████████████ We are thus unable to determine

whether those documents are even responsive, and are not otherwise aware of any other responsive documents.

(Ex. 8.) Google's recent production raises questions regarding the sufficiency of Google's search for documents relating to ███████████████████████████████████

It also raises questions regarding Google's search for documents related to studies more generally. In this regard, ███████████████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

The questions regarding Google's production are not limited to its production of documents related to studies. Request No. 7 called for "[a]ll documents relating to any senior executive or board meeting, including but not limited to Board of Directors meetings, Executive Management Group meetings, and GPS meetings at which Google's trademark policy or any lawsuit related to that policy was discussed. Such documents shall include, but not be limited to, minutes, notes, or reports of meetings." (Ex. 2.) By letter dated February 22, Rosetta Stone notified Google that its February 19 production did not contain *any* minutes, notes or reports of such meetings. (Ex. 10.) By email dated February 22, Google advised that "[o]nly one set of minutes had responsive information. Google is producing a redacted version of those minutes today." (Ex. 11; *see also* Ex. 14.) Thereafter on March 8, 2010, Rosetta Stone advised Google

11

that it had received ████████████████████████ ████████ and asked Google to "confirm that no other responsive minutes exist." (Ex. 7.) On March 10, 2010, Google confirmed that it "has produced all non-privileged documents responsive to Rosetta Stone's request that it has been able to locate after a reasonably diligent search. With respect to meeting minutes, we are aware of no others that are responsive to this request." (Ex. 8.) It is difficult to accept that Google's trademark policies, which were the subject of two significant policy changes, an SEC disclosure, multiple lawsuits, extensive press coverage and tens of thousands of complaints, were addressed in just a single set of minutes.[2]

In short, the impact of Google's recent conduct extends beyond the 129 pages of documents that Google identified last week. Indeed, Google's ability to readily identify these

---

[2] Notably, although the February 4 Order required Google to produce all trademark complaints other than those maintained in the Trax system, Google resisted producing such documents. (Ex. 1 at 35:21-36:1, Ex. 2 (Request 10).) Initially, Google did not produce the trademark complaints and instead produced "a spreadsheet that contains information about every trademark complaint Google has received and logged." (Ex. 11.) In connection with this production, Google represented to Rosetta Stone that "there is limited additional information related to each of these entries, exemplars of which have also been produced." (*Id.*) Rosetta Stone insisted that Google produce the trademark complaints as ordered by the Court, and Google advised Rosetta Stone that it would "reserve[] its right to seek fees and costs associated with the collection effort" and asked Rosetta Stone to confirm whether it wanted "the additional documentation." (Ex. 15 at 2.) Rosetta Stone again insisted that Google produce the complaints, noting that the spreadsheet "does not include the substance of the complaints that were submitted to Google" and reminding Google that it was under Court order – at its expense – to produce the trademark complaints. (*Id.* at 1.) ████████████████████████████████████████████████████████████████

documents when it needed them suggests that the searches initially employed by Google were not sufficient to identify documents responsive to Rosetta Stone's document requests.[3]

## IV.  GOOGLE'S CONDUCT WARRANTS THE REQUESTED SANCTIONS

In this Circuit, a four-part test is used to determine what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Foundation for Advancement, Education, and Employment of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (affirming entry of default judgment as sanction for discovery abuse).

Applying these factors to the present case compels the conclusion that the relief requested by Rosetta Stone is appropriate. First, Google's conduct reflects bad faith. On March 10, Google represented that it had conducted a "reasonably diligent search" for documents

---

[3] Rosetta Stone is not the first litigant to raise questions regarding Google's compliance with its discovery obligations. In a similar case brought by American Airlines, American Airlines sought an order striking Google's answer as a result of Google's discovery violations there, advancing arguments that apply with equal force to Rosetta Stone here:

> At this point, with the deadline for summary judgment passed, the discovery period nearly over, and trial just three months away, Google's strategy has worked as planned to inflict irreparable damage to American's prosecution of its case against Google. Google's withholding of information has resulted in American's not being able to use relevant, discoverable, and properly-requested information in the depositions taken to date, or in the written discovery propounded to Google. These opportunities are forever lost to American. American also has not been able to incorporate the withheld discovery in its expert analyses on confusion or damages, and has been denied the opportunity to learn whether additional experts are needed. American also has been denied the right to use Google's withheld information in a summary judgment motion of its own or to oppose Google's currently filed motion for summary judgment. American has had to make irreversible strategy calls on the limited information that Google chose to parcel out. The time for Google to cure its misdeeds has passed.

(Ex. 16 at 14.) The court did not get a chance to rule on American Airlines' request for sanctions as the case was voluntarily dismissed within days of the request. (Ex. 17.)

responsive to Request No. 77 and had produced all non-privileged responsive documents. When it needed to respond to Rosetta Stone's motion for summary judgment, however, it had no difficulty identifying additional documents responsive to this request which it used to support its opposition.

Significantly, Rosetta Stone's motion for summary judgment was filed on March 26, 2010, and Google's opposition was filed on April 9, 2010, allowing just a two-week period for Google to search for, identify and incorporate into its opposition the subject documents. That Google was able to do so demonstrates that these documents were not difficult to locate. ███████████████████████████████████████████████ ███████████████████████████████████████████ Google cannot reasonably assert that these documents would not have been captured had a "reasonably diligent search" in fact been conducted.

Second, Google's non-compliance has prejudiced Rosetta Stone. As discussed above, the documents at issue support Rosetta Stone's position that ███████████████████████ ███████████ and Rosetta Stone was not able to use them (i) in deposing Google's witnesses; (ii) in moving for and opposing summary judgment; or (iii) in opposing Google's motion to strike the opinions and report of Kent D. Van Liere. In addition, Rosetta Stone justifiably relied on Google's representation that it had conducted a reasonably diligent search and produced all responsive documents with respect to confusion studies and did not seek relief with respect to other categories of documents that appeared to be insufficient. To the extent Google has failed to comply with the February 4 Order in any other respect, Rosetta Stone is prejudiced by not having the benefit of such documents during discovery, summary judgment briefing and pretrial preparations.

14

Third, there is a need to deter litigants from failing to comply with court orders and then using responsive, but unproduced, documents to support their positions. There also is a need to deter litigants from making unwarranted representations regarding the sufficiency of their productions. This type of behavior obviously places the opposing party in the position of proceeding in the litigation without knowledge that relevant, discoverable documents may be available.

Finally, the sanctions sought by Rosetta Stone are appropriate in light of Google's conduct. Rosetta Stone requests that (i) the Court deem as established the fact that Google attempts to dispute with the subject documents, (ii) Google be required to certify, under oath, its compliance with the February 4 Order and provide the details of all actions taken to comply with the Order, and (iii) Rosetta Stone be awarded reasonable expenses caused by Google's conduct. *See Wu v. Tseng*, No. 2:06cv580, 2008 WL 4360990 (E.D. Va. Sept. 22, 2008) (awarding evidentiary sanction prohibiting defendant from introducing certain evidence at trial). These sanctions are narrowly tailored to address the harm caused by Google's conduct and less drastic sanctions would not be effective.

## CONCLUSION

For the foregoing reasons, Rosetta Stone respectfully requests that the Court grant its motion for sanctions and:

(i) Direct that the following facts be taken as established for purposes of this action: ███████████████████████████████████████████████

(ii) Require Google to certify, under oath, that it has complied with the February 4 Order in all respects and provide the details of all actions taken to comply with the Order.

(iii) Require Google to pay Rosetta Stone's reasonable expenses, including attorney's fees, caused by Google's failure to comply with the February 4 Order.[4]

Respectfully submitted,

| | |
|---|---|
| __April 16, 2010__ | /s/ |
| Of Counsel: | Warren T. Allen II |
| Mitchell S. Ettinger | Virginia Bar Number 72691 |
| (*Pro hac vice*) | *Attorney for Plaintiff Rosetta Stone Ltd.* |
| Clifford M. Sloan | Skadden, Arps, Slate, Meagher & Flom, LLP |
| (*Pro hac vice*) | 1440 New York Avenue, N.W. |
| Jennifer L. Spaziano | Washington, D.C. 20005-2111 |
| (*Pro hac vice*) | (202) 371-7000 |
| Skadden, Arps, Slate, Meagher & Flom, LLP | (202) 393-5760 |
| 1440 New York Avenue, N.W. | wtallen@skadden.com |
| Washington, D.C. 20005-2111 | |

---

[4] Rosetta Stone will submit a declaration setting forth expenses incurred through April 22, 2010, in advance of the hearing on this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

>Jonathan D. Frieden
>ODIN, FELDMAN & PETTLEMAN, P.C.
>9302 Lee Highway, Suite 1100
>Fairfax, VA 22031
>jonathan.frieden@ofplaw.com
>
>*Counsel for Defendant, Google Inc.*

True and correct copies of documents filed under seal will be sent electronically to:

>jonathan.frieden@ofplaw.com
>margretcaruso@quinnemanuel.com

| April 16, 2010 | /s/ |
|---|---|
| Date | Warren T. Allen II (Va. Bar No. 72691) |
| | Attorney for Rosetta Stone Ltd. |
| | Skadden, Arps, Slate, Meagher & Flom LLP |
| | 1440 New York Avenue, N.W. |
| | Washington, D.C. 20005-2111 |
| | Telephone: (202) 371-7000 |
| | Facsimile: (202) 393-5760 |
| | Warren.Allen@skadden.com |